IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EAST RIVER ELECTRIC POWER COOPERATIVE, INC.,<br><br>Defendant. | Civil Action File No. 4:20-cv-4192<br><br>(Removed from Third Judicial Circuit Court, State of South Dakota, County of Lake, No. 39 CIV. 20-108) |

## NOTICE OF REMOVAL

Defendant East River Electric Power Cooperative, Inc. ("East River") hereby removes the above-captioned action from the Third Judicial Circuit Court, South Dakota, to the United States District Court for the District of South Dakota, Southern Division, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446. Removal is proper on the following grounds:

1. Plaintiff Dakota Energy Cooperative, Inc. ("Dakota Energy") commenced this action in the Third Judicial Circuit Court of South Dakota by filing a Complaint for Anticipatory Breach of Contract, Declaratory Relief, and Jury Trial Demand (the "Complaint") against East River. East River was served with a copy of the Summons and Complaint on November 10, 2020.

2. Dakota Energy is a South Dakota electric distribution cooperative with its principal place of business in Beadle County, South Dakota.

1

3. East River is a South Dakota electric generation and transmission ("G&T") cooperative with its principal place of business in Lake County, South Dakota. As a G&T, East River delivers wholesale power to Dakota Energy and other electric distribution cooperatives that are members of East River. East River has outstanding loans and loan guarantees with the Rural Utilities Service ("RUS"), an agency of the federal government that finances the construction of electric distribution, generation, and transmission facilities used to provide electric service in rural areas.

4. Dakota Energy is a member of East River and purchases all its power from East River pursuant to a long-term, all-requirements Wholesale Power Contract ("WPC"). The original (1995) WPC between the parties was for a term of 43 years, through December 31, 2038. (Compl. Ex. 2 at 8.) In 2006, the parties extended the term to December 31, 2058, and in 2015, to December 31, 2075. (*Id.* at 31, 34.) Dakota Energy is now seeking to withdraw from East River and terminate the WPC several decades before the contract term expires so that it can buy power elsewhere. In its Complaint, Dakota Energy alleges that East River is wrongfully preventing it from withdrawing from membership in East River and terminating its WPC early, and asserts claims for anticipatory breach of contract and declaratory judgment.

**I.   Removal Is Proper Because This Court Has Subject-Matter Jurisdiction Pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1).**

5. East River removes this case under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Removal is proper under 28 U.S.C. § 1442(a) where: "(1) a defendant has acted under the direction of a federal officer, (2) there was a causal

connection between the defendant's actions and the official authority, (3) the defendant has a colorable federal defense to the plaintiff's claims, and (4) the defendant is a 'person,' within the meaning of the statute." *Jacks v. Meridian Res. Co.*, 701 F.3d 1224, 1230 (8th Cir. 2012).  Unlike the analysis to be undertaken with respect to other removal statutes, the federal officer removal statute "must be liberally construed." *Id.* (quoting *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007)) (internal punctuation omitted).  Because East River satisfies each of the elements of federal officer removal, this action is one over which this Court has removal jurisdiction pursuant to 28 U.S.C. § 1442(a).

6. First, East River satisfies the "acting under" element. The "acting under" requirement involves "an effort to *assist,* or to help *carry out,* the duties or tasks of the federal superior." *Jacks*, 701 F.3d at 1230 (quoting *Watson*, 551 U.S. at 152).  Congress passed the Rural Electrification Act of 1936 ("RE Act") in order to bring electricity to rural areas of the country. *Salt River Project Agric. Improvement & Power Dist. v. Fed. Power Comm'n*, 391 F.2d 470, 473 (D.C. Cir. 1968).  "To this end [RUS] makes long-term low-interest loans to approved non-profit cooperatives." *Id*.  Through such loans, the federal government "funds its objective of providing rural electricity through . . . cooperatives . . . . These rural electric cooperatives exist to provide a public function conceived of and directed by the federal government." *Caver v. Cent. Ala. Elec. Coop.*, 845 F.3d 1135, 1143-44 (11th Cir. 2017) (acknowledging that cooperatives assist RUS "by performing a job that, in the absence of a contract with a private firm, the Government itself would have had to perform" (citation and internal punctuation omitted)).  As one court of appeals has stated, "rural electric cooperatives are something

more than public utilities; they are instrumentalities of the United States. They were chosen by Congress for the purpose of bringing abundant, low cost electric energy to rural America." *Ala. Power Co. v. Ala. Elec. Coop., Inc.*, 394 F.2d 672, 677 (5th Cir. 1968) (citation and internal punctuation omitted). Thus, East River, like other electric cooperatives, "helps assist or carry out the duties of RUS and works closely with RUS to fulfill the congressional objective of bringing electricity to rural areas . . . ." *Caver,* 845 F.3d at 1144 (affirming removal under federal officer removal statute). East River thus meets the "acting under" requirement.

7. Second, to satisfy the causal connection requirement, East River must establish a causal relationship between the acts complained of and the federal government. As recognized by the Eighth Circuit, this hurdle is "quite low." *See Jacks*, 701 F.3d at 1230 & n.3 (quoting *Isaacson v. Dow Chem. Co.,* 517 F.3d 129, 137 (2d Cir. 2008)). Pursuant to RUS regulations and long-standing RUS policy, before extending loans and loan guarantees to a G&T (like East River), RUS requires the G&T to enter into long-term, all-requirements contracts with each of its member distribution cooperatives. *See generally Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc.*, 805 F.2d 351, 353 (10th Cir. 1986). Such contracts "guarantee a complete payback of the loans." *Id.* The requirements contracts between a G&T and its member cooperatives "are not simple requirements contracts but rather interdependent, joint and mutual contracts with a common purpose of securing the [RUS] loans and thereby effectuating the [RUS] policy." *Id.* at 358. Such contracts are "a basic and

important element of the rural electrification system." *United States v. Sw. Elec. Coop., Inc.*, 663 F. Supp. 538, 543 (S.D. Ill. 1987).

8. In accordance with this policy, RUS required East River to enter into the WPC with Dakota Energy (and similar WPCs with East River's other member distribution cooperatives) to serve as collateral for RUS loans and loan guarantees and to assure that the purposes of the RE Act are carried out. This is reflected in the East River-Dakota Energy WPC. (*See* Compl. Ex. 2 at 3 ("[T]he Government is relying on this Agreement . . . to assure that the Notes [evidencing the indebtedness created by the loans and loan guarantees] are repaid and the purposes of the Rural Electrification Act of 1936, as amended, are carried out . . . [T]his Agreement and payments due to East River under this Agreement shall be pledged and assigned to secure the Notes.").)

9. Dakota Energy has sued East River because East River declined Dakota Energy's request for a buy-out dollar amount that would allow it to withdraw as a member and terminate the WPC decades before the end of the contract term. (*See* Compl. ¶¶ 30, 37.) East River satisfies the causal connection requirement because East River's challenged conduct—declining a request that would result in termination of a contract required by RUS and pledged as security for repayment of RUS loans and loan guarantees—relates to acts taken under color of federal office, including long-standing RUS policy, RUS regulations, and the provisions of RUS and RUS-approved contracts. Additionally, East River's challenged conduct relates to acts taken under the terms of its loan contract with RUS, which obligates East River, among other things, not to take any action that would materially impair the value of any WPC. Allowing Dakota Energy to

5

terminate the WPC and its ongoing payment obligations thereunder would have been contrary to East River's contractual commitments to RUS.  Thus, East River meets the "low hurdle" causal connection requirement.

        10.     Third, East River satisfies the colorable federal defense element of 28 U.S.C. § 1442(a)(1).  "In construing the colorable federal defense requirement, we have rejected a 'narrow, grudging interpretation' of the statute. . . . We therefore do not require the officer virtually to 'win his case before he can have it removed.'"  *Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)); *see also United States v. Todd,* 245 F.3d 691, 693 (8th Cir. 2001) ("For a [federal] defense to be considered colorable, it need only be plausible; § 1442(a)(1) does not require a court to hold that a defense will be successful before removal is appropriate.").  East River has a colorable defense of preemption.  The issues in this case will necessarily involve federal statutes and regulations applicable to cooperatives, like East River, that have outstanding loans and loan guarantees with RUS.  Furthermore, Dakota Energy alleges that in not permitting it to terminate the WPC early, East River violated South Dakota law.  (Compl. ¶¶ 30, 37.)  Thus, East River is faced with the impossibility of complying with RUS regulations, policy, and contractual covenants while also complying with South Dakota law as Dakota Energy interprets it.  Additionally, South Dakota law as asserted by Dakota Energy poses an obstacle to the accomplishment of congressional objectives as set forth in the RE Act, RUS regulations, the RUS-required WPC, and the provisions of East River's loan contract with RUS.  East River also has a colorable defense of official justification: it should not be subject to

liability for carrying out long-standing RUS policies and goals and complying with the terms of its contract with RUS. Thus, East River satisfies the colorable federal defense element.

11. Finally, East River is a "person" for purposes of 28 U.S.C. § 1442(a). *Jacks*, 701 F.3d at 1230 n.3 (recognizing that "person" contemplated by statute includes corporations).

## II. All Procedural Requirements for Removal Have Been Satisfied.

12. This Notice of Removal was filed within 30 days after November 10, 2020, the date of service on East River of a copy of the initial pleading setting forth the claim for relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

13. Jurisdiction is founded on the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which grants federal courts jurisdiction over suits against a person acting under a federal officer.

14. Venue is proper in this Court because the Third Judicial Circuit Court of South Dakota is located within the District of South Dakota, Southern Division. *See* 28 U.S.C. § 1441(a).

15. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and all other process, pleadings, and orders served upon East River to date are attached hereto as Exhibit A.

16.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Dakota Energy.  A copy is also being filed with the Clerk of Court, Third Judicial Circuit Court, South Dakota.

17.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Dated December 7, 2020.

LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

/s/ Dana Van Beek Palmer
Dana Van Beek Palmer
Michael L. Luce
R. Alan Peterson
110 N. Minnesota Avenue, Suite 400
Sioux Falls, SD 57104
Telephone:  (605) 332-5999
E-mails: dpalmer@lynnjackson.com
         mluce@lynnjackson.com
         rpeterson@lynnjackson.com

James A. Orr (*pro hac vice* to be submitted)
Tracey K. Ledbetter (*pro hac vice* to be submitted)
Eversheds Sutherland (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
Telephone:  (404) 853-8000
E-mails: jamesorr@eversheds-sutherland.com
         traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendant East River Electric Power Cooperative, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on December 7, 2020, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system in the United States District Court for the District of South Dakota, and copies were served on the following attorneys of record by electronic mail:

| | |
|---|---|
| Lee Schoenbeck<br>Joseph Erickson<br>Schoenbeck Law, PC<br>PO Box 1325<br>Redlin Art Center<br>1200 Mickelson Dr., #310<br>Watertown, SD 57201<br>Telephone: (605) 886-0010<br>E-mails: lee@schoenbecklaw.com<br>joe@schoenbecklaw.com<br>*Attorneys for Plaintiff* | Peter W. Herzog III<br>Joel S. Neckers<br>Michele O. Choe<br>Wheeler Trigg O'Donnell LLP<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202<br>Telephone: (303) 244-1800<br>E-mails: pherzog@wtotrial.com<br>neckers@wtotrial.com<br>choe@wtotrial.com<br>*Attorneys for Plaintiff, admitted PHV* |

*/s/ Dana Van Beek Palmer*
Dana Van Beek Palmer

JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAKOTA ENERGY COOPERATIVE, INC.

**(b)** County of Residence of First Listed Plaintiff **Beadle County, SD**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See attachment.

## DEFENDANTS
EAST RIVER ELECTRIC POWER COOPERATIVE, INC.

County of Residence of First Listed Defendant **Lake County, SD**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
See attachment.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1442(a)

Brief description of cause:
Breach of contract action arising from attempt to terminate cooperative's long-term, all requirements power contract

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: December 7, 2020
SIGNATURE OF ATTORNEY OF RECORD: */s/ Nama V B Ruhn/*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## ATTACHMENT TO CIVIL COVER SHEET

*Dakota Energy Cooperative, Inc.*
*v.*
*East River Electric Power Cooperative, Inc.*

### I.     Attorneys

| *Attorneys for Plaintiff*: | *Attorneys for Defendant*: |
|---|---|
| Lee Schoenbeck<br>Joseph Erickson<br>SCHOENBECK LAW, PC<br>P.O. Box 1325<br>Redlin Art Center<br>1200 Mickelson Dr., #310<br>Watertown, SD 57201<br>Telephone:  (605) 886-0010<br>Facsimile:   (605) 886-0011<br>lee@schoenbecklaw.com<br>joe@schoenbecklaw.com<br><br>----------<br><br>Peter W. Herzog III<br>         (*pro hac vice* to be submitted)<br>Joel S. Neckers<br>         (*pro hac vice* to be submitted)<br>Michele O. Choe<br>         (*pro hac vice* to be submitted)<br>WHEELER TRIGG O'DONNELL LLP<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202<br>Telephone:  (303) 244-1800<br>Facsimile:   (303) 244-1879<br>pherzog@wtotrial.com<br>neckers@wtotrial.com<br>choe@wtotrial.com | Michael L. Luce<br>R. Alan Peterson<br>Dana Van Beek Palmer<br>LYNN, JACKSON, SHULTZ & LEBRUN, P.C.<br>110 N. Minnesota Avenue, Suite 400<br>Sioux Falls, SD 57104<br>Telephone:  (605) 332-5999<br>Facsimile:   (605) 332-4249<br>mluce@lynnjackson.com<br>rpeterson@lynnjackson.com<br>dpalmer@lynnjackson.com<br><br>----------<br><br>James A. Orr<br>         (*pro hac vice* to be submitted)<br>Tracey K. Ledbetter<br>         (*pro hac vice* to be submitted)<br>EVERSHEDS SUTHERLAND (US) LLP<br>999 Peachtree Street, NE, Suite 2300<br>Atlanta, GA 30309-3996<br>Telephone:  (404) 853-8000<br>Facsimile:   (404) 853-8806<br>jamesorr@eversheds-sutherland.com<br>traceyledbetter@eversheds-sutherland.com |