## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC., | Case 4:20-cv-04192-LLP |
| Plaintiff, | |
| v. | **PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM** |
| EAST RIVER ELECTRIC POWER COOPERATIVE, INC., | |
| Defendant. | |

Dakota Energy Cooperative, Inc. ("Dakota Energy"), by and through its counsel of record, hereby submits its Answer and Affirmative Defenses to the Counterclaim for Declaratory Relief of Defendant East River Electric Power Cooperative, Inc. ("East River") as follows:

### ANSWER

Dakota Energy responds to the individually-numbered paragraphs of the Counterclaim as follows[1]:

1.      Dakota Energy admits that East River purports to seek a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, but denies that East River correctly describes the actual controversy between the parties or is entitled to any of the relief requested.  Except as expressly admitted, Dakota Energy denies the allegations in paragraph 1.

---

[1] Dakota Energy repeats the section headings from East River's Counterclaim for the reader's convenience.  If East River's section headings are intended to be allegations, Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of East River's section headings, including because they are not complete sentences or thoughts, and therefore denies them.

2.      Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and therefore denies them.

3.      Dakota Energy admits that it is a member of East River and seeks to exercise its right to withdraw from membership in East River on equitable terms as provided by East River's Bylaws, including the termination of its obligations under the Wholesale Power Contract ("WPC"). Except as expressly admitted, Dakota Energy denies the allegations in paragraph 3.

4.      Dakota Energy admits that East River purports to seek a declaratory judgment, but denies that East River correctly describes the actual controversy between the parties or is entitled to any of the relief requested. Except as expressly admitted, Dakota Energy denies the allegations in paragraph 4.

## Parties, Jurisdiction, and Venue

5.      Dakota Energy admits the allegations in paragraph 5.

6.      Dakota Energy admits the allegations in paragraph 6.

7.      Dakota Energy admits that the allegations of East River's Notice of Removal, construed according to the liberal standard this Court is obligated to apply to them, are sufficient to confer removal jurisdiction under the federal officer removal statute. Dakota Energy specifically denies, however, that any of the claims it has pleaded are preempted by federal law. Except as expressly admitted, the allegations in paragraph 7 are denied.

8.      Dakota Energy admits the allegations in paragraph 8.

6555498.5

## Factual Allegations

### *Rural Electric Cooperatives and the Rural Electrification Act of 1936*

9.      This paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Dakota Energy admits that Congress enacted the Rural Electrification Act in 1936. Except as expressly admitted, Dakota Energy denies the allegations in paragraph 9.

10.     This paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Dakota Energy denies the allegations in this paragraph. By way of further answer, Dakota Energy states that President Franklin D. Roosevelt created the Rural Electrification Administration on May 11, 1935 with Executive Order No. 7037, under powers granted by the Emergency Relief Appropriation Act of 1935.

11.     This paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 and therefore denies them.

12.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and therefore denies them.

13.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and therefore denies them.

14.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 and therefore denies them.

15.     Dakota Energy denies the allegations in paragraph 15.

6555498.5

16.     This paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Dakota Energy denies the allegations in paragraph 16.

17.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies them.

18.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore denies them.

19.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and therefore denies them.

***East River Electric Power Cooperative and Its Member Systems***

20.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and therefore denies them.

21.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and therefore denies them.

22.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and therefore denies them.

23.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and therefore denies them.

24.     Dakota Energy admits that East River and Basin Electric Power Cooperative ("Basin") are parties to a power supply contract, which East River has summarized or paraphrased in part in paragraph 24. Dakota Energy states that the contract referenced in paragraph 24 is a written document, the terms of which speak for themselves, and Dakota Energy denies any characterization inconsistent therewith or that East River has fairly and accurately summarized the contract in paragraph 24.

4

Dakota Energy further admits that its representative voted in favor of the contract extension referenced in paragraph 24 after receiving pressure from East River and based on representations and forecasts (including projected rate decreases) from East River that did not materialize. Dakota Energy denies the remaining allegations in paragraph 24.

25.   Dakota Energy admits the allegations in this paragraph.

26.   Dakota Energy denies the allegations in paragraph 26 as pled.

27.   Dakota Energy admits that paragraph 27 contains a partial quotation from one section of East River's Bylaws, which is a written document, the terms of which speak for themselves, and admits that East River has attached a copy of its Bylaws to its answer and counterclaim. Dakota Energy denies that East River has accurately characterized or paraphrased its Bylaws and denies the remaining allegations in paragraph 27.

### The Wholesale Power Contracts Between East River and Its Member Systems

28.   Dakota Energy admits that it entered into a wholesale power contract with East River, which is a written document, the terms of which speak for themselves. Dakota Energy denies the remaining allegations in paragraph 28.

29.   Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 and therefore denies them.

30.   Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 and therefore denies them.

31.   Dakota Energy admits that its WPC with East River and any other WPC between East River and other East River members are written documents, the terms of

5

which speak for themselves, and Dakota Energy denies any characterization inconsistent therewith or that East River has fairly and accurately summarized the terms of its or any other members' WPC in paragraph 31. Dakota Energy further admits that its representative voted in favor of the contract extension referenced in paragraph 31 after receiving pressure from East River and based on representations and forecasts (including projected rate decreases) from East River that did not materialize. Dakota Energy denies the remaining allegations in paragraph 31.

32.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and therefore denies them.

33.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 and therefore denies them.

34.     Dakota Energy admits that its WPC with East River is a written document, the terms of which speak for themselves, and Dakota Energy denies any characterization inconsistent therewith or that East River has fairly and accurately summarized the WPC in paragraph 34. Dakota Energy further admits that the revenue East River receives from Dakota Energy's purchase of electricity provides one way for East River to satisfy or repay certain of its financial obligations. Dakota Energy denies the remaining allegations in paragraph 34.

35.     Dakota Energy admits that its WPC with East River is a written document, the terms of which speak for themselves, and Dakota Energy denies any characterization inconsistent therewith or that East River has fairly and accurately summarized the WPC in paragraph 35. Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35 and therefore denies them.

6

***East River's RUS Loans and Loan Guarantees***

36.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, including because the term "facilities" is undefined and lacks an obvious or commonsense definition in the context of East River's allegations, and therefore denies them.

37.     Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and therefore denies them.

38.     Dakota Energy admits only that East River has incurred debts. Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 38, including because the terms "built facilities" and "substantial capital outlays" are undefined and lack an obvious or commonsense definition in the context of East River's allegations, and therefore denies them.

***Dakota Energy's Wholesale Power Contract with East River***

39.     Dakota Energy admits the allegations in paragraph 39.

40.     Dakota Energy admits that Beadle Electric Cooperative, Inc. and Ree Electric Cooperative, Inc. were East River members prior to their consolidation and had entered into wholesale power contracts with East River, the terms of which speak for themselves. Dakota Energy denies any characterization of those documents that is inconsistent with their express terms and denies the remaining allegations in paragraph 40.

41.     Dakota Energy admits the allegations in paragraph 41.

42.     Dakota Energy admits it entered into a WPC with East River on or about January 1, 1995, and that East River has attached a copy of the WPC, with amendments,

to its Counterclaim, the terms of which speak for themselves. Dakota Energy denies any characterization of the WPC that is inconsistent with its express terms and denies the remaining allegations in paragraph 42.

43.    Dakota Energy admits only that this paragraph contains a partial quotation from the WPC, the terms of which speak for themselves. Dakota Energy denies any characterization of the WPC that is inconsistent with its express terms and denies the remaining allegations in paragraph 43.

44.    Dakota Energy admits only that this paragraph contains a partial quotation from the WPC, the terms of which speak for themselves. Dakota Energy denies any characterization of the WPC that is inconsistent with its express terms and denies the remaining allegations in paragraph 44.

45.    Dakota Energy admits only that this paragraph contains a partial quotation from the WPC, the terms of which speak for themselves. Dakota Energy denies any characterization of the WPC that is inconsistent with its express terms and denies the remaining allegations in paragraph 45.

46.    Dakota Energy admits only that this paragraph contains a partial quotation from the WPC, the terms of which speak for themselves. Dakota Energy denies any characterization of the WPC that is inconsistent with its express terms and denies the remaining allegations in paragraph 46.

47.    Dakota Energy denies the allegations in paragraph 47.

48.    Dakota Energy admits the allegations in paragraph 48.

49.    Dakota Energy admits the allegations in paragraph 49.

50.    Dakota Energy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, including because the term "similar"

is undefined and lacks an obvious or commonsense definition in the context of East River's allegations, and therefore denies them. Dakota Energy further states that any other members' WPCs are written documents, the terms of which speak for themselves, and Dakota Energy denies any characterization inconsistent with their express terms.

***East River's Bylaws***

51.     Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Dakota Energy admits that it and East River are both required to follow East River's Bylaws. Dakota Energy denies the remaining allegations in paragraph 51.

52.     Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Dakota Energy admits that it and East River are both required to follow East River's Bylaws. Dakota Energy denies the remaining allegations in paragraph 52.

53.     Dakota Energy admits only that paragraph 53 contains a partial quotation from part of East River's Bylaws. Except as expressly admitted, Dakota Energy denies the allegations in paragraph 53.

***Dakota Energy's Request for a Buy-out Amount***

54.     Dakota Energy admits only that paragraph 54 contains a partial quotation from part of its Board Resolution 2018-02. Except as expressly admitted, Dakota Energy denies the allegations in paragraph 54.

55.     Dakota Energy admits only that East River appears to have paraphrased portions of Board Resolution 2018-02 in paragraph 55 but denies that East River has accurately summarized or paraphrased that written document, the terms of which speak

9

for themselves. Except as expressly admitted, Dakota Energy denies the allegations in paragraph 55.

56.     Dakota Energy admits that this paragraph contains a partial quotation from part of Dakota Energy's Board Resolution 2018-02. Except as expressly admitted, Dakota Energy denies the allegations in paragraph 56.

57.     Dakota Energy admits only that East River appears to have paraphrased portions of Board Resolution 2018-02 in paragraph 57 but denies that East River has accurately summarized or paraphrased that written document, the terms of which speak for themselves. Except as expressly admitted, Dakota Energy denies the allegations in paragraph 57.

58.     Dakota Energy admits only that this paragraph describes some of the contents of East River's letter dated March 7, 2019. Except as expressly admitted, Dakota Energy denies the allegations in paragraph 58.

### Count I (Declaratory Judgment)

59.     Dakota Energy incorporates by reference its answers to Paragraphs 1 through 58 as if fully set forth herein.

60.     Dakota Energy admits only that there is an actual controversy between it and East River regarding Dakota Energy's rights under the WPC and East River's Bylaws. Except as expressly admitted, Dakota Energy denies the allegations in paragraph 60.

61.     Dakota Energy denies the allegations in paragraph 61.

62.     Dakota Energy admits only that there is an actual controversy between it and East River regarding Dakota Energy's rights under the WPC and East River's

6555498.5

Bylaws. Except as expressly admitted, Dakota Energy denies the allegations in paragraph 62.

63.     Dakota Energy denies the allegations in paragraph 63.

All allegations not herein specifically admitted are denied. Dakota Energy further denies that East River is entitled to any of the relief requested in the Prayer for Relief or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Defense

East River's Counterclaim fails to state a claim upon which relief may be granted.

### Second Defense

East River's Counterclaim and the relief it seeks are barred by the terms of East River's Bylaws.

### Third Defense

East River's Counterclaim and the relief it seeks are barred by the WPC between Dakota Energy and East River.

### Fourth Defense

East River's Counterclaim is barred by doctrine of estoppel.

### Fifth Defense

East River's Counterclaim is barred by doctrine of waiver.

### Sixth Defense

East River's Counterclaim is barred because it has unclean hands.

### Seventh Defense

Dakota Energy reserves the right to assert any additional affirmative defenses

6555498.5

and matters in avoidance as may be disclosed during the course of additional

investigation and discovery.

Dated this 28th day of December, 2020.

SCHOENBECK LAW, P.C.


_/s/ Joe Erickson_____
Lee Schoenbeck
Joe Erickson
P.O. Box 1325
Watertown, SD 57201
Ph: (605) 886-0010
Emails: lee@schoenbecklaw.com
           joe@schoenbecklaw.com

Peter W. Herzog III (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
211 N. Broadway, STE. 2825
St. Louis, MO 63102
Ph: (314) 326-4129
Email: pherzog@wtotrial.com

Joel S. Neckers (*pro hac vice*)
Michele O. Choe (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 17th Street, STE. 4500
Denver, CO 80202
Ph: (303) 244-1966
Emails: neckers@wtotrial.com
           choe@wtotrial.com

*Attorneys for Plaintiff Dakota Energy
Cooperative, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 28, 2020, the undersigned electronically filed the foregoing *Plaintiff's Answer and Affirmative Defenses to Defendant's Counterclaim* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

Dana Van Beek Palmer
Michael L. Luce

6555498.5

R. Alan Peterson
Lynn, Jackson, Shultz & Lebrun, P.C.
110 N. Minnesota Ave., STE. 400
Sioux Falls, SD 57104

James A. Orr (*pro hac vice*)
Tracey K. Ledbetter (*pro hac vice*)
Eversheds Sutherland (US ) LLP
999 Peachtree Street NE, STE. 2300
Atlanta, GA 30309-3996

*Attorneys for Defendant East River*
*Electric Power Cooperative, Inc.*

_/s/ Joe Erickson_____
Joe Erickson

6555498.5