IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> EAST RIVER ELECTRIC POWER COOPERATIVE, INC., <br><br> *Defendant,* <br><br> v. <br><br> BASIN ELECTRIC POWER COOPERATIVE, <br><br> *Intervenor.* | Case No. 4:20-cv-04192-LLP <br><br><br> **Basin Electric Power Cooperative's Pleading in Intervention Pursuant to Fed. R. Civ. P. 24(c)** |

### **ACTION FOR DECLARATORY JUDGMENT**

1.      Basin Electric Power Cooperative ("Basin"), by and through its undersigned counsel, seeks to intervene in the above-captioned action ("Action") in order to protect its interests. As such, Basin asserts this claim for declaratory judgment pursuant to Rules 24 and 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, brought for the purpose of determining a question of actual controversy by and among Basin, Dakota Energy Cooperative, Inc. ("Dakota"), and East River Electric Power Cooperative, Inc. ("East River") as described herein.

### **Introduction**

2.      Basin seeks a declaratory judgment that the parties to the Action are bound by the decision of the Federal Energy Regulatory Commission ("FERC") that there is no early

1

termination right in the Basin Members' Wholesale Power Contracts ("WPCs") with Basin and among each other. Accordingly, Basin seeks declaratory judgment that Dakota has no right to early termination of its WPC nor to early withdrawal from either cooperative and, accordingly, neither Basin nor East River have any obligation to provide Dakota "buy-out" numbers by which Dakota could attempt to accomplish those ends.

## Parties, Jurisdiction, and Venue

3. Basin is a non-profit electric generation and transmission ("G & T") cooperative located in Bismarck, North Dakota.

4. East River is a non-profit electric G & T cooperative located in Madison, South Dakota.

5. Dakota is a non-profit electric distribution cooperative located in Huron, South Dakota.

6. This Court has subject-matter jurisdiction over this Action pursuant to 28 U.S.C. § 1442(a), 28 U.S.C. § 1367, and the Court's ancillary jurisdiction.

7. Venue is proper in this district.

## Factual Allegations

*Background and Contractual Relationship of the Parties.*

8. Basin generates electric power which it sells and transmits to its Class A Members for resale and retransmission to its Class C Members located in nine states for distribution to over three million users, residential and commercial.

9. Every Basin Class A Member has a long-term WPC with Basin pursuant to which Basin sells and transmits power to the Class A Members for resale and retransmission to Class C Members. Each Class C Member, in turn, has a long-term WPC with a Class A Member.

2

Basin's long-term WPCs are the backbone of the cooperative generation, transmission, and distribution system established by the federal government during the Great Depression and are regulated by FERC.

10. The revenues from the WPCs with Basin's Class A Members are the sole support for Basin's financial ability to operate, maintain, and improve the Basin electrical system.

11. FERC has exclusive jurisdiction over Basin and its electric generation and transmission activities.

12. Each of Basin's Class A Members (with one exception), including East River, has a long-term, all-requirements WPC with Basin to purchase electric power.

13. Each of Basin's Class C Members, including Dakota, has a long-term, requirements WPC with a Class A Member of Basin to purchase electric power generated by Basin.

14. Basin's Class C Members, including Dakota, distribute purchased electricity to consumer end-users.

15. East River, as a Class A Member of Basin, has entered into a WPC with Basin to purchase substantially all of its required electricity from Basin until the expiration of the Basin/East River WPC.

16. On August 6, 2015, the East River board of directors voted unanimously to extend the East River/Basin WPC to December 31, 2075.

17. The East River board of directors includes a representative from Dakota, Mr. David Allen, who was in 2015, and continues to be, a director and the secretary of Dakota.

18. Mr. David Allen, as Dakota's representative on East River's board of directors, voted on August 6, 2015 to extend East River's WPC with Basin to December 31, 2075.

19. Dakota, as a Class C Member of East River, has entered into a WPC to purchase substantially all of its required electricity from East River until the expiration of the East River/Dakota WPC.

20. On August 6, 2015, the East River board of directors voted unanimously to extend its WPCs with each of its 25 members, including Dakota, to December 31, 2075.

21. Mr. David Allen voted on August 6, 2015 to extend East River's WPCs with each of its 25 members, including Dakota, to December 31, 2075.

*The Basin/East River WPC.*

22. East River is a founding Class A Member of Basin.

23. On April 5, 1962, East River entered into a WPC with Basin, which extended through January 1, 2002.  (Attached as Exhibit A.)

24. The 1962 Basin/East River WPC provides that "[Basin] shall sell and deliver to [East River] and [East River] shall purchase and receive from [Basin] the electric power and energy which [East River] shall require… until January 1, 2002 and thereafter until terminated by either party's giving to the other not less than six months' written notice of its intention to terminate." Basin/East River WPC, Ex. A §§ 1, 10.

25. In 1968, Basin and East River agreed to amend the Basin/East River WPC and extended the term of the WPC to January 1, 2010.  (Attached as Exhibit B.)

26. In 1983, Basin and East River agreed to amend the Basin/East River WPC and extended the term of the WPC to January 1, 2020.  (Attached as Exhibit C.)

27. In 1994, Basin and East River agreed to amend the Basin/East River WPC and extended the term of the WPC to December 31, 2039.  (Attached as Exhibit D.)

28.     In 2006, Basin and East River agreed to amend the Basin/East River WPC and extended the term of the WPC to December 31, 2058.  (Attached as Exhibit E.)

29.     In 2015, Basin and East River agreed to amend the Basin/East River WPC and extended the term of the WPC to December 31, 2075.  (Attached as Exhibit F.).

30.     The Basin/East River WPC does not contain any provision providing for termination of the WPC prior to the end of the contract term.

31.     The Basin/East River WPC remains in force until December 31, 2075.

*Basin's Bylaws.*

32.     Upon becoming a Class A Member of Basin, East River agreed to be bound by Basin's Bylaws.  (Attached as Exhibit G.)

33.     East River is bound by Basin's Bylaws.

34.     Upon becoming a Class C Member of Basin, Dakota agreed to be bound by Basin's Bylaws.

35.     Dakota is bound by Basin's Bylaws.

36.     Article I, Section 2(a) of Basin's Bylaws requires that each of its Class A Members "purchase electric services from [Basin] as soon as such electric service is needed to meet such Member's electric requirements in excess of such Member's existing generation capacities or contracts…."  Basin Bylaws, Ex. G, at 1.

37.     East River, as a Class A Member of Basin, must comply with Article I, Section 2(a) of Basin's Bylaws.

38.     Article I, Section 2(c) of Basin's Bylaws requires that each of its Class C Members "contract[] for a portion of its electric power and/or energy from [a] Class 'A' Member…."  Basin Bylaws, Ex. G, at 2.

39. Dakota, as a Class C Member of Basin, must comply with Article I, Section 2(c) of Basin's Bylaws.

40. Article I, Sections 7 ("Termination of Membership") and 8 ("Withdrawal of Membership) of Basin's Bylaws provide, in relevant part, that "any Member" may "withdraw from membership" "upon compliance with such equitable terms and conditions as the Board of Directors may prescribe; provided, however, that no Member shall be permitted to withdraw until it has met all its contractual obligations to the Cooperative [Basin]." Basin Bylaws, Ex. G at 4.

41. Dakota must comply with Article I, Sections 7 and 8 of Basin's Bylaws.

42. East River must comply with Article I, Sections 7 and 8 of Basin's Bylaws.

43. East River has entered into a WPC with Basin under which it is contractually obligated to "purchase and receive from [Basin] the electric power and energy which [East River] shall require" in addition the power purchased from other specifically enumerated sources "until December 31, 2075." 2015 Amendment to Basin/East River WPC, Ex. F §§ 1, 10.

44. Unless and until East River purchases all electric power and energy which East River shall require (in addition to the power purchased from other specifically enumerated sources) through December 31, 2075, East River has not met all of its contractual obligations to Basin.

45. Because East River has not met all of its contractual obligations to Basin, the Basin Bylaws prohibit East River from terminating or withdrawing its membership with Basin.

*The East River/Dakota WPC.*

46. In January 1995, Dakota became a member of East River.

47. On January 1, 1995, Dakota entered into a WPC with East River. (Attached as Exhibit H.)

48. The 1995 East River/Dakota WPC provides that "East River shall sell and deliver to [Dakota] and [Dakota] shall purchase and receive from East River, all electric power and energy which Dakota] shall require to serve all of [Dakota's] electric loads… until December 31, 2038, and thereafter until terminated by either Party giving to the other not less than six month's written notice of its intention to terminate." East River/Dakota WPC, Ex. H §§ 1, 10.

49. In 2006, East River and Dakota agreed to amend the East River/Dakota WPC, which extended the term of the WPC to December 31, 2058. (Attached as Exhibit I.)

50. In 2015, East River and Dakota agreed to amend the East River/Dakota WPC, which extended the term of the WPC to December 31, 2075. (Attached as Exhibit J.)

51. The East River/Dakota WPC does not contain any provision providing for termination of the WPC prior to the end of the contract term.

52. The East River/Dakota WPC remains in force until December 31, 2075.

*East River's Bylaws.*

53. Upon becoming a member of East River, Dakota agreed to be bound by East River's Bylaws. (Attached as Exhibit K.)

54. Dakota is bound by East River's Bylaws.

55. Article I, Section 4(a) of East River's Bylaws require that each of its member systems (including Dakota) purchase "all electric power and energy required by the member to serve all its electric loads," with certain inapplicable exceptions. East River Bylaws, Ex. K at 2.

56. Article I, Section 5(a) of East River's Bylaws provides, in relevant part, that "[a] member may withdraw from membership upon compliance with such equitable terms and

7

conditions as the Board of Directors may prescribe, provided, however, that no member shall be permitted to withdraw until it has met all contractual obligations to the Cooperative." East River Bylaws, Ex. K at 4.

57. Dakota must comply with Article I, Section 5(a) of East River's Bylaws.

58. Dakota has entered into a WPC with East River under which it is contractually obligated to purchase "all electric power and energy which [Dakota] shall require to serve all of [Dakota's] electric loads" through December 31, 2075. Amendment 3 to East River/Dakota WPC, Ex. J at §§ 1, 10.

59. Unless and until Dakota purchases all electric power and energy which Dakota shall require to serve all of its electric loads through December 31, 2075, Dakota has not met all of its contractual obligations to East River.

60. Because Dakota has not met all of its contractual obligations to East River, Dakota is barred by the East River Bylaws from terminating or withdrawing its membership with East River.

***The Federal Energy Regulatory Commission Has Determined That a WPC with No Early Termination Provisions Is Neither Unjust Nor Unreasonable.***

61. In the fall of 2019, Basin became subject to the exclusive regulatory jurisdiction of FERC.

62. As a result of becoming subject to FERC jurisdiction, Basin was required to and did file its wholesale power rates with FERC for approval.

63. As part of the approval process, FERC reviewed Basin's WPCs with its Class A Members.

64. In response to Basin's submission, Dakota, as a Basin Class C Member, moved to intervene, filed a Protest to be considered by FERC within FERC's exclusive jurisdiction, and

joined and "adopt[ed]" the Protest of another Basin Class C Member, McKenzie Electric Cooperative, Inc. ("McKenzie"), arguing that "the issues and concerns that McKenzie identifie[d as to its relationship with Basin Class A Member Upper Missouri G & T Cooperative, Inc. ("Upper Missouri")] apply equally to Dakota Energy's relationship with Basin through East River." Dakota Protest, Docket Nos. ER20-2441-000, ER20-2442-000, Ex. L at 5; 172 FERC ¶ 61,221 ("Basin FERC Decision"), Ex. M ¶ 58.

65. The McKenzie Protest, as adopted by Dakota, effectively alleged that the absence of early termination and withdrawal rights in the WPC Basin has with Upper Missouri (of which McKenzie is a member) rendered the Basin/Upper Missouri WPC "unjust and unreasonable." *See* McKenzie Protest, Ex. N at 27; FERC Decision, Ex. M ¶¶ 52-58.

66. McKenzie and Dakota requested FERC to find that the withdrawal and termination provisions, as implemented by Basin, to be unjust and unreasonable and that FERC direct Basin to provide to its Members, in response to any such request, an estimate of their costs to buy-out of their contracts and withdraw from the cooperative. McKenzie Protest, Ex. N at 32-33; FERC Decision, Ex. M ¶ 57.

67. FERC, after considering McKenzie's and Dakota's Protests, "disagree[d] with the arguments of McKenzie, Dakota Energy, and [one other Basin Class C Member] that Basin's purported lack of withdrawal and termination procedures renders the [WPC] unjust and unreasonable." FERC Decision, Ex. M ¶ 86.

68. FERC also "disagree[d]… that [Basin does] not provide any mechanism for Members to withdraw from the cooperative system and terminate their Wholesale Power Contracts" as "[e]ach Wholesale Power Contract includes termination provisions requiring notice

9

of termination for the end of the contract term, which allows the Member to ensure that the contract does not remain in effect beyond… 2075." FERC Decision, Ex. M ¶ 86.

69.     FERC considered that McKenzie and Dakota were "essentially argu[ing] that Basin's Wholesale Power Contracts are not just and reasonable because they do not contemplate early termination—and the associated withdrawal from the cooperative—prior to the expiration of their respective terms (i.e., … 2075)." FERC "disagree[d] with this argument." FERC Decision, Ex. M ¶ 87.

70.     FERC went on to conclude that, "contrary to McKenzie's [and Dakota's] arguments, sections 7 and 8 of Basin's Bylaws… do not require that the Wholesale Power Contracts provide for early termination and withdrawal. Indeed, section 8 of Basin's Bylaws provides, in part, that 'no Members *[sic]* shall be permitted to withdraw until it has met all its contractual obligations to the Cooperative.'" FERC Decision, Ex. M ¶ 87.

71.     As Dakota pointed out to FERC, the termination provision in the Basin/Upper Missouri WPC is materially identical to the termination provision in the Basin/East River WPC as well as in the East River/Dakota WPC.

- The Basin/Upper Missouri WPC termination provision (as amended) states (in relevant part) "This Agreement shall remain in effect until December 31, 2075. If either Party desires to terminate the Agreement on December 31, 2075, it shall provide written notice of intent to terminate by December 31, 2070. If notice of termination is not received by either party prior to December 31, 2070, this Agreement shall remain in effect unless terminated by either party giving to the other not less the five (5) years prior written notice of its intention to terminate." *See* FERC Decision, Ex. M at 38, n188 (citing Basin/Upper Missouri WPC at § 10).

- The Basin/East River WPC termination provision (as amended) states (in relevant part) ""This Agreement… shall remain in effect until December 31, 2075, and thereafter until terminated by either party's giving to the other not less than six month's written notice of its intention to terminate." 2015 Amendment to Basin/East River WPC, Ex. F at § 10.

10

- The East River/Dakota WPC termination provision (as amended) states "This Agreement shall… remain in effect until December 31, 2075 and thereafter until terminated by either Party giving to the other not less than six month's written notice of its intention to terminate." Amendment 3 to East River/Dakota WPC, Ex. J at § 10.

72. FERC, exercising its exclusive jurisdiction, found Dakota's arguments to be unavailing and disagreed with them.

73. The provisions governing termination and withdrawal of membership in Basin as set forth by Article I, Sections 7 and 8 of the Basin Bylaws are identical to the provisions governing termination and withdrawal of membership in East River as set forth by Article I, Section 5(a) of the East River Bylaws. Compare ¶ 40, *infra*, with ¶ 56, *infra*.

74. Dakota is bound as a matter of law to the FERC decision concluding that the existing termination and withdrawal provisions in the WPC—and the absence of provisions allowing for early termination or withdrawal in the WPC—do not render the WPC unjust and unreasonable.

75. Though bound by the FERC decision, Dakota alleges in this Action that it is entitled to an early buy-out number from East River.

76. Though bound by the FERC decision, Dakota further alleges that East River is entitled to receive from Basin a buy-out number by which Dakota may exercise its claimed right (dismissed by FERC) to early termination and withdrawal.

## Count I (Declaratory Judgment)

77. Basin incorporates by reference each of the allegations set forth in paragraphs 1 through 76 as if fully set forth herein.

78. There exist two interconnected actual controversies which threaten to fracture the financial backbone of Basin, and thus the entire system of generation, transmission, and

11

distribution of electric power across nine states to three million residential and commercial users. Those two controversies are: (i) whether Dakota, despite the decision of FERC, may terminate its WPC with and withdraw its membership in East River before the end of the WPC term and (ii) whether, despite FERC's decision, Basin has an obligation to provide a buy-out number to East River, which amount would be included in any buy-out number provide by East River to Dakota, which amount Dakota would pay to terminate its WPC with and withdraw its membership in East River before the end of the Dakota/East River WPC term.

### Prayer for Relief

WHEREFORE, upon the foregoing allegations, Basin Electric Power Cooperative prays for:

A. A declaratory judgment to be entered in its favor and against East River and Dakota, declaring:

   i. That the Wholesale Power Contract between East River and Dakota does not allow for Dakota to terminate or withdraw prior to December 31, 2075;

   ii. That the Wholesale Power Contract between Basin and East River does not allow East River to terminate or withdraw prior to December 31, 2075;

   iii. That Basin's Bylaws require both its Class A Members and Class C Members to fulfill their respective WPC contractual obligations;

   iv. That Basin has no obligation to provide a buy-out number to East River to provide to Dakota to allow an early termination of Dakota's WPC with East River; and

B. Such additional and further relief as to which Basin is entitled, including dismissal with prejudice of Plaintiff's Complaint.

Dated January 20, 2021.

Respectfully submitted,

*/s/ Meredith A. Moore*
Meredith A. Moore

CUTLER LAW FIRM, LLP

MEREDITH A. MOORE
140 N. Phillips Ave., 4th Floor
PO Box 1400
Sioux Falls, SD 57101-1400
T:  +1 605 335 4995
F:  +1 605 335 4961
meredithm@cutlerlawfirm.com

ORRICK, HERRINGTON & SUTCLIFFE LLP

J. PETER COLL, JR. (*pro hac vice pending*)
51 West 52nd Street
New York, NY 10019-6142
T:  +1 212 506 5000
F:  +1 212 506 5151
pcoll@orrick.com

JONATHAN A. DIRENFELD (*pro hac vice pending*)
1152 15th St NW
Washington, D.C. 20005-1706
T:  +1 202 339 8400
F:  +1 202 339 8500
jdirenfeld@orrick.com

MATTHEW D. LABRIE (*pro hac vice pending*)
222 Berkeley Street, Ste. 200
Boston, MA 02116
T:  +1 617 880 1800
F:  +1 617 880 1801
mlabrie@orrick.com

*Counsel for Basin Electric Power Cooperative*