# EXHIBIT K



# BYLAWS

Bylaws Amended as of September 9, 2015

## ARTICLE I

## MEMBERSHIP

**SECTION 1. Requirements for Membership.** Any firm, association, corporation, business trust, partnership, limited liability company, municipality, or other body politic or subdivision thereof may become a member of the East River Electric Power Cooperative, Inc., (hereinafter called the "Cooperative") by:

    (a)    Executing a written application for membership therein;

    (b)    Agreeing to purchase from the Cooperative electric energy as hereinafter specified;

    (c)    Agreeing to comply with and be bound by the articles of incorporation and bylaws of the Cooperative and any rules and regulations adopted by the Board of Directors; and

    (d)    Paying the membership fee of $100,

provided, however, that no applicant shall become a member unless and until it has been accepted for membership by the Board of Directors or the members. No member may hold more than one membership in the Cooperative, and no membership in the Cooperative shall be transferable.

At each meeting of the members all applications received more than ninety days prior to such meeting which have not been accepted or which have been rejected by the Board of Directors shall be submitted by the Secretary to such meeting and, subject to compliance by the applicant with the requirements hereinabove set forth, any such application may be accepted by majority vote of the members. The Secretary shall give each such applicant at least ten days written notice of the date of the members' meeting to which its application will be submitted and such applicant shall be entitled to be represented and heard at the meeting.

**SECTION 2. Classes of Membership.** The Cooperative shall have no stock, but membership in the Cooperative shall be evidenced by a membership certificate. Membership in the Cooperative shall be of four Classes as follows:

    (a)    Class "A" membership. Any incorporated cooperative association organized under state laws governing rural electric cooperatives, for the purposes of constructing, operating and maintaining electric distribution lines or systems may become a Class "A" member upon compliance with the other membership requirements of these bylaws. Each Class "A" member shall be entitled to one (1) Director and one (1) vote at any Cooperative meeting.

    (b)    Class "B" membership. Any municipality or other body politic may become a Class "B" member upon compliance with the other membership requirements of these

    bylaws. Class "B" members shall collectively be entitled to one (1) Director and one (1) vote at any Cooperative meeting.

 (c) Class "C" membership. Any firm, association, corporation, business trust, limited liability company or other entity not fitting the requirements of Class "A" or "B" membership may become a Class "C" member upon compliance with the other membership requirements of these bylaws. Class "C" members shall collectively be entitled to one (1) Director and one (1) vote at any Cooperative meeting.

 (d) Class "D" membership. Any cooperative, firm, association, corporation, business trust, limited liability company or other entity not fitting the requirements of class "A", "B", or "C" membership may become a Class "D" member upon compliance with the other membership requirements of these bylaws. Class "D" members shall collectively be entitled to one (1) Director and one (1) vote at any Cooperative meeting.

**SECTION 3. <u>Membership Certificates.</u>** Membership in the Cooperative shall be evidenced by a membership certificate which shall be in such form and shall contain such provisions as shall be determined by the Board of Directors.

**SECTION 4. <u>Purchase of Electric Power and Energy.</u>**

 (a) Each member shall purchase from the Cooperative all electric power and energy required by the member to serve all its electric loads except as otherwise provided in Subsections (b) or (c) of this section. Each member shall pay monthly in accordance with the contracts heretofore or hereafter entered into by the member and the Cooperative at rates determined from time to time by the Board of Directors in accordance with the bylaws. It is expressly understood that amounts paid for electric power and energy in excess of the cost of service are furnished by members as capital and each member shall be credited with capital so furnished as provided in these bylaws. Each member shall pay to the Cooperative all such other amounts per month regardless of the amount of electric power and energy required by the member to serve all its electric loads as shall be fixed by the Board of Directors from time to time. Each member shall also pay all amounts owed by such member to the Cooperative as and when the same shall become due and payable. Whenever the member is indebted to the Cooperative and the Cooperative owes to the member monies, credits or property, the Cooperative shall offset against or deduct from such monies, credits or property, the indebtedness owed to the Cooperative by the member.

 (b) A member who intends to merge or consolidate with a non-member whose power supplier is other than this Cooperative or to negotiate for the acquisition of an electric system or any other electric load with any person, firm, partnership, corporation, rural electric cooperative, association, municipality, public corporation or political subdivision (herein called Party) which Party is obligated to purchase, or to be furnished electric power and energy from a power supplier other than this Cooperative, shall promptly notify in writing this Cooperative of its intention to merge or consolidate with such non-member or negotiate for such acquisition. The member shall clearly demonstrate that the merger, consolidation or acquisition shall not negatively impact the existing wholesale power contract between this Cooperative and the member.

A description of the impact of such merger, consolidation or acquisition shall be provided by the member to this Cooperative prior to consideration being made by this Cooperative of the member's plan.

In all instances, whether or not an adequate description of such proposed merger, consolidation or acquisition is provided, this Cooperative will, in a timely manner either approve such proposed merger, consolidation or acquisition, or notify the member of the impact such proposed merger, consolidation or acquisition will have on this Cooperative and the wholesale power contract between this Cooperative and the member. Upon such notice the member and this Cooperative will initiate good faith negotiations to satisfy the requirements of this Cooperative in relation to the wholesale power contract between the member and this Cooperative.

Approval may be subject to such conditions as the Board of Directors shall determine to be just and equitable to all parties to the transaction. Provided however, such approval shall not be unreasonably withheld.

(c) A Class "D" member shall have executed a long term wholesale purchase power contract with the Cooperative for less than all the electric power and energy required by the member to serve its electric load.

SECTION 5. **Termination of Membership.**

(a) A member may withdraw from membership upon compliance with such equitable terms and conditions as the Board of Directors may prescribe, provided, however, that no member shall be permitted to withdraw until it has met all contractual obligations to the Cooperative. The Board of Directors may, by the affirmative vote of not less than two-thirds of all the Directors, recommend the expulsion of any member that fails to comply with any of the provisions of the articles of incorporation, bylaws, or rules or regulations adopted by the Board of Directors from time to time, but only if such member shall have been given written notice by the Secretary of the Cooperative that such failure makes it liable to expulsion from membership, and such failure shall have continued for at least ten days after such notice was given. Within thirty days after the board shall have recommended expulsion of a member, a meeting of the members shall be held at which such member shall be given an opportunity to present its case by counsel or otherwise, and the board shall have the same opportunity, after which a vote shall be taken on the expulsion of such member. An affirmative vote by two-thirds of the members present at the meeting shall be required in order to expel a member. The resolution of expulsion shall set forth the reasons for the expulsion and shall state the conditions on which the expelled member may be readmitted to membership.

(b) Upon the withdrawal, cessation of existence or expulsion of a member, the membership certificate of such member shall be surrendered forthwith to the Cooperative. Termination of membership in any manner shall not release a member from any liability, debts, or other obligations due the Cooperative.

## ARTICLE II

### RIGHTS AND LIABILITIES OF MEMBERS

SECTION 1. **Property Interest of Members.** Upon dissolution, after

(a) All debts and liabilities of the Cooperative shall have been paid, and

(b) All capital furnished through patronage shall have been returned, as provided in these bylaws, the remaining property and assets of the Cooperative shall be distributed among the members and former members in the proportion which the aggregate patronage bears to the total patronage of all members during the period of its existence.

**SECTION 2. Non-Liability for Debts of the Cooperative.** The property of the members of the Cooperative shall not be subject to the payment of the corporate debts of the Cooperative, and no member shall be individually liable for the corporate debts of the Cooperative except as may otherwise be agreed.

**SECTION 3. Indemnification.** Each member shall indemnify the Cooperative for, and hold the Cooperative harmless from, any expenses, costs, liabilities, or damages, including reasonable attorney fees and legal expenses, incurred by the Cooperative, or by any Cooperative Director, Officer, employee, agent, representative, or contractor, because of any property damage, personal injury, or death resulting from the Member's negligence.

## ARTICLE III

## MEETINGS OF MEMBERS

**SECTION 1. Annual Meeting.** The annual meeting of the members shall be held in the month of September of each year; the exact date and place to be selected by the Board of Directors at their regular June meeting of the same year, and shall be designated in the notice of the meeting. The annual meeting of the members shall be held for the purposes of electing Directors, passing upon reports for the previous fiscal year and transacting such other business as may come before the meeting. It shall be the responsibility of the Board of Directors to make adequate plans and preparations for the annual meeting. Failure to hold the annual meeting at the designated time shall not work a forfeiture or dissolution of the Cooperative.

**SECTION 2. Special Meetings.** Special meetings of the members may be called by resolution of the Board of Directors or upon a written request signed by any three Directors, by the President, or by 10 per centum or more of all members, and it shall thereupon be the duty of the Secretary to cause notice of such meeting to be given as hereinafter provided. Special meetings of the members shall be held at a location in the City of Madison, Lake County, State of South Dakota unless otherwise determined by the Board of Directors and specified in the notice of the special meeting.

**SECTION 3. Notice of Members' Meetings.** Written or printed notice stating the place, day and hour of the meeting and, in case of a special meeting or an annual meeting at which business requiring special notice is to be transacted, the purpose or purposes for which the meeting is called, shall be delivered not less than ten days nor more than twenty-five days before the date of the meeting, either personally or by mail, by or at the direction of the Secretary, or upon a default in duty by the Secretary, by the persons calling the meeting, to each member. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail, addressed to the member of or to the delegate at its or his address as it appears on the records of the Cooperative, with postage thereon prepaid. The failure of any member or delegate to receive notice of an annual or special meeting of the members shall not invalidate any action which may be taken by the members at any such meeting.

**SECTION 4. Voting Delegates.** Each Class "A" member shall designate a voting delegate and alternate delegate to represent it at a meeting of the members of the Cooperative. Class "B", "C" and "D" members shall each within their respective membership classes designate a voting

delegate and alternate delegate to represent them at a meeting of members of the Cooperative. All voting delegates shall be someone other than the Director representing the member on the Cooperative's Board of Directors. Not later than July 1 of each year, each member shall certify to the Secretary of the Cooperative the name and address of the voting delegate and alternate voting delegate. Members shall inform the Secretary of the Cooperative in writing of any changes in the designated or alternate voting delegate not less than 24 hours prior to a meeting of the Cooperative. All voting delegates or alternates shall be currently serving on the governing board of the member. All voting delegates and alternate delegates shall be appointed for a term of one year or until replaced by the member.

**SECTION 5. Quorum.** Delegates representing at least a majority of the members shall constitute a quorum. If less than a quorum is present at any meeting a majority of those present in person may adjourn the meeting from time to time without further notice.

**SECTION 6. Voting.** At all meetings of the members at which a quorum is present all questions shall be decided by a vote of a majority of the members present and voting thereon except as otherwise provided by law, the articles of incorporation and these bylaws. The vote of each member shall be cast by the designated voting delegate defined in Article III, Section 4 of these bylaws.

**SECTION 7. Order of Business.** The order of business at the annual meeting of the members unless otherwise approved by the members at such meeting and, so far as practicable, at all other meetings of the members, shall be essentially as follows:

1. Report upon the members represented and the number of delegates present, for purposes of determining a quorum.

2. Reading of the notice of the meeting and proof of mailing thereof, or the waiver of notice of the meeting.

3. Presentation of unapproved minutes of previous meetings of the members and the taking of necessary action thereon.

4. Presentation and consideration of reports of officers, Directors and committees.

5. Nomination and election of Directors.

6. Unfinished business.

7. New business.

8. Adjournment.

## ARTICLE IV

## BOARD OF DIRECTORS

**SECTION 1. General Powers.** The business and affairs of the Cooperative shall be managed by a Board of Directors which shall exercise all of the power of the Cooperative except such as are by law, the articles of incorporation or these bylaws conferred upon or reserved by the members.

**SECTION 2. Qualifications.** A Director or Director candidate must:

1. Be an individual member and a qualified Director of a Class A member cooperative and a bona fide resident and user in the service area of the Cooperative, or

2. Be a qualified member of the governing body of a Class B member municipality or other body politic and a user of electricity furnished by the municipality or other body politic, or

3. Be a member of the governing body of a Class C member by virtue of association with a firm, association, corporation, business trust, limited liability company or other entity that purchases its electric power and energy from the Cooperative, or

4. Be a member of the governing body of a Class "D" member by virtue of association with a cooperative, firm, association, corporation, business trust, limited liability company or other entity that purchases less than all its power and energy from the Cooperative, or

5. Not be in any way employed by a business purchasing from or selling electric power and energy to the Cooperative except an electric power supplier from which the Cooperative is required by law to purchase or sell electric power and energy.

6. While a Director, and during the five (5) years immediately prior to becoming a Director, not:

    (a) Be, nor have been, convicted of a felony; or

    (b) Plead, nor have pled, guilty to a felony;

7. Unless excused for good cause by the Board, attend at least two-thirds (2/3) of all Board Meetings during any twelve (12) month period;

8. While a Director, or during one (1) year immediately prior to becoming a Director, a Director or Director candidate must not be, nor have been:

    (a) Close Relative of any existing Director, other than an existing Director who will cease being a Director within one (1) year;

    (b) An existing, or a Close Relative of an existing, non-Director Cooperative Officer, employee, agent, or representative;

    (c) Employed by, materially affiliated with, or share a material financial interest with, any other Director; or

    (d) Engaged in, nor employed by, materially affiliated with, or have a material financial interest in, any individual or entity:

        1. Directly and substantially competing with the Cooperative; or

        2. Selling goods or services in substantial quantity to the Cooperative, or to a substantial number of Members; or

        3. Possessing a conflict of interest with the Cooperative.

    (e) Within three years preceding a Director candidate's nomination was an employee of the Cooperative or any member of the Cooperative.

Exhibit A - Page 000006

(f)  Close Relative. As used in these Bylaws, the term "close relative" means an individual who:

1. Is, either by blood, law, or marriage, including half, step, foster, and adoptive relations, a spouse, child, grandchild, parent, grandparent, or sibling; or

2. Principally resides in the same residence.

**SECTION 3. Director Conduct.** Unless modified or prohibited by Law:

(a) Director Standard of Conduct. A Director shall discharge the Director's duties, including duties as a Board Committee member:

1. In good faith;

2. With the care an ordinarily prudent person in a like position would exercise under similar circumstances; and

3. In a manner the Director reasonably believes to be in the Cooperative's best interests.

(b) Director Reliance on Others. Unless a Director possesses knowledge concerning a matter making reliance unwarranted, then in discharging a Director's duties, including duties as a Board Committee member, a Director may rely upon information, opinions, reports, or statements, including financial statements and other data, prepared or presented by:

1. One (1) or more Cooperative Officers or employees whom the Director reasonably believes to be reliable and competent in the matters prepared or presented;

2. Legal counsel, public accountants, or other individuals regarding matters the Director reasonably believes are within the individual's professional or expert competence.

(c) Director Liability. If a Director complies with this Bylaw, then the Director is not liable to the Cooperative, any Member, or any other individual or entity for action taken, or not taken, as a Director. No Director is deemed a trustee regarding the Cooperative or any property held or administered by the Cooperative, including without limit, property potentially subject to restrictions imposed by the property's donor or transferor.

**SECTION 4. Director Nominations and Election.** Except as may be otherwise provided in these bylaws candidates for Directors from members shall be nominated only by the member they will represent. The name of said nominee shall be forwarded to the Secretary of the Cooperative, prior to the annual or special meeting. At said annual or special meeting the membership of the Cooperative, shall by majority, vote to accept or reject the nominee for Director. If rejected, the member will be given the opportunity to make a new nomination within thirty (30) days of the annual or special meeting. Upon receipt of the new nomination, the Cooperative shall call a special meeting within twenty (20) days to act on the nomination. If a member fails to forward the name of its nominee prior to the annual or special meeting it shall submit for nomination a qualified nominee from the floor.

**SECTION 5. Voting for Directors.** Each member may vote for as many candidates as the number of Directors to be elected. The vote of each member shall be cast by the designated voting delegate defined in Article III, Section 4 of these bylaws.

**SECTION 6. Election and Tenure of Office.** Each Class "A" member shall be entitled to one (1) Director and each Director shall have one (1) vote. Class "B" members shall be collectively entitled to one (1) Director and one (1) vote. Class "C" members shall be collectively entitled to one (1) Director and one (1) vote. Class "D" members shall be collectively entitled to one (1) Director and one (1) vote. Class "A" Directors shall serve for a term of three (3) years. One-third (1/3) of the Class "A" Directors shall be elected each year and the Directors of the Cooperative shall be responsible for establishing the appropriate rotation. All Class "B", "C", and "D" Directors shall be elected annually.

Any Class "A" member that becomes a member or merges or consolidates with a member or non-member after the date of the annual meeting shall be entitled to a Director to be nominated and elected from such member. Such nomination shall be delivered to the Secretary of the Cooperative who will place it in motion at the next meeting of the Board of Directors of the Cooperative. The nominee shall be seated as a Director by an affirmative vote of a majority of the Directors of this Cooperative. The initial term of the new Director shall be established by the Board of Directors and may be for a term of up to three (3) years.

**SECTION 7. Removal of a Director by Members.** Charges against a Director may be brought by filing with the Secretary of the Cooperative such charges in writing together with a petition signed by an authorized representative of a majority of the respective members requesting the removal of such Director by reason thereof. Such board member shall be informed in writing of the charges at least thirty (30) days prior to the meeting of the members at which the charges are to be considered and shall have an opportunity at the meeting to be heard in person or by counsel, or both, and to present evidence in respect of the charges; and the members bringing the charges against him then shall have the same opportunity. The question of the removal of such Director shall be considered and voted upon by secret ballot at a meeting of the members. A vote of the majority of the respective members present and voting on such question through a voting delegate shall be required to remove a Director. Any vacancy created by such removal shall be filled as provided by Article IV, Section 9 of these bylaws.

**SECTION 8. Events Causing Vacancy in the Office of Director.** Each office of Director shall become vacant on the happening of any one of the following events before the expiration of the term of such office:

1. Death of the Director.

2. Resignation.

3. Removal.

4. Director's failure to meet the qualifications of office, as provided by Article IV, Section 2.

**SECTION 9. Filling Vacancies.** A vacancy occurring in the Board of Directors, as provided by Section 8, shall be filled by the affirmative vote of a majority of the remaining Directors for the unexpired portion of the term. Such a Director shall be elected from the same member as his predecessor in office and shall be nominated only by that member. Such nomination shall be placed in motion by the Secretary and acted upon by the Board of Directors at their next meeting.

**SECTION 10. Compensation.** Directors shall receive no salary for their services as Directors, provided, however, by resolution of the Board of Directors a fixed sum and expenses of attendance, if any, may be allowed for attendance at each meeting of the Board of Directors and such other meetings as are authorized by the Board of Directors. No Director shall receive compensation for serving the Cooperative in any other capacity, nor shall any close relative of a Director receive compensation for serving the Cooperative, unless the payment and amount of compensation shall be specifically authorized by a vote of the members or the service by such Director or close relative shall have been certified by the Board of Directors as an emergency measure.

**SECTION 11. Delegation of Authority.** The Board of Directors may delegate to any officer or officers, agent or agents, chief executive officer, or manager, to any standing or special committee such authority as deemed necessary in the operation of this Cooperative.

**SECTION 12. Director may Complete Term of Office Upon the Merging or Consolidation.** Notwithstanding anything to the contrary in this Article IV, a Director who represents a member on the Board of Directors at the time such member either consolidates or merges with another East River member or members may continue to serve and complete their term of office with all rights and privileges of a Director, except such Director shall not be entitled to vote unless such Director has been selected and designated to represent the surviving member or the consolidated member.

## ARTICLE V

## MEETINGS OF DIRECTORS

**SECTION 1. Regular Meetings.** A regular meeting of the Board of Directors shall be held without notice, as soon as practical after the annual meeting of the members. A regular meeting of the Board of Directors shall also be held at such time and place as the Board of Directors may provide by resolution. Such regular meetings may be held without notice other than such resolution fixing the time and place thereof.

**SECTION 2. Special Meetings.** Special meetings of the Board of Directors may be called by the President or by one-third (1/3) of the total number of Directors, and it shall thereupon be the duty of the Secretary to cause notice of such meeting to be given as hereinafter provided. Written, telephonic or electronic notice of the time, place and purpose of any special meeting of the Board of Directors shall be delivered to each Director, not less than five (5) days previous thereto, either personally, by mail, or electronically by or at the direction of the Secretary, or upon a default in duty by the Secretary, by the President or the Directors calling the meeting.

**SECTION 3. Telephonic and Teleconference Meetings.** Regular and special meetings may also be conducted telephonically or by teleconference, subject to the notice requirements set forth hereafter in Sections 1 and 2.

**SECTION 4. Quorum.** A majority of the Board of Directors shall constitute a quorum, provided, that if less than such majority of the Directors is present at said meeting, a majority of the Directors present may adjourn the meeting from time to time; and provided further, that the Secretary shall notify any absent Directors of the time and place of such adjourned meeting. The act of the majority of the Directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

**SECTION 5. Presence of Others.** Any delegate, manager or Director of a member shall be entitled to be present at any board meeting and shall have a voice in the proceedings, provided, however, that only Directors of the Cooperative shall be entitled to vote. The Board of Directors by

a two-thirds vote of those present may meet in executive session, and the minutes of that meeting shall reflect any action taken.

# ARTICLE VI

# OFFICERS

**SECTION 1. Number.** The required officers of the Cooperative shall be the President, Vice President, Secretary, Treasurer, and such other officers as may be determined by the Board of Directors from time to time. The offices of Secretary and of Treasurer may be held by the same person.

**SECTION 2. Election and Term of Office.** The officers shall be elected by ballot, annually, by and for the Board of Directors at the meeting of the Board of Directors held immediately after the annual meeting of the members. If the election of officers shall not be held at such meeting, such election shall be held as soon thereafter as conveniently may be. Each officer shall hold office until the first meeting of the Board of Directors following the next succeeding annual meeting of the members or until his successor shall have been elected and shall have qualified. A vacancy in any office shall be filled by the Board of Directors for the unexpired portion of the term.

**SECTION 3. Removal of Officers and Agents by Directors.** Any officer or agent elected or appointed by the Board of Directors may be removed by the Board of Directors whenever in its judgment the best interests of the Cooperative will be served thereby.

**SECTION 4. President.** Unless otherwise determined by the Board, and unless otherwise required by Law, the Articles, or these Bylaws, the President:

    (a)    Shall preside, or designate another individual to preside, at all Board and Member Meetings;

    (b)    On the Cooperative's behalf, may sign any document properly authorized or approved by the Board; and

    (c)    Shall perform all other duties, shall have all other responsibilities, and may exercise all other authority, prescribed by the Board.

**SECTION 5. Vice President.** Unless otherwise determined by the Board, and unless otherwise required by Law, the Articles, or these Bylaws, the Vice-President:

    (a)    Upon the President's death, absence, disability, or inability or refusal to act, shall perform the duties, and have the powers, of the President; and

    (b)    Shall perform all other duties, shall have all other responsibilities, and may exercise all other authority, prescribed by the Board.

**SECTION 6. Secretary.** Unless otherwise determined by the Board, and unless otherwise required by Law, the Articles, or these Bylaws, the Secretary:

    (a)    Shall cause to be prepared the minutes of Board and Member Meetings;

    (b)    Shall be responsible for authenticating the Cooperative's records;

    (c)    May affix the Cooperative's seal to any document authorized or approved by the Board or Members; and

(d)     Shall perform all other duties, shall have all other responsibilities, and may exercise all other authority, prescribed by the Board.

**SECTION 7.   Treasurer.** Unless otherwise determined by the Board, and unless otherwise required by Law, the Articles, or these Bylaws, the Treasurer shall perform all duties, shall have all responsibility, and may exercise all authority, prescribed by the Board.

**SECTION 8. Other Officers.** The Board may elect or appoint other officers. Other Officers:

(a)     May be Directors, Cooperative employees, or other individuals;

(b)     Must be elected or appointed by the affirmative vote of a majority of current Directors;

(c)     May be elected by secret written ballot and without prior nomination;

(d)     May assist Required Officers; and

(e)     Shall perform all duties, shall have all responsibilities, and may exercise all authority, prescribed by the Board.

The same individual may simultaneously hold more than one (1) office. Unless allowed by Law, however, this individual may not execute, acknowledge, or verify any document in more than one (1) capacity.

**SECTION 9.   Manager.** The Board of Directors may appoint a general manager or chief executive officer who shall perform such duties and shall exercise such authority as the Board of Directors may from time to time vest in him. The general manager or chief executive officer shall not be eligible to serve as a Director of the Cooperative.

**SECTION 10.   Bonds of Officers.** At the Cooperative's expense, the Cooperative may purchase either a bond or comparable insurance covering any Cooperative Director, Officer, employee, agent, or representative charged with the responsibility for the custody of any of its funds or property.

**SECTION 11.   Compensation.** The compensation of officers shall be fixed by the Board of Directors, subject to the provisions of these bylaws with respect to compensation for Directors.

**SECTION 12.   Reports.** The officers of the Cooperative shall submit at each annual meeting of the members reports covering the business of the Cooperative for the previous fiscal year. Such reports shall set forth the condition of the Cooperative at the close of such fiscal year.

**SECTION 13. Indemnification of Officers, Directors, Employees and Agents; Insurance.**

(a)     The Cooperative shall indemnify any person who was or is a party or is threatened to be made a party to any threatened pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the Cooperative) by reason of the fact that he is or was a Director, officer, employee or agent of the Cooperative, or is or was serving at the request of the Cooperative as a Director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with such action, suit or proceeding if

he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the Cooperative and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the Cooperative, and, with respect to any criminal action or proceeding, had reasonable cause to believe that his conduct was unlawful.

(b)  The Cooperative shall indemnify any person who was or is a party or is threatened to be made a party to any threatened pending or completed action or suit by or in the right of the Cooperative to procure a judgment in its favor by reason of the fact that he is or was a Director, officer, employee or agent of the Cooperative or is or was serving at the request of the Cooperative as a Director, officer, employee or agent of another corporation, cooperative, partnership, joint venture, trust or other enterprise against expenses (including attorneys' fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the Cooperative and except that no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable for negligence or misconduct in the performance of his duty to the Cooperative unless and only to the extent that the court in which such action or suit be brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which such court shall deem proper.

(c)  To the extent that a Director, officer, employee or agent of a cooperative has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections (a) and (b), or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith.

(d)  Any indemnification under the foregoing provision of this section (unless ordered by a court) shall be made by the Cooperative only as authorized in the specific case upon a determination that indemnification of the Director, officer, employee or agent is proper in the circumstances because he has met the applicable standard of conduct as set forth in subsections (a) and (b). Such determinations shall be made (i) by the Board of Directors by a majority vote of a quorum consisting of Directors who were not parties to such action, suit or proceeding, or (ii) if such quorum is not obtainable, or, even if obtainable a quorum of disinterested Directors so directs, by independent legal counsel in a written opinion, or (iii) by the members of the Cooperative.

(e)  Expenses incurred in defending a civil or criminal action, suit or proceeding may be paid by the Cooperative in advance of the final disposition of such action, suit or proceeding as authorized by the Board of Directors in the specific case upon receipt of an undertaking by or on behalf of the Director, officer, employee or agent to repay such amount unless it shall ultimately be determined that he is entitled to be indemnified by the Cooperative as authorized in this section.

(f)  The indemnification provided by this section shall not be deemed exclusive of any other rights to which those seeking indemnity may be entitled under any bylaws,

agreement, vote of members or disinterested Directors or otherwise, both as to action in his official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a Director, officer, employee or agent and shall inure to the benefit of the heirs, executors and administrators of such a person.

(g) The Cooperative may purchase and maintain insurance on behalf of any person who is or was a Director, officer, employee or agent of the Cooperative, or is or was serving at the request of the Cooperative as a Director, officer, employee or agent of another corporation, cooperative, partnership, joint venture, trust or other enterprise against any liability asserted against him and incurred by him in any such capacity or arising out of his status as such whether or not the Cooperative would have the power to indemnify him against such liability under the provisions of this section.

## ARTICLE VII

## NON-PROFIT OPERATION

**SECTION 1. Interest or Dividends on Capital Prohibited.** The Cooperative shall at all times be operated on a cooperative non-profit basis for the mutual benefit of its member patrons. No interest or dividends shall be paid or payable by the Cooperative on any patronage capital furnished by its member patrons.

**SECTION 2. Patronage Capital in Connection with Furnishing Electric Energy.** In the furnishing of electric energy the Cooperative's operations shall be so conducted that all member patrons will through their patronage furnish capital for the Cooperative. In order to induce patronage and to assure that the Cooperative will operate on a non-profit basis the Cooperative is obligated to account on a patronage basis to all its member patrons for all amounts received and receivable from the furnishing of electric energy in excess of the sum of (a) operating costs and expenses properly chargeable against the furnishing of electric energy, (b) amounts required to offset any losses incurred during the current or any prior fiscal year, and (c) a surplus or contingency reserve as required in the judgment of the Board of Directors to provide for reasonable reserves for the payment of the incremental cost of electric power and energy purchased by the Cooperative for resale to its member patrons; provide for the adoption of margin stabilization plans, revenue or expense deferral plans or other plans that provide for the retention of revenues and receipts in excess of those needed to meet current losses and expenses. All such amounts in excess of operating costs, expenses, losses, and reserves as set forth in (a) (b) and (c) above at the moment of receipt by the Cooperative are received with the understanding that they are furnished by the member patrons as capital. The Cooperative is obligated to pay by credits to a capital account for each member patron all such amounts in excess of operating costs, expenses, losses, and reserves as set forth in (a) (b) and (c) above. The books and records of the Cooperative shall be set up and kept in such a manner that at the end of each fiscal year the amount of capital, if any, so furnished by each member patron is clearly reflected and credited in an appropriate record to the capital account of each member patron, and the Cooperative shall within a reasonable time after the close of the fiscal year notify each member patron of the amount of capital so credited to his account. All such amounts credited to the capital account of any member patron shall have the same status as though they had been paid to the member patron in cash in pursuance of a legal obligation to do so and the member patron had then furnished the Cooperative corresponding amounts for capital.

All other amounts received by the Cooperative from its operations in excess of costs and expenses shall, insofar as permitted by law, be (a) used to offset any losses incurred during the current or any prior fiscal year and (b) to the extent not needed for that purpose, allocated to its member

patrons on a patronage basis and any amount so allocated should be included as part of the capital credited to the accounts of member patrons, as herein provided.

In the event of dissolution or liquidation of the Cooperative, after all outstanding indebtedness of the Cooperative shall have been paid, outstanding capital credits shall be retired without priority on a pro rata basis before any payments are made on account of property rights of members. If, at any time prior to dissolution or liquidation the Board of Directors shall determine that the financial condition of the Cooperative will not be impaired thereby, the capital credited to member patrons' accounts may be retired in full or in part.

The Board of Directors shall determine the method, basis, priority and order of retirement, if any, for all amounts furnished as capital. The Board of Directors shall have the power to adopt rules providing for the separate retirement of that portion ("power supply portion") of capital credited to the accounts of member patrons which corresponds to capital credited to the account of the Cooperative by an organization furnishing electric service to the Cooperative.

Capital credited to the account of each member patron shall be assignable only on the books of the Cooperative pursuant to written instruction from the assignor and only to successors in interest in the business or the physical assets of such member patron unless the Board of Directors, acting under policies of general application, shall determine otherwise.

**SECTION 3. Patronage in Connection with Furnishing Other Services.** In the event that the Cooperative should engage in the business of furnishing goods or services other than electric energy, all amounts received and receivable therefrom which are in excess of costs and expenses properly chargeable against the furnishing of such goods or services shall, insofar as permitted by law, be allocated to member patrons on a patronage basis.

## ARTICLE VIII

## DISPOSITION OF PROPERTY

**SECTION 1. Encumbering Cooperative Property.** The Board of Directors shall have full power to authorize the execution and delivery of a mortgage or mortgages, or a deed or deeds of trust of, or the pledging of encumbering of any or all of the property, assets, rights, privileges, licenses, franchises and permits of the Cooperative, whether acquired, or to be acquired, and wherever situated, as well as the revenues therefrom, all upon such terms and conditions as the Board of Directors shall determine, to secure any indebtedness of the Cooperative to United States of America or any agency or instrumentality thereof, or any other lender.

**SECTION 2. Other Disposition of Property.** Except as provided in Section 1 of this Article, the Cooperative may not sell, lease, or otherwise dispose of all or a substantial portion of its property, unless such sale, lease or other disposition is authorized by the affirmative vote of not less than a majority of all members of the Cooperative; members voting thereon must be present and vote in person, provided, however, that notwithstanding any other provision of this Article, or any other provisions of law, the Board of Directors may, upon the authorization of a majority of all members of the Cooperative at a meeting of the members thereof, called for that purpose, sell, lease, or otherwise dispose of all or a substantial portion of its property to another cooperative or to the holder or holders of any notes, bonds or other evidences of indebtedness issued to United States of America, or any agency or instrumentality thereof, or any other lender.

**SECTION 3. Compacts.** Notwithstanding the provisions of Article VIII, Sections 1 and 2, the Cooperative and members may enter into a compact or compacts that provide a method to retain in an integrated system, the electric utility assets of the Cooperative or any member that may

propose to transfer its electric utility assets, other than in the normal course of business, while allowing the Cooperative or that member to receive market price for its assets.

## ARTICLE IX

## MISCELLANEOUS

**SECTION 1.  SEAL.**  The Corporate seal of the Cooperative shall be in the form of a circle and shall have inscribed thereon the name of the Cooperative and the words "Corporate Seal."

**SECTION 2.  Fiscal Year.**  The fiscal year of the Cooperative shall begin on the first day of January of each year and shall end on the thirty-first day of December of the same year.

**SECTION 3. Governing Law.**  These Bylaws must be governed by, and interpreted under, the laws of the State of South Dakota.

**SECTION 4. Membership and Investments in Other Organizations.**  The Cooperative to the extent not prohibited by law, upon the authorization of the Board of Directors may engage in, own and operate any business, become a member of or acquire an ownership or financial interest including the purchase of stock in any other organization including but not limited to a Cooperative, Corporation, Partnership, Limited Partnership, Joint Venture, Limited Liability Company or other legal entity; when the Board of Directors determine that it is to the benefit and advantage of the Cooperative to do so.

**SECTION 5.  Waiver of Notice.**  Any member, delegate or Director may waive in writing any notice of a meeting required to be given by these bylaws, either before or after each meeting. The attendance of a member, delegate or Director at any meeting shall constitute a waiver of notice of such meeting by such member, delegate or Director, except in case a member, delegate or Director shall attend a meeting for the express purpose of objecting to the transaction of any business on the ground that the meeting has not been lawfully called or convened.

**SECTION 6.  Audits.**  The Board of Directors shall after the close of each fiscal year cause to be made by a certified public accountant an audit of the accounts, books and financial condition of the Cooperative as of the end of such fiscal year.  A report of such audit shall be submitted to the members at the following annual meeting.

**SECTION 7. Gender.**  Wherever the masculine gender appears in these bylaws such gender shall include the feminine gender and vice versa.

**SECTION 8. Rules of Parliamentary Procedure.**  Parliamentary procedure at all meetings of the members, of the Board of Directors, of any committee provided for in these bylaws and of any other committee of the members or Board of Directors which may from time to time be duly established shall be governed as far as practical by the then current Roberts Rules of Order, except to the extent such procedure is otherwise determined by law or by the Cooperative's articles of incorporation or bylaws.

## ARTICLE X

## AMENDMENTS

**SECTION 1.  Standard Amending Procedure.**  These bylaws may be altered, amended or repealed by the members at any regular or special meeting by the affirmative vote of a majority of those members voting thereon, provided the notice of such meeting shall contain a copy of the proposed alteration, amendment or repeal. Any amendment which is germane to the proposed

alteration or amendment specified in the notice and submitted at such meeting may be acted upon at said meeting with the same force and effect as though it had been contained in the notice of the meeting.

**SECTION 2. Initiated Amendments.** Proposed alterations, amendments or repeals to the bylaws may be initiated by the members by filing with the Cooperative at least sixty (60) days prior to the date of a special or regular membership meeting, a petition signed by at least one third (1/3) of the members of the Cooperative, setting forth the proposed alterations, amendments or repeals and requesting that same be submitted to the membership for approval or rejection. Upon receipt of such a petition, the Cooperative shall give notice of said proposed alterations, amendments or repeals as provided herein and submit same to the membership for rejection or approval at the next regular or special meeting thereof.

## CERTIFICATE OF SECRETARY

I, Ervin Fink, do hereby certify that I am the Secretary of East River Electric Power Cooperative, Inc. (hereinafter called the "Cooperative"); that I am responsible for the official records, minutes and seal of the Cooperative; that the attached document is a true, complete and correct copy of the bylaws of the Cooperative as originally adopted with all alterations and amendments shown thereon to the date hereof; and that the said bylaws and amendments shown thereof have not been rescinded or modified, and are now in effect.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Cooperative this 9th day of September, 2015.

*/s/ Ervin Fink*
Secretary
East River Electric Power Cooperative, Inc.

(SEAL)