UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DAKOTA ENERGY COOPERATIVE, INC., | ) ) ) | CIV. 4:20-CV-04192-LL |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MOTION TO QUASH SUBPOENAS** |
| EAST RIVER ELECTRIC POWER COOPERATIVE, INC., and BASIN ELECTRIC POWER COOPERATIVE | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMBERS OF DAKOTA ENERGY COOPERATIVE, INC. AND INDIVIDUALS MOTION TO QUASH SUBPOENAS IN A CIVIL ACTION

Dave Eide, Pat Doak, Ruth Ann Hanson, Twyla Folk, and Jim Propst, Members of Dakota Energy Cooperative, Inc., and Douglas Hart, an individual, ("Members/Individuals") are, pursuant to Fed. R. Civ. P. 45(c), filing this Motion to Quash Subpoenas in a Civil Action, seeking an Order from this Court quashing the Plaintiff's Third-Party Subpoenas issued by Dakota Energy Cooperative, Inc. in the above-captioned matter.

Movant, "Members/Individuals" are members of the Dakota Energy Cooperative, Inc. pursuant to the Bylaws approved in 2006, with the exception of Douglas Hart. Dakota Energy Cooperative, Inc. is headquartered in South Dakota.

Dakota Energy Cooperative, Inc. ("Dakota Energy") served third-party subpoenas on Dave Eide, Pat Doak, Ruth Ann Hanson, Twyla Folk, Jim Propst and Douglas Hart,, Members/Individuals, demanding the following: 1. Documents and communications referring to

the actual, potential, or proposed withdrawal of Dakota Energy Cooperative, Inc. as a member of East River Power Cooperative Inc. ("East River"), 2. Documents and communications that refer or relate to Dakota Energy's right, or lack thereof, to withdraw as a member of East River, including the termination of any Wholesale Power Contract with East River. 3. Documents or communications that refer or relate to East River's Bylaws, including but not limited to any equitable terms and conditions that might or could apply to Dakota Energy's actual or potential withdrawal from East River. 4. Documents or communications with East River or any of its employees, agents, attorneys, or representatives that refer or relate to the Petition, the Lawsuit, or the subject matter of the Lawsuit. 5. Documents or communication with Basin or any of its employees, agents, attorneys, or representatives that refer or relate to the Petition, the Lawsuit, or the subject matter of the Lawsuit. 6. Documents or communications with anyone that refer or relate to any compensation or other funds for the advancement or reimbursement of expenses received in connection with the Petition and efforts to obtain signatures.

The subpoenas are improper for two reasons. *First*, the information demanded by Dakota Energy is privileged under the First Amendment. Forcing Members/Individuals to disclose such information would chill the associational rights of the Members/Individuals because Dakota Energy will use the information to identify and harass them and people who are supporting their Petition effort to allow Members to vote on whether to dismiss Dakota Energy's lawsuit against East River and Bylaw amendments. *Second*, the subpoena creates an undue burden on the Member/Individuals because information demanded by Dakota Energy is irrelevant to the Dakota Energy Cooperative, Inc. v. East River Electric Cooperative, Inc. and Basin Electric Power Cooperative, Civil Action No. 4 20-CV-04192-LL, in the United States District Court for the District of South Dakota. Thus, this Court should quash the subpoenas in their entirety.

2

## I.   JURISDICTION

The subpoenas on Members/Individuals call for compliance in Watertown, South Dakota. Therefore, under Fed. R. Civ. Pro. 45(3)(A), this is the Court for the "district where compliance is required" and the proper court to rule on the Motion to Quash the subpoenas.

## II.   FACTS

On July 20, 2021, members of Dakota Energy Cooperative, Inc. personally delivered about three hundred signatures to Dakota Energy Cooperative, Inc. demanding that Dakota Energy hold a special meeting pursuant to its Bylaws to vote on a Proposed Resolution to dismiss the pending lawsuit between Dakota Energy and East River Electric, and to amend the Bylaws by requiring the Board of Dakota Energy to give notice of Board meetings to Members at least fourteen days before the meeting, to require the Secretary to provide meeting minutes to Members upon request, and to require a two-thirds vote of the full membership to change wholesale power suppliers.

On August 3, 2021, two weeks after receiving the Petitions from its Members, Dakota Energy filed a Notice of Subpoena on its members and an individual who circulated petitions, specifically: Dave Eide, Pat Doak, Ruth Ann Hanson, Twyla Folk, Jim Propst, and Douglas Hart. The Members/Individuals, except for Jim Propst, were then served on August 6, 2021 or later.  Jim Propst had not been served by the time of this filing.

## III.   ARGUMENT

### A.   The Subpoenas on Dave Eide, Pat Doak, Ruth Ann Hanson, Twyla Folk, Jim Propst, and Douglas Hart,  Should Be Quashed Because the Information Sought is Privileged under the First Amendment.

In the context of discovery, the First Amendment creates a qualified privilege from disclosure of certain associational information.  *See NAACP v. State of Ala*., 357 U.S. 449, 462-63, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958).  Because the privilege is not absolute, a court employs

a burden-shifting analysis when evaluating claims of associational privilege in the discovery context.  *In re Motor Fuel Temp. Sales Practices Lit*., 707 F. Supp. 2d 1145, 1152 (D. Kan. 2010).

The party asserting the privilege must first make a *prima facie* showing that the privilege applies by demonstrating "an objectively reasonable probability that compelled disclosure will chill associational rights, *i.e.* that disclosure will deter membership due to fears of threats, harassment or reprisal from either government officials or private parties which may affect members' physical well-being, political activities or economic interests."  *Id*. at 1152-53 (citing authority).  Once that *prima facie* showing is made, the burden shifts to the party seeking discovery to demonstrate a "compelling need" for the requested information.  *Id*. at 1153 (citing authority).[1]

The act of serving subpoenas on members of Dakota Energy who circulated or signed petitions will deter other members and individuals from asserting their membership rights. Members of Dakota Energy fear that, if Dakota Energy's Board obtains the information demanded in its subpoena, it will use that information to identify and harass the organization of members of Dakota Energy who were involved in circulation petitions, which would deter other members from joining the organization of members to help with the campaign in support of the Petition demanding the meeting and election.  There is an objectively reasonable probability that a compelled disclosure will chill the associational rights of the members of Dakota Energy.

As such, Members have made out a *prima facie* case that the information demanded by Dakota Energy is privileged under the First Amendment, and Dakota Energy will be unable to

---

[1]   The Court should consider the following factors when deciding whether Dakota Energy has a compelling need for information relating to the targeted Members and activities:  "(1) the relevance of the information sought; (2) plaintiffs' need for the information; (3) whether the information is available from other sources; (4) the nature of the information sought; and (5) whether defendants have placed the information in issue."  *In re Motor Fuel Temp. Sales Practices Lit*., 707 F. Supp. 2d at 1153.  Clearly, in this case, the information sought is not relevant, the plaintiff has no need for the information, and East River has not placed the information into issue.

show a compelling need for that information because it is irrelevant to the facts at issue in the case before this Court.  Accordingly, the Court should quash the subpoenas on Dave Eide, Pat Doak, Ruth Ann Hanson, Twyla Folk, Jim Propst, and Douglas Hart under the First Amendment.

**B.    The Subpoenas on Dave Eide, Pat Doak, Ruth Ann Hanson, Douglas Hart, Twyla Folk, and Jim Propst Should Be Quashed or Modified Because It Subjects Them to an Undue Burden.**

Rule 45 of the Federal Rules of Civil Procedure provided that a court "***must*** quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii) (emphasis added).  Accordingly, a court should quash or modify a subpoena that seeks irrelevant information, or "where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F. 3d 922, 925 (8th Cir. 1999).  Similarly, a court may refuse to enforce a subpoena to prevent "abuse of its process . . ." *Fernandez v. N. Dakota*, No. 1:12-CV-00161, 2013 WL 6710636, at *1 (D.N.D. Dec. 18, 2013) (citing and quoting *Stockdale v. Stockdale*, No. 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009); *Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir. 1980) (*per curiam*).

As established above, the information demanded by Dakota Energy in the subpoena concerning the documents and communications, people involved, activities, and internal workings of Members/Individuals is irrelevant to the claims and facts at issue in this case.  The information Dakota Energy is seeking from Members is not relevant to its lawsuit against East River.  Clearly, Dakota Energy seeks this information merely so it can identify targets for harassment and/or future lawsuits or administrative proceedings.  In addition, using the lawsuit as an avenue to serve subpoenas on members and individuals associated with them is an abuse of process.  Therefore, the subpoenas subject Dave Eide, Pat Doak, Ruth Ann Hanson, Twyla Folk, Jim Propst, and

Douglas Hart, to an undue burden, and the Court should quash them or modify the subpoenas so that they are directed to relevant and non-privileged information.

**IV.     CONCLUSION**

For the foregoing reasons, the Court should grant this Motion and issue an order quashing the subpoenas on Dave Eide, Pat Doak, Ruth Ann Hanson, Twyla Folk, Jim Propst, and Douglas Hart.

Respectfully submitted this 19th day of August, 2021.

GUNDERSON, PALMER, NELSON
& ASHMORE, LLP


By: */s/ Marty J. Jackley*_____
        Marty J. Jackley
        Attorneys for Non-Party Members of
        Dakota Energy Cooperative, Inc.
        111 West Capitol Ave., Suite 230
        Pierre, South Dakota 57501
        Telephone: (605) 494-0105
        E-Mail: mjackley@gpna.com

**CERTIFICATE OF SERVICE**

I hereby certify on August 19, 2021, a true and correct copy of the foregoing was served

electronically through the CM/ECF system on the following individuals:

Lee Schoenbeck
Schoenbeck Law P.C.
1200 Mickelson Dr., Ste. 310
Watertown, SD 57201

Joel S. Neckers
Wheeler Trigg O'Donnell LLP
370 17th St. Ste. 4500
Denver, CO 80202

*Attorneys for Dakota Energy Cooperative, Inc.*

By: */s/ Marty J. Jackley*
Marty J. Jackley