UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC., | 4:20-CV-04192-LLP |
| Plaintiff/Counter-Claim Defendant, | |
| vs. | |
| EAST RIVER ELECTRIC POWER COOPERATIVE, INC., | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL BY DAKOTA ENERGY COOPERATIVE, INC. |
| Defendant/Counter-Claim Plaintiff/Cross-Claim Defendant, | |
| and | Docket No. 69 |
| BASIN ELECTRIC POWER COOPERATIVE, | |
| Intervenor-Defendant/Counter-Claim Plaintiff/Cross-Claim Plaintiff. | |

**INTRODUCTION**

This matter is pending before the court on the complaint by Dakota Energy Cooperative, Inc. (hereinafter "Dakota Energy") seeking to extricate itself from a wholesale power contract ("WPC") with East River Electric Power Cooperative, Inc. ("East River"). Docket No. 1-1 at pp. 2-12. East River removed this matter from South Dakota state court pursuant to 28 U.S.C. § 1442(a)(1), asserting that it acted under the direction of a federal officer.

Docket No. 1 at pp. 2-3.  Basin Electric Power Cooperative ("Basin") later intervened in the action.  Docket Nos. 23 & 38.  Now pending is a motion to compel discovery by Dakota Energy.  Docket No. 69.  The parties have consented to this magistrate judge resolving that motion.  Id.

**FACTS**

Basin generates power and sells and transmits it to its Class A members for resale and retransmission to its Class C members.  East River is a Class A member of Basin; its membership predates 2015.  Dakota Energy is a Class C member of Basin; its membership also predates 2015.  Each Class C member of Basin enters into a long-term WPC with a Class A member.  East River in turn has a long-term, all-requirements WPC with Basin.

On August 6, 2015, East River extended its WPC with Basin to December 31, 2075, sixty (60) years into the future.  On August 6, 2015, East River also extended its WPC with Dakota Energy to December 31, 2075.

Dakota Energy alleges that East River greatly increased the electricity rates for Dakota Energy in recent years, an increase that was necessarily passed on to Dakota Energy consumers.  Dakota Energy sought to withdraw from East River, which East River declined to grant.

Dakota Energy brought suit asking, in part, for a declaration of Dakota Energy's right to withdraw from East River under East River's bylaws upon Dakota Energy's compliance with equitable terms and conditions.  East River and Basin have counterclaimed.

2

The district court issued a scheduling order bifurcating the discovery and motions practice in this case.  Docket No. 57.  Discovery on Phase One is to be ongoing until November 15, 2021.  Id. at p. 2, ¶ 3.  The scope of discovery for Phase One as set forth by the district judge is as follows:

a.  The negotiation, execution, and decision by Dakota to enter into the 1995 WPC, the 2006 amendment to the WPC (extending the term to 2058), and the 2015 amendment to the WPC (extending the term to 2075);

b.  Communications with Guzman Energy or any other power supplier or marketer regarding a buyout, termination, or withdrawal right;

c.  Dakota's interpretation of the WPC;

d.  Any parole or other extrinsic evidence that Dakota believes supports its interpretation of the WPC and Bylaws as to the Phase One issues, including but not limited to such evidence Dakota claims is relevant to show course of dealing and/or custom and usage;

e.  Depositions of any expert witnesses designated by Dakota Energy.

f.  Discovery about the terms of becoming and terminating membership in East River.

Id. at pp. 2-3, ¶ 5.

Dakota Energy served Basin with discovery requests and Basin responded thereto on August 16, 2021.  Docket No. 69-3.  Basin objected to (1) request for production of documents ("RFP") no. 4 and interrogatory no. 2; (2) RFP nos. 7 and 10; and (3) interrogatory nos. 5 and 6.  The parties conferred by letter, email, and phone between August 17 and 23, but were unable to resolve their dispute.  Docket No. 69.  They have submitted these

issues to this magistrate judge via an expedited process and have agreed to be bound by this court's decision.

**DISCUSSION**

**A.     RFP No. 4 and Interrogatory No. 2**

Dakota Energy's RFP no. 4 and Basin's response are as follows:

> Produce all loan agreements or covenants between Basin Electric and any lenders, including those related to any liabilities listed as current liabilities in YOUR Consolidated Balance Sheets as of March 31, 2021.
>
> **RESPONSE:**  Basin incorporates its General Objections as though fully set forth therein.  Basin further objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information that is not relevant to the claims or defenses asserted in this action and discovery that is not proportional to the needs of this case.  Basin objects to this Request to the extent that it seeks discovery regarding topics that the Court determined are beyond the scope of Phase One of discovery and is unrelated to Dakota's right to terminate the Dakota-East River WPC and/or withdraw from East River and/or Basin.  Basin further objects to this Request to the extent that it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Id. at pp. 15-16.

Dakota Energy's interrogatory no. 2 and Basin's response thereto are as follows:

> IDENTIFY any entity from which Basin Electric has borrowed money that has not been fully re-paid, including the holders of any debt listed as a current liability in YOUR Consolidated Balance Sheets as of March 31, 2021.
>
> **RESPONSE:**  Basin incorporates its General Objections as though fully set forth therein.  Basin objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information that is not relevant to the claims or defenses asserted in this action and discovery that is

not proportional to the needs of this case.  Basin objects to this
Interrogatory to the extent that it seeks discovery regarding topics
that the Court determined are beyond the scope of Phase One of
discovery and is unrelated to Dakota's right to terminate the
Dakota-East River WPC and/or withdraw from East River and/or
Basin.  Basin further objects to this Interrogatory to the extent that
it seeks information that is protected under the attorney-client
privilege, the attorney work product doctrine, or any other
applicable privilege.  Basin further objects to this Interrogatory as
unnecessarily duplicative and cumulative of Request for
Production No. 4.

Id. at p. 5.

In its letter brief to this court, Basin does not argue that these discovery

requests are not proportional to the needs of the case, that they are irrelevant,

or that they are privileged.  Docket No. 69-2.  What Basin does focus on in its

brief is the argument that the requested discovery is beyond the scope of Phase

One discovery as determined by the district court.  Id. at p. 3.

Dakota Energy asserts Basin's loan agreements will almost certainly

address the issue of member withdrawals from Basin and that this constitutes

"parol or extrinsic evidence" as allowed by the district court's scheduling order.

Docket No. 69-1 at p. 4.  Basin argues that Dakota Energy specifically asked

the district court to include loan agreements in Phase One discovery (at Docket

No. 50 at p. 4), and the fact that the court did not include that language in its

scheduling order means the court rejected Dakota Energy's request to be

allowed to discover loan documents.  Docket No. 69-2 at p. 3.  Despite Basin's

belief that loan documents are beyond the scope of discovery in Phase One, it

represents it will provide Dakota Energy with loan documents if they are

relevant and related to withdrawal or termination of a member.  Id. at p. 4.

The parties do not address what substantive law governs their membership agreements or their WPCs.  The court is aware that energy is an area highly regulated by the federal government—indeed, it was the basis of East River's removal of this action to federal court.  Without guidance from the parties, the court examines "parol" and "extrinsic evidence" with reference to South Dakota law.[1]

Parol or extrinsic evidence is admitted to determine the meaning of a contract when the court finds the contract to be ambiguous.  Roseth v. Roseth, 829 N.W.2d 136, 142 (S.D. 2013).  However, parol evidence may not be introduced to contradict the written terms in the contract.  Id.  Generally, parol evidence consists in statements and a course of dealing *between the contractual parties themselves* to explain the ambiguous contract provision.  Id. at 143-44.  See also Aerotronics, Inc. v. Pneumo Abex Corp., 62 F.3d 1053, 1060-61 (8th Cir. 1995) (parol evidence, when admissible, is considered to determine what was in the minds of the contractual parties when they entered into the contract).

Here, what Dakota Energy seeks is not parol or extrinsic evidence between itself and Basin, or between itself and East River.  Instead, it seeks extrinsic evidence of what Basin and its lender(s) may have written in their loan agreements about the possibility of termination of a member.  Even if a contract were ambiguous, this would not be admissible parol evidence because it is not evidence of statements or a course of dealing between the contractual

---

[1] The court is aware that Basin is based in Bismark, North Dakota.

6

parties themselves.  One might have any number of reasons to misrepresent or obscure the terms of a contract with a third person who is not a party to that contract.  That representation to a third party cannot change or influence the terms of the contract between the contractual parties themselves.

This court understands the district court's allowance of discovery of parol and extrinsic evidence in Phase One discovery to be an allowance of discovery about *the contractual parties' own statements and course of dealing with each other*, not with third parties who are not part of the contract.  Basin's objections to RFP no. 4 and interrogatory no. 2 are sustained.  To the extent Basin is in possession of loan documents that are relevant and that are related to withdrawal or termination of a member, consistent with Basin's representation to  this court, Basin must produce those documents.  No other loan documents need be produced.

## B.    RFP Nos. 7 and 10

Dakota Energy's RFP nos. 7 & 10 and Basin's responses are as follows:

**REQUEST NO. 7:**  Produce all DOCUMENTS and COMMUNICATIONS in the custody, possession, or control of Basin Electric (or any of its directors, officers, employees, members, or agents) that discuss in any way or related in any way to the seven cooperative principles and how these principles apply to any actual, potential, or proposed request from an East River member to withdraw from membership in East River or Basin Electic.

**RESPONSE:**  Basin incorporates its General Objections as though fully set forth therein.  Basin objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information that is not relevant to the claims or defenses asserted in this action and discovery that is not proportional to the needs of this case.  Basin objects to this Request to the extent that it seeks discovery regarding topics that the Court determined are beyond the scope of Phase One of

7

discovery and is unrelated to Dakota's right to terminate the Dakota-East River WPC and/or withdraw from East River and/or Basin.  Basin further objects to this Request to the extent that it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Basin further objects to this Request as vague to the extent it relies on the undefined phrases "East River member" and "seven cooperative principles."  Basin further objects to this request as duplicative of Request Nos. 6, 8, and 9.

Subject to the foregoing objections, Basin states that it will not search for documents responsive to this Request beyond what it has agreed to produce in response to Request Nos. 6, 8, and 9.

**REQUEST NO. 10:**  Produce all DOCUMENTS and COMMUNICATIONS in the custody, possession, or control of Basin Electric (or any of its directors, officers, employees, members, or agents) that discuss in any way or relate in any way to the seven cooperative principles and how these principles apply to any actual, potential, or proposed request from a Class A member of Basin to withdraw from membership in Basin Electric.

**RESPONSE:** Basin incorporates its General Objections as though fully set forth therein.  Basin objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information that is not relevant to the claims or defenses asserted in this action and discovery that is not proportional to the needs of this case.  Basin objects to this Request to the extent that it seeks discovery regarding topics that the Court determined are beyond the scope of Phase One of discovery and is unrelated to Dakota's right to terminate the Dakota-East River WPC and/or withdraw from East River and/or Basin.  Basin further objects to this Request to the extent that it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Basin further objects to this Request as vague to the extent it relies on the undefined phrases "East River member" and "seven cooperative principles."

Subject to the foregoing objections, Basin states that it will not search for documents responsive to this Request beyond what it has agreed to produce in response to Request Nos. 6, 8, and 9.

Docket No. 69-3 at pp. 17-19.

In its letter brief, Basin argues only that the requested discovery is beyond the scope of what the district court allowed for in Phase One. Docket No. 69-2 at p. 3. Therefore, the court does not discuss the other objections asserted in Basin's formal discovery response.

Basin argues that Dakota Energy specifically asked the district court to be allowed to conduct discovery into the "Seven Cooperative Principles" in Phase One. Id. (citing Docket No. 50 at p. 5). The fact that the district court did not specifically authorize discovery into the "Seven Cooperative Principles" in its order (Docket No. 57 at pp. 2-3) means, according to Basin, that the court disallowed that discovery. Despite Basin's objections to RFP nos. 7 and 10, it represents that it will produce to Dakota Energy all relevant documents that relate to withdrawal or termination of a member even if the document discusses the seven principles. Docket No. 69-2 at p. 4.

Dakota Energy asserts that the first of the seven principles is "voluntary and open membership" or "open and voluntary membership," and, as such, it is directly relevant to Dakota Energy's effort to withdraw. Docket No. 69-1 at p. 5. Dakota Energy argues the cooperative principle on its face relates to the nature of cooperative membership and thus is discoverable. Id.

Basin's rejoinder is that entry into the cooperative is indeed open and voluntary "to all people who can reasonably use its services and stand willing to accept the responsibilities of membership," which is the entire principle, quoted out of context by Dakota Energy. Docket No. 69-2 at p. 2 n.2. Basin argues that once a member does voluntarily enter and voluntarily assumes

9

contractual responsibilities, the member is not allowed to breach its contractual commitments.  Id.

Dakota Energy never explains to the court what all seven principles are. Dakota Energy never represents that the seven principles were incorporated by reference into its WPC or membership contracts with Basin or East River. Dakota Energy never asserts that the seven principles were in any other way made contractually binding on the parties.  The court finds the requested discovery—with the exception of the documents Basin has represented it *will* produce—is beyond the scope of Phase One.  The court accordingly denies Dakota Energy's motion to compel further responses to RFP nos. 7 and 10.

## C.    Interrogatory Nos. 5 and 6

The final set of discovery requests at issue in Dakota Energy's motion to compel are interrogatory nos. 5 and 6.  Those requests, and Basin's responses thereto, are as follows:

> **INTERROGATORY NO. 5:**  IDENTIFY any current or former member of Basin Electric that withdrew from another generation and transmission electrical cooperative prior to becoming a member of Basin Electric.
>
> **RESPONSE:**  Basin incorporates its General Objections as though fully set forth therein.  Basin objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information that is not relevant to the claims or defenses asserted in this action and discovery that is not proportional to the needs of this case.  Basin objects to this Interrogatory to the extent that it seeks discovery regarding topics that the Court determined are beyond the scope of Phase One of discovery and is unrelated to Dakota's right to terminate the Dakota-East River WPC and/or withdraw from East River and/or Basin.  Basin further objects to this Interrogatory to the extent that it seeks documents and/or information outside of the possession, custody, or control of Basin, or that could be obtained more

10

conveniently from a source other than Basin.  Basin further objects to this Interrogatory to the extent that it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

**INTERROGATORY NO. 6:**  IDENTIFY each electrical distribution cooperative in the United States of which YOU are aware that:  (a) has withdrawn as a member-owner of a generation and transmission electrical cooperative; (b) has requested to withdraw as a member-owner of a generation and transmission electrical cooperative; or (c) has asked to receive equitable terms and conditions for withdrawal as a member-owner of a generation and transmission electrical cooperative.

**RESPONSE:**  Basin incorporates its General Objections as though fully set forth therein.  Basin objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information that is not relevant to the claims or defenses asserted in this action and discovery that is not proportional to the needs of this case.  Basin objects to this Interrogatory to the extent that it seeks discovery regarding topics that the Court determined are beyond the scope of Phase One of discovery and is unrelated to Dakota's right to terminate the Dakota-East River WPC and/or withdraw from East River and/or Basin.  Basin further objects to this Interrogatory to the extent that it seeks documents and/or information outside of the possession, custody, or control of Basin, or that could be obtained more conveniently from a source other than Basin.  Basin further objects to this Interrogatory as unduly burdensome.  Basin further objects to this Interrogatory to the extent that it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Docket No. 69-3 at pp. 7-8.

Despite the voluminous objections in its formal response, in its letter brief to this court, Basin argues only that the interrogatories require it to "search for and provide historical and encyclopedic knowledge regarding *every* distribution cooperative that has *ever* withdrawn from any electrical producing cooperative *in the history of the rural electric cooperative system.*"  Docket No.

11

69-2 at p. 5.  As such, Basin argues the interrogatory is overly broad and unduly burdensome.  Id.

Basin points out the search it would be required to undertake to discover this information could just as easily be undertaken by Dakota Energy itself.  Id. Again, Basin agrees it will produce documents in its possession related to termination and withdrawal even if they concern irrelevant cooperatives with unique contracts under unique law and regulation.  Id.

Dakota Energy argues that the information it seeks is highly probative of industry custom and practice related to member withdrawals.  Docket No. 69-1 at p. 5.  Dakota Energy does not address the overbreadth, burdensomeness, or equal access arguments raised by Basin.

The information is probably highly relevant, as Dakota Energy posits. But if such information is not in Basin's possession, it should not have to seek it out.  Dakota Energy is equally competent to seek out such information from third sources.  Furthermore, the request is not limited in duration and, for that reason, is overbroad.

The court grants Dakota Energy's motion to compel, but modifies the requests as follows:  Basin shall provide answers to interrogatory nos. 5 and 6 by providing information that is already within its knowledge.  Basin is not required to search out any further information other than what it already is aware of.  Furthermore, Basin's answers are limited to members who have withdrawn from their cooperatives within the last ten (10) years.

If Dakota Energy wishes more information along these lines, it will have to seek it out from third parties via subpoena or deposition.

## CONCLUSION

Based on the foregoing law, facts and analysis, the court grants in part and denies in part Dakota Energy's motion to compel [Docket No. 69] in accordance with this opinion.  All discovery responses which Basin has voluntarily agreed to provide or which this court has ordered Basin to provide shall be provided to Dakota Energy within 14 days of the date of this order.

DATED this 26th day of August, 2021.

BY THE COURT:

VERONICA L. DUFFY

United States Magistrate Judge

13