UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC.,<br><br>   Plaintiff/Counter-Claim Defendant,<br><br>vs.<br><br>EAST RIVER ELECTRIC POWER COOPERATIVE, INC.,<br><br>   Defendant/Counter-Claim Plaintiff/Cross-Claim Defendant,<br><br>and<br><br>BASIN ELECTRIC POWER COOPERATIVE,<br><br>   Intervenor Defendant/Counter-Claim Plaintiff/Cross-Claim Plaintiff. | 4:20-CV-04192-LLP<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL BY DAKOTA ENERGY COOPERATIVE, INC.<br><br>Docket No. 71 |

**INTRODUCTION**

This matter is pending before the court on the complaint by Dakota Energy Cooperative, Inc. (hereinafter "Dakota Energy") seeking to extricate itself from a wholesale power contract ("WPC") with East River Electric Power Cooperative, Inc. ("East River"). Docket No. 1-1 at pp. 2-12. East River removed this matter from South Dakota state court pursuant to 28 U.S.C.

§ 1442(a)(1), asserting that it acted under the direction of a federal officer. Docket No. 1 at pp. 2-3.  Basin Electric Power Cooperative ("Basin") later intervened in the action.  Docket Nos. 23 & 38.  Now pending is a motion to compel discovery by Dakota Energy.  Docket No. 71.  The parties have consented to this magistrate judge resolving that motion.  Id.

## FACTS

Basin generates power and sells and transmits it to its Class A members for resale and retransmission to its Class C members.  East River is a Class A member of Basin; its membership predates 2015.  Dakota Energy is a Class C member of Basin; its membership also predates 2015.  Each Class C member of Basin enters into a long-term WPC with a Class A member.  East River in turn has a long-term, all-requirements WPC with Basin.

On August 6, 2015, East River extended its WPC with Basin to December 31, 2075, sixty (60) years into the future.  On August 6, 2015, East River also extended its WPC with Dakota Energy to December 31, 2075.

Dakota Energy alleges that East River greatly increased the electricity rates for Dakota Energy in recent years, an increase that was necessarily passed on to Dakota Energy consumers.  Dakota Energy sought to withdraw from East River, which East River declined to grant.

Dakota Energy brought suit asking, in part, for a declaration of Dakota Energy's right to withdraw from East River under East River's bylaws upon Dakota Energy's compliance with equitable terms and conditions.  East River and Basin have counterclaimed.

The district court issued a scheduling order bifurcating the discovery and motions practice in this case. Docket No. 57. Discovery on Phase One is to be ongoing until November 15, 2021. Id. at p. 2, ¶ 3. The scope of discovery for Phase One as set forth by the district judge is as follows:

> a.   The negotiation, execution, and decision by Dakota to enter into the 1995 WPC, the 2006 amendment to the WPC (extending the term to 2058), and the 2015 amendment to the WPC (extending the term to 2075);
>
> b.   Communications with Guzman Energy or any other power supplier or marketer regarding a buyout, termination, or withdrawal right;
>
> c.   Dakota's interpretation of the WPC;
>
> d.   Any parole or other extrinsic evidence that Dakota believes supports its interpretation of the WPC and Bylaws as to the Phase One issues, including but not limited to such evidence Dakota claims is relevant to show course of dealing and/or custom and usage;
>
> e.   Depositions of any expert witnesses designated by Dakota Energy.
>
> f.   Discovery about the terms of becoming and terminating membership in East River.

Id. at pp. 2-3, ¶ 5.

Dakota Energy served East River with discovery requests and East River responded thereto on August 16, 2021. Docket No. 71-3. East River objected to (1) request for production of documents ("RFP") no. 3 and interrogatory no. 2; (2) RFP nos. 7 and 10; (3) interrogatory nos. 5 and 6 and RFP nos. 12 and 20; and (4) RFP nos. 23 and 24 and interrogatory no. 7. The parties conferred by letter, email, and phone between August 17 and 24, but were unable to resolve their dispute. Docket No. 71. They have submitted these issues to this

magistrate judge via an expedited process and have agreed to be bound by this court's decision.

## DISCUSSION

### A.     RFP No. 3 and Interrogatory No. 2

Dakota Energy's RFP no. 3 and East River's response are as follows:

> **REQUEST FOR PRODUCTION NO. 3:** Produce all loan agreements or covenants between East River and any lender, including but not limited to the Notes, as defined in the Wholesale Power Contract ("WPC") between East River and Dakota Energy.
>
> **RESPONSE:**  East River objects that this request is outside the scope of Phase One discovery as established in the Court's Rule 16 Scheduling Order [Doc. 57].  East River further objects to this request as seeking documents that are not relevant to the claims and defenses asserted in this case.  Based on the foregoing objections, East River will not produce documents responsive to this request.

See Docket No. 71-3 at p. 11.

Dakota Energy's interrogatory no. 2 and East River's response thereto are as follows:

> **INTERROGATORY NO. 2:** IDENTIFY any entity from which East River has borrowed money that has not been fully re-paid.
>
> **RESPONSE:**  East River objects that this Interrogatory is outside the scope of Phase One of discovery as established in the Court's Rule 16 Scheduling Order [Doc. 57].  East River further objects that this interrogatory seeks information that is not relevant to the claims and defenses asserted in this case.  Based on the foregoing objections, East River will not answer this interrogatory.

Id. at p. 3.

In its letter brief to this court, East River asserts that Dakota Energy specifically asked the district court to allow discovery regarding East River's loans.  Docket No. 71-2 at pp. 1-2 (citing Docket No. 50 at p. 4).  The district

court did not make reference to loans as a permissible subject of discovery in describing the scope of Phase One.  Docket No. 71-2 at p. 2 (citing Docket No. 57 at pp. 2-3).  Therefore, East River argues, the district court specifically rejected Dakota Energy's request to engage in discovery regarding East River's loans.

Dakota Energy asserts East River's loan agreements will almost certainly address the issue of member withdrawals from East River and that this constitutes "parol or extrinsic evidence" as allowed by the district court's scheduling order.  Docket No. 71-1 at p. 4.  Dakota Energy asserts that East River's loan agreements are referenced in the WPC between Dakota Energy and East River.  Id.

East River's loans are mentioned in the WPC, but they are neither incorporated by reference therein nor are they substantive terms of that contract.  See Docket No. 1-1 at p. 32.  The mention of East River's loans are mere recitals in the WPC to explain why the WPC must be approved by East River's lender in order for the WPC to take effect.  Id.  The WPC states in its recitals that the payments Dakota Energy is obligated to make to East River under the WPC have been pledged by East River to its lender.  Id.

The parties do not address what substantive law governs their membership agreements or their WPCs.  The court is aware that energy is an area highly regulated by the federal government—indeed, it was the basis of East River's removal of this action to federal court.  Without guidance from the

parties, the court examines "parol" and "extrinsic evidence" with reference to South Dakota law.

Parol or extrinsic evidence is admitted to determine the meaning of a contract when the court finds the contract to be ambiguous. Roseth v. Roseth, 829 N.W.2d 136, 142 (S.D. 2013). However, parol evidence may not be introduced to contradict the written terms in the contract. Id. Generally, parol evidence consists in statements and a course of dealing *between the contractual parties themselves* to explain the ambiguous contract provision. Id. at 143-44. See also Aerotronics, Inc. v. Pneumo Abex Corp., 62 F.3d 1053, 1060-61 (8th Cir. 1995) (parol evidence, when admissible, is considered to determine what was in the minds of the contractual parties when they entered into the contract).

Here, what Dakota Energy seeks is not parol or extrinsic evidence between itself and East River. Instead, it seeks extrinsic evidence of what East River and its lender(s) may have written in their loan agreements about the possibility of termination of a member. Even if the WPC were ambiguous, this would not be admissible parol evidence because it is not evidence of statements or a course of dealing between the contractual parties themselves. One might have any number of reasons to misrepresent or obscure the terms of a contract with a third person who is not a party to the WPC. Whatever representation East River may have made to a third party lender cannot change or influence the terms of the contract between the contractual parties themselves—Dakota Energy and East River.

6

This court understands the district court's allowance of discovery of parol and extrinsic evidence in Phase One discovery to be an allowance of discovery about *the contractual parties' own statements and course of dealing with each other*, not with third parties who are not part of the contract. East River's objections to RFP no. 3 and interrogatory no. 2 are sustained.

However, in a nearly identical discovery dispute resolved yesterday between Basin Electric and Dakota Energy, the court ordered Basin to produce loan documents in its possession that are relevant and that are related to withdrawal or termination of a member. The court will impose that same obligation on East River. Other than this limited category, no other loan documents need be produced.

**B.    RFP Nos. 7 and 10**

Dakota Energy's RFP nos. 7 & 10 and East River's responses are as follows:

> **REQUEST NO. 7:**  Produce all DOCUMENTS and COMMUNICATIONS in the custody, possession, or control of East River (or any of its directors, officers, employees, members, or agents) that discuss in any way or relate in any way to the seven cooperative principles and how these principles apply to any actual, potential, or proposed request from an East River member to withdraw from membership in East River or Basin Electric.
>
> **RESPONSE:**  East River objects that this request is outside the scope of Phase One discovery as established in the Court's Rule 16 Scheduling Order [Doc. 57]. East River further objects to this request as seeking documents that are not relevant to the claims and defenses asserted in this case, overly broad, unduly burdensome, and not proportional to the needs of the case. East River objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. East River also objects to this request to the extent it seeks documents from East River's

7

directors, since those documents are not within East River's possession, custody, or control.  Based on the foregoing objections, East River will not produce documents responsive to this request.

**REQUEST NO. 10:**  Produce all DOCUMENTS and COMMUNICATIONS in the custody, possession, or control of East River (or any of its directors, officers, employees, members, or agents) that discuss in any way or relate in any way to the seven cooperative principles and how these principles apply to any actual, potential, or proposed request from a Class A member of Basin to withdraw from membership in Basin Electric.

**RESPONSE:** East River objects that this request is outside the scope of Phase One discovery as established in the Court's Rule 16 Scheduling Order [Doc. 57].  East River further objects to this request as seeking documents that are not relevant to the claims and defenses asserted in this case, overly broad, unduly burdensome, and not proportional to the needs of the case.  East River objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  East River also objects to this request to the extent it seeks documents from East River's directors, since those documents are not within East River's possession, custody, or control.  Based on the foregoing objections, East River will not produce documents responsive to this request.

Docket No. 71-3 at pp. 13-15.

In its letter brief, East River argues only that the requested discovery is beyond the scope of what the district court allowed for in Phase One.  Docket No. 71-2 at p. 3.  Therefore, the court does not discuss the other objections asserted in East River's formal discovery response.[1]

---

[1] East River stated in its formal response that documents in the possession of its directors were not in East River's possession, so it would not produce them. Rule 34 of the Federal Rules of Civil Procedure governs requests for the production of documents and provides that a party may ask another party to permit copying of documents "in the responding party's possession, custody, or control."  See FED. R. CIV. P. 34(a)(1).  The concept of documents in a party's "possession" or "custody" is clear enough, but the concept of documents in a party's "control" is not obvious upon a reading of the rule.  The rule that has developed is that if a party "has the legal right to obtain the document," then

East River argues that Dakota Energy specifically asked the district court to be allowed to conduct discovery into the "Seven Cooperative Principles" in Phase One. Id. (citing Docket No. 50 at p. 5). The fact that the district court did not specifically authorize discovery into the "Seven Cooperative Principles" in its order (Docket No. 57 at pp. 2-3) means, according to East River, that the court disallowed that discovery.

Dakota Energy asserts that the first of the seven principles is "voluntary and open membership" or "open and voluntary membership," and, as such, it is directly relevant to Dakota Energy's effort to withdraw. Docket No. 71-1 at p. 5. Dakota Energy argues the cooperative principle on its face relates to the nature of cooperative membership and thus is discoverable. Id.

East River's rejoinder is that entry into the cooperative is indeed open and voluntary "to all people who can reasonably use its services and stand willing to accept the responsibilities of membership," which is the entire principle, quoted out of context by Dakota Energy. Docket No. 71-2 at p. 2 n.2. East River argues that once a member does voluntarily enter and voluntarily assumes contractual responsibilities, the member is not allowed to breach its contractual commitments. Id.

---

the document is within that party's "control" and, thus, subject to production under Rule 34. See 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, §2210, at 397 (2d ed. 1994). Given this definition of "control," documents in the possession of East River's directors are clearly within East River's control because they have a legal right to ask for and obtain the document.

9

Dakota Energy never explains to the court what all seven principles are. To the extent Dakota Energy makes a showing on the relevance of the first principle, that showing does not entitle it to any discovery on the other six named principles. Dakota Energy never represents that the seven principles were incorporated by reference into its WPC or membership contracts with Basin or East River. Dakota Energy never asserts that the seven principles were in any other way made contractually binding on the parties.

The court finds the requested discovery—with the exception of the marginal relevance as to principle one—is beyond the scope of Phase One. However, the court in an order entered yesterday on an identical discovery dispute with Basin Electric, ordered Basin to produce documents that are relevant that touch on withdrawal or termination of a member. Accordingly, the court hereby orders East River to also produce any document regarding principle number one that is relevant and that touches on withdrawal or termination of a member. Other than this narrow category of documents, the court denies Dakota Energy's motion to compel further responses to RFP nos. 7 and 10.

**C.     Interrogatory Nos. 5 and 6 and RFP Nos. 12 and 20**

The final set of discovery requests at issue in Dakota Energy's motion to compel are interrogatory nos. 5 and 6 and RFP nos. 12 and 20. Those requests, and East River's responses thereto, are as follows:

> **INTERROGATORY NO. 5:** IDENTIFY each electrical distribution cooperative in the United States which YOU are aware that:
> (a) has withdrawn as a member-owner of a generation and transmission electrical cooperative; (b) has requested to withdraw

10

as a member-owner of a generation and transmission electrical cooperative; or (c) has asked to receive equitable terms and conditions for withdrawal as a member-owner of a generation and transmission electrical cooperative.

**RESPONSE:**  East River objects that this interrogatory is outside the scope of Phase One discovery as established by the Court's Rule 16 Scheduling Order [Doc. 57]. East River further objects that this interrogatory seeks information that is not relevant to the claims and defenses asserted in this case. Based on the foregoing objections, East River will not answer the interrogatory.

**INTERROGATORY NO. 6:**  IDENTIFY any current or former member of East River that withdrew from another generation and transmission electrical cooperative prior to becoming a member of East River.

**RESPONSE:**  East River objects that this interrogatory is outside the scope of Phase One discovery as established by the Court's Rule 16 Scheduling Order [Doc. 57]. East River further objects that this interrogatory seeks information that is not relevant to the claims and defenses asserted in this case and not reasonably calculated to lead to the discovery of admissible evidence. Based on the foregoing objections, East River will not answer the interrogatory.

**RFP NO. 12:**  Produce all DOCUMENTS and COMMUNICATIONS in the custody, possession, or control of East River (or any of its directors, officers, employees, members, or agents) that discuss in any way or relate in any way to Basin Electric's Board Policy No. 15. This request includes, but is not limited to, DOCUMENTS and COMMUNICATIONS discussing or relating to reasoning for distinguishing between Basin Electric Class C members purchasing power from Basin Electric Class A members that have a Contract Rate of Delivery with Basin and Basin Electric Class C members purchasing power from Basin Electric Class A members that have an all-requirements contract with Basin.

**RESPONSE:**  East River objects that this request is outside the scope of Phase One discovery as established in the Court's Rule 16 Scheduling Order [Doc. 57]. East River further objects to this request as seeking documents that are not relevant to the claims and defenses asserted in this case, overly broad, unduly burdensome, and not proportional to the needs of the case. East River objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product

doctrine, or any other applicable privilege. East River also objects to this request to the extent it seeks documents from East River's directors, since those documents are not within East River's possession, custody, or control. Based on the foregoing objections, East River will not produce documents responsive to this request.

**RFP NO. 20:** Produce all DOCUMENTS and COMMUNICATIONS in the custody, possession, or control of East River (or any of its directors, officers, employees, members, or agents) that discuss in any way or relate in any way to the withdrawal or requested withdrawal of any member of Tri-State Generation & Transmission Association, Inc., including Kit Carson Electric Cooperative, Delta-Montrose Electric Association, United Power, Inc., and La Plata Electric Association, Inc.

**RESPONSE:** East River objects that this request is outside the scope of Phase One discovery as established in the Court's Rule 16 Scheduling Order [Doc. 57]. East River further objects to this request as seeking documents that are not relevant to the claims and defenses asserted in this case, overly broad, unduly burdensome, and not proportional to the needs of the case. East River objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. East River also objects to this request to the extent it seeks documents from East River's directors, since those documents are not within East River's possession, custody, or control. Based on the foregoing objections, East River will not produce documents responsive to this request.

Docket No. 71-3 at pp. 5, 16-17, 20-21.

As to interrogatory nos. 5 and 6, in its opinion on this same issue yesterday, the court found the discovery was both relevant and within the scope of the court's description of Phase One discovery. However, the court limited the responding party to answering the interrogatories as to (1) knowledge within the possession of the responding party (i.e. the responding party has no duty to go and search out responsive information not now known to it), and (2) limiting the scope of the response to the last 10 years. The court

similarly orders East River to answer interrogatory nos. 5 and 6 by telling Dakota Energy about entities East River has knowledge of who withdrew or attempted to withdraw within the last 10 years. For the same reasons, RFP no. 20 is relevant and East River is ordered to produce responsive documents that are in East River's possession, custody or control (see footnote 1, *supra*).

Regarding RFP no. 12, East River argues this request is irrelevant because the Basin board policy in question was enacted by Basin *after* Dakota Energy filed its lawsuit. Furthermore, East River agues that Basin's board policies are not part of the WPC between East River and Dakota Energy. Finally, East River represents that this same RFP was served on Basin and that Basin has agreed to produce responsive documents. This latter statement appears to be true. See Docket No. 69-3 at p. 20 (Dakota Energy's RFP no. 12 to Basin and Basin's response thereto indicating it would produce all non-privileged documents). The court sustains East River's objection. East River need not produce any documents relative to RFP no. 12.

### D.    RFP Nos. 23 & 24 and Interrogatory No. 7

Dakota Energy's RFP nos. 23 and 24 and interrogatory no. 7, and East River's responses thereto, are as follows:

> **RFP NO. 23:**  Produce all DOCUMENTS and COMMUNICATIONS in the custody, possession, or control of East River (or any of its directors, officers, employees, members, or agents) exchanged between East River (or any of its directors, officers, employees, members, or agents) and any of the following individuals concerning Dakota Energy's request for equitable terms and conditions to exit East River:  Dave Eide; Twyla Folk; Pat Doak; Douglas Hart; Ruth Ann Hanson; Diane Newharth; or Jim Propst.

**RESPONSE:**  East River objects that this request is outside the scope of Phase One discovery as established by the Court's Rule 16 Scheduling Order [Doc. 57].  East River further objects to this request as seeking documents that are not relevant to the claims and defenses asserted in this case, overly broad, unduly burdensome, and not proportional to the needs of the case.  East River objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  East River also objects to this request to the extent it seeks documents from East River's directors, since those documents are not within East River's possession, custody, or control.  Based on the foregoing objections, East River will not produce documents responsive to this request.

**RFP NO. 24:**  Produce all DOCUMENTS and COMMUNICATIONS in the custody, possession, or control of East River (or any of its directors, officers, employees, members, or agents) that reflect or relate to any COMMUNICATION between East River (or any of its directors, officers, employees, members, or agents) and any of the following individuals concerning Dakota Energy's request for equitable terms and conditions to exit East River: Dave Eide; Twyla Folk; Pat Doak; Douglas Hart; Ruth Ann Hanson; Diane Newharth; or Jim Propst.

**RESPONSE:**  East River objects that this request is outside the scope of Phase One discovery as established by the Court's Rule 16 Scheduling Order [Doc. 57].  East River further objects to this request as seeking documents that are not relevant to the claims and defenses asserted in this case, overly broad, unduly burdensome, and not proportional to the needs of the case.  East River objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  East River also objects to this request to the extent it seeks documents from East River's directors, since those documents are not within East River's possession, custody, or control.  Based on the foregoing objections, East River will not produce documents responsive to this request.

**INTERROGATORY NO. 7**:  IDENTIFY each COMMUNICATION between East River (or any of its directors, officers, employees, members, or agents) and any of the following individual [sic] concerning Dakota Energy's request for equitable terms and conditions to exit East River:  Dave Eide; Twyla Folk; Pat Doak; Douglas Hart; Ruth Ann Hanson; Diane Newharth; or Jim Propst.

> **RESPONSE:**  East River objects that this interrogatory is outside the scope of Phase One discovery as established in the Court's Rule 16 Scheduling Order [Doc. 57].  East River further objects that this interrogatory seeks information that is not relevant to the claims and defenses asserted in this case and not reasonably calculated to lead to the discovery of admissible evidence.  Based on the foregoing objection, East River will not answer this interrogatory.

See Docket No. 71-3 at pp. 5-6, 22-23.

East River in its letter brief objects only on the basis that the discovery requested above is irrelevant and improper.  Docket No. 71-2 at p. 5.  East River explains that most of the named individuals are members of Dakota Energy and they have circulated or signed petitions challenging Dakota Energy's attempt to withdraw from East River.  Id.  East River claims this activity and documentation of it can have no bearing on the meaning of the WPC terms and Dakota Energy's rights and responsibilities under that contract.  Id.

Dakota Energy asserts that East River's communications with anyone about Dakota Energy's withdrawal "bear directly on the core allegations in this case" and fall within paragraph 5.d of the district court's scheduling order.  Docket No. 71-1 at p. 5.

The court notes that both East River and Dakota Energy are artificial entities created by law.  They can only act and speak through their human directors, officers, agents, and employees.  As such, a statement by an East River director/officer/employee/agent about the WPC or the litigation is potentially an admission of a party opponent pursuant to FED. R. EVID.

801(d)(2).  That is certainly discoverable.  The court orders East River to respond to RFP 23 and 24 and interrogatory no. 7.

## CONCLUSION

Based on the foregoing law, facts and analysis, the court grants in part and denies in part Dakota Energy's motion to compel [Docket No. 71] in accordance with this opinion.  All discovery responses which this court has ordered East River to provide shall be provided to Dakota Energy within 14 days of the date of this order.

DATED this 27th day of August, 2021.

BY THE COURT:

*[signature: Veronica L. Duffy]*

VERONICA L. DUFFY
United States Magistrate Judge