# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC.,<br><br>*Plaintiff/*<br>*Counter-Claim Defendant,*<br><br>v.<br><br>EAST RIVER ELECTRIC POWER COOPERATIVE, INC.,<br><br>*Defendant/*<br>*Counter-Claim Plaintiff/*<br>*Cross-Claim Defendant,*<br><br>and<br><br>BASIN ELECTRIC POWER COOPERATIVE,<br><br>*Intervenor-Defendant/*<br>*Counter-Claim Plaintiff/*<br>*Cross-Claim Plaintiff.* | Case 4:20-cv-04192-LLP<br><br>**DAKOTA ENERGY'S OPPOSITION TO DAVE EIDE, PAT DOAK, RUTH ANN HANSON, TWYLA FOLK, JIM PROPST, AND DOUGLAS HART'S MOTION TO QUASH SUBPOENA** |

## INTRODUCTION

Right around the time the Court bifurcated the case, establishing Phase I to determine whether Dakota Energy has the right to withdraw from East River, Dakota Energy received a Petition signed by 10% of its members seeking a membership vote to end this lawsuit. Dakota Energy is concerned that the Petition effort was coordinated by East River and is an improper attempt to interfere in the governance of Dakota Energy as well as the Court's ability to declare the parties' rights and obligations under the Bylaws and the WPC.

7174307.1

The Petition identified the circulators and others involved, and Dakota Energy served subpoenas on six of those individuals (Dave Eide, Pat Doak, Ruth Ann Hanson, Twyla Folk, Jim Propst and Douglas Hart) requesting several narrow categories of documents relating to their activities and communications with East River and Basin Electric, including documents related to the Petition effort to end the lawsuit. Now, the subpoena recipients (the "Recipients") have moved to quash the subpoena, contending that the documents are protected by the First Amendment associational privilege and that the requests seek irrelevant information. Recipients' objections are without merit.

The privilege does not apply for several reasons, including that the Recipients have not made the requisite prima facie showing of infringement on First Amendment rights, and nothing is more relevant to this case than their effort to prevent the conclusion of Phase I. The Court should deny the motion to quash.

## BACKGROUND

During the status conference on May 24, 2021, this Court bifurcated the case, with Phase I limited to whether Dakota Energy has the legal right to withdraw from East River and its Wholesale Power Contract with East River. (*See* ECF No. 49 (Status Conference Transcript, at 34).) On July 21, 2021, Dakota Energy received a Petition signed by 10% of its members calling for a Special Members' Meeting to vote on several proposals. (Ex. A, Petition.) Under the Bylaws, a Petition signed by 10% of the members can call for a special meeting, but the members are limited to voting only on proper proposals. One proposal was a resolution requiring the Board of Directors to dismiss this lawsuit and prohibiting Dakota Energy from instituting any similar lawsuit against East River without a member vote approving the litigation. (*Id.*) Another proposal would prevent Dakota Energy from changing a power supplier [from East River] without

2

a 2/3 member vote. (*Id.*) Both proposals are contrary to South Dakota law and Dakota Energy's Articles of Consolidation because they invade the exclusive authority of the Board to govern the cooperative.

Dakota Energy believes that East River and/or Basin Electric assisted, if not directed, the Petition effort because they believe that the completion of Phase I, with the possible recognition of a Dakota Energy right to withdraw, threatens their business interests. One participant in the Petition effort told Dakota Energy that he was in daily communication with East River. Dakota Energy therefore served subpoenas on the Recipients. (*See* ECF No. 63 (subpoenas and document requests).) The subpoenas sought production of documents regarding communications with East River and Basin Electric about the lawsuit and Petition effort, including any monetary payments, and documents relating to Dakota Energy's proposed withdrawal and right to withdraw as a member. (*Id.*) Rather than comply by stating, for example, that there were no such communications, the Recipients instead filed a motion to quash. The motion strongly suggests that there are such communications that they, as well as East River and/or Basin Electric, seek to keep hidden from Dakota Energy and its members. There is no basis for the motion, and the Court should deny it.

## ARGUMENT

**I. THE ASSOCIATIONAL PRIVILEGE DOES NOT SHIELD DISCOVERY OF THE DOCUMENTS DAKOTA ENERGY SEEKS.**

The associational privilege does not apply to preclude the requested discovery for several reasons.[1] First, Recipients lack standing to assert the privilege on behalf of a

---

[1] The Recipients correctly articulate the burden-shifting analysis when evaluating claims of associational privilege. (ECF No. 60, at 4.) "[T]he party asserting the privilege to initially demonstrate a reasonable probability that disclosure will chill its

3

non-existent association. *McCormick v. City of Lawrence, Kansas*, 2005 WL 1606595, at *8 (D. Kan. July 8, 2005) (rejecting application of the privilege where "plaintiff himself is not an organization and he does not claim to represent any particular identified organization"). The only association to which the recipients belong is Dakota Energy, and it is not asserting any such privilege. Recipients contend there is an "organization of members of Dakota Energy who were involved in circulation petitions" (ECF No. 60, at 4), but even if this was sufficient, they have no standing because those identities were disclosed a month ago in the Petition they provided to Dakota Energy. If Recipients seek to conceal the role of East River or Basin Electric, that is not a proper associational privilege concern because their involvement is motivated by their own business interests. The privilege is not a shield to mislead the public and other members of Dakota Energy regarding their involvement in the Petition.

Second, even if there was standing, the requests do not implicate First Amendment concerns. In the case creating the privilege, the Supreme Court emphasized that forced disclosure of the names of NAACP members would subject the members to the risk of actual violence of other harm in the climate of that time. *NAACP v. Alabama,* 357 U.S. 449, 462-63 (1958). Subsequent courts also relied on evidence that disclosure of membership lists would create a risk of the harms recognized in that

---

associational rights." *In re Motor Fuel Temperature Sales Pracs. Litig.*, 641 F.3d 470, 492 (10th Cir. 2011); *accord Light of the World Gospel Ministries, Inc. v. Vill. of Walthill, Nebraska,* 336 F.R.D. 567, 571 (D. Neb. 2020) ("In the Eighth Circuit, the party claiming a First Amendment privilege has the burden of 'making a prima facie showing of arguable First Amendment infringement'") quoting *United States v. Citizens State Bank*, 612 F.2d 1091, 1094 (8th Cir. 1980)). The discovery proponent must demonstrate a compelling need for discovery *only* if the prima facie showing is first made. *Light of the World*, 336 F.R.D. at 571-72.

4

case. *See, e.g., Bates v. City of Little Rock,* 361 U.S. 516, 524 (1960) (noting that there was "substantial uncontroverted evidence that public identification ... as members ... had been followed by harassment and threats of bodily harm"). <u>The document requests do not ask for membership lists and do not implicate any other core associational concerns. The privilege thus does not apply to requests for documents like these that are unrelated to core associational concerns. *McCormick*, 2005 WL 1606595, at \*8; *Wilkinson v. FBI*, 111 F.R.D. 432, 436 (C.D. Cal. 1986).</u>

Third, the Recipients have not made the prima facie showing required for the privilege to apply. In *NAACP,* for example, the organization "made an uncontroverted showing that on past occasions revelation of the identity of its rank-and-file members has exposed these members to economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility." 357 U.S. at 462. "[S]pecific evidence of past or present harassment of members due to their associational ties" or "harassment directed against the organization itself" demonstrates a reasonable probability of a chill on association rights. *Buckley v. Valeo,* 424 U.S. 1, 74 (1976).

The Recipients contend that Dakota Energy "will use that information [from the subpoenas] to identify and harass the organization of members of Dakota Energy who were involved in circulation petitions, which would deter other members from joining the organization of members to help with the campaign in support of the Petition demanding the meeting and election." (ECF No. 60, at 4.) This speculative assertion does not meet the requisite showing because it "fail[s] to demonstrate an objectively reasonable fear of 'threats, harassment or reprisal from either government officials or private parties' flowing from the disclosure of the communications." *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 2016 WL 5922315, at \*8 (W.D. Tex. Oct. 11,

2016) (citation omitted); *accord, e.g.*, *McCormick*, 2005 WL 1606595, at *9; *Johnson v. Mead Johnson & Co., LLC*, 2012 WL 12894473, at *4 (D. Minn. May 21, 2012) (holding that submission of one affidavit, which did "not establish that any member would actually withdraw from the organization" was insufficient). Their contention also is not objectively reasonable. Dakota Energy has known the identity of the Petition's circulators and signers for more than a month because their names are in the Petition.

Recipients' assertions suffer from an additional fatal deficiency that precludes a prima facie showing—assertions by counsel in a brief is not evidence. Courts find the privilege applicable where there are "affidavits which 'describe harassment and intimidation of [a group's] known members, and the resulting reluctance of people sympathetic to the goals of [the group] to associate with [it] for fear of reprisals.'" *In re Motor Fuel Temperature Sales Pracs.*, 641 F.3d at 491 (citations omitted); *accord United States v. Citizens State Bank*, 612 F.2d 1091, 1094 (8th Cir. 1980). Here, there are no affidavits or declarations, nor could there be—there has been no "harassment or intimidation" whatsoever. In fact, it has been the Recipients harassing Dakota Energy with almost daily demands. The failure to submit *any evidence* precludes a prima facie showing and entitlement to the privilege. *In re Motor Fuel Temperature Sales Pracs.*, 641 F.3d at 491; *Edmondson v. Velvet Lifestyles, LLC*, 2016 WL 7048363, at *10 (S.D. Fla. Dec. 5, 2016).

If the proponents of the privilege "do not make that prima facie showing, the Court need not conduct the balancing test." *In re Motor Fuel Temperature Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1165 (D. Kan. 2010). The Court should deny the motion to quash based on the erroneous assertion of the privilege.

6

## II.   THE SUBPOENAS DO NOT SUBJECT THE RECIPIENTS TO AN UNDUE BURDEN.

The Recipients contend that the subpoenas present an undue burden because they are not relevant. "Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings." *Fair v. Royal & Sun All.*, 278 F.R.D. 465, 471 (D.S.D. 2012) (citation and quotation marks omitted). Relevancy "encompass[es] any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.* (citation and quotation marks omitted).

Requests 1, 2, and 3 seek documents regarding communications about Dakota Energy's potential withdrawal from East River, its right to withdraw, and East River's Bylaws, including any equitable terms and conditions that might apply to Dakota Energy's actual or potential withdrawal. Each request clearly is relevant to Dakota Energy's claims for breach of contract and declaratory judgment regarding the right to withdraw. Requests 4, 5, and 6 seek documents regarding communications with East River and Basin Electric about the lawsuit and Petition effort, including any monetary payments they received from East River and/or Basin Electric. Those documents are directly relevant to the question whether East River and/or Basin Electric have attempted to interfere in the cooperative governance model as specified by South Carolina law. They also are directly relevant to the question whether there has been any attempt to interfere with the Court's stated intent to decide the question of Dakota Energy's right to withdraw from East River on equitable terms.

The Recipients second contention is that Dakota Energy's service of the subpoenas was an "abuse of process" because "Dakota Energy seeks this information

7

merely so it can identify targets for harassment and/or future lawsuits or administrative proceedings." (ECF No. 60, at 6.) This hyperbolic accusation is wrong and almost absurd because, as previously explained, Dakota Energy already knows their identities. The accusation, however, appears to reveal concern regarding exposing East River and/or Basin Electric's role in a purported "grass roots" effort to submit the Petition. Covering up that wrongful conduct, however, is not a legitimate objection to responding.

The Court should reject the Recipients' objection that responding to the subpoenas presents an undue burden.

## **CONCLUSION**

For these reasons, Dakota Energy respectfully asks the Court to deny the motion to quash.

Dated:  August 27, 2021             Respectfully submitted,

WHEELER TRIGG O'DONNELL LLP


Peter W. Herzog III (*pro hac vice*)
Joel S. Neckers (*pro hac vice*)
Michele O. Choe (*pro hac vice*)
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:  pherzog@wtotrial.com
            neckers@wtotrial.com
            choe@wtotrial.com

and

SCHOENBECK LAW, PC

___/s/ Lee Schoenbeck_____
Lee Schoenbeck
Joseph Erickson
P.O. Box 1325
Redlin Art Center
1200 Mickelson Dr., #310
Watertown, SD 57201
Telephone:   605.886.0010
Facsimile:    605.886.0011
Email:  lee@schoenbecklaw.com
            joe@schoenbecklaw.com

Attorneys for Plaintiff/Counter-Claim
Defendant Dakota Energy Cooperative, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on August 27, 2021, I electronically filed the foregoing **PLAINTIFF DAKOTA ENERGY COOPERATIVE, INC.'S MEMORANDUM IN OPPOSITION TO DAVE EIDE, PAT DOAK, RUTH ANN HANSON, TWYLA FOLK, JIM PROPST, AND DOUGLAS HART'S MOTION TO QUASH SUBPOENA** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Webster C. Cash, III**
  cash@wtotrial.com, geiwitz@wtotrial.com

- **Michele O. Choe**
  choe@wtotrial.com, licausi@wtotrial.com

- **J. Peter Coll , Jr**
  pcoll@orrick.com, nymao@orrick.com

- **Jonathan A. Direnfeld**
  jdirenfeld@orrick.com, nymao@orrick.com

- **Joseph B. Erickson**
  joe@schoenbecklaw.com, jerickson14417@gmail.com

- **Peter W. Herzog**
  pherzog@wtotrial.com, licausi@wtotrial.com

- **Marty J. Jackley**
  mjackley@gpna.com

- **Matthew D. LaBrie**
  mlabrie@orrick.com, nymao@orrick.com, casestream@ecf.courtdrive.com

- **Tracey K. Ledbetter**
  traceyledbetter@eversheds-sutherland.com, betzhandmaker@eversheds-sutherland.com

- **Michael L. Luce**
  mluce@lynnjackson.com, mschmitt@lynnjackson.com

- **Meredith A. Moore**
  meredithm@cutlerlawfirm.com, deanneu@cutlerlawfirm.com

- **Joel S. Neckers**
  neckers@wtotrial.com, licausi@wtotrial.com

1

- **James A. Orr**
  jamesorr@eversheds-sutherland.com

- **Dana Van Beek Palmer**
  dpalmer@lynnjackson.com, alangerock@lynnjackson.com

- **R. Alan Peterson**
  rpeterson@lynnjackson.com, alangerock@lynnjackson.com, akneip@lynnjackson.com

- **Lee A. Schoenbeck**
  lee@schoenbecklaw.com, joe@schoenbecklaw.com, jen@schoenbecklaw.com, karen@schoenbecklaw.com

                     /s/  Lee Schoenbeck
                     LEE SCHOENBECK