UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC., | 4:20-CV-04192-LLP |
| Plaintiff/Counter-Claim Defendant, | |
| vs. | |
| | ORDER DENYING MOTION TO QUASH SUBPOENAS BY THIRD PARTIES |
| EAST RIVER ELECTRIC POWER COOPERATIVE, INC., | |
| Defendant/Counter-Claim Plaintiff/Cross-Claim Defendant, | Docket No. 60 |
| and | |
| BASIN ELECTRIC POWER COOPERATIVE, | |
| Intervenor Defendant/Counter-Claim Plaintiff/Cross-Claim Plaintiff. | |

**INTRODUCTION**

This matter is pending before the court on the complaint of Dakota Energy Cooperative, Inc. (hereinafter "Dakota Energy") seeking to extricate itself from a wholesale power contract ("WPC") with East River Electric Power Cooperative, Inc. ("East River"). Docket No. 1-1 at pp. 2-12. East River removed this matter from South Dakota state court pursuant to 28 U.S.C.

§ 1442(a)(1), asserting that it acted under the direction of a federal officer. Docket No. 1 at pp. 2-3.  Basin Electric Power Cooperative ("Basin") later intervened in the action.  Docket Nos. 23 & 38.  Now pending is a motion by third parties to quash subpoenas served on them by Dakota Energy.  Docket No. 60.

## FACTS

Basin generates power and sells and transmits it to its Class A members for resale and retransmission to its Class C members.  East River is a Class A member of Basin; its membership predates 2015.  Dakota Energy is a Class C member of Basin; its membership also predates 2015.  Each Class C member of Basin enters into a long-term WPC with a Class A member.  East River in turn has a long-term, all-requirements WPC with Basin.

On August 6, 2015, East River extended its WPC with Basin to December 31, 2075, sixty (60) years into the future.  On August 6, 2015, East River also extended its WPC with Dakota Energy to December 31, 2075.

Dakota Energy alleges that East River greatly increased the electricity rates for Dakota Energy in recent years, an increase that was necessarily passed on to Dakota Energy consumers.  Dakota Energy sought to withdraw from East River, which East River declined to grant.

Dakota Energy brought suit asking, in part, for a declaration of Dakota Energy's right to withdraw from East River under East River's bylaws upon Dakota Energy's compliance with equitable terms and conditions.  East River and Basin have counterclaimed.

The district court issued a scheduling order bifurcating the discovery and motions practice in this case.  Docket No. 57.  Discovery on Phase One is to be ongoing until November 15, 2021.  Id. at p. 2, ¶ 3.  The scope of discovery for Phase One as set forth by the district judge is as follows:

a.  The negotiation, execution, and decision by Dakota to enter into the 1995 WPC, the 2006 amendment to the WPC (extending the term to 2058), and the 2015 amendment to the WPC (extending the term to 2075);

b.  Communications with Guzman Energy or any other power supplier or marketer regarding a buyout, termination, or withdrawal right;

c.  Dakota's interpretation of the WPC;

d.  Any parole or other extrinsic evidence that Dakota believes supports its interpretation of the WPC and Bylaws as to the Phase One issues, including but not limited to such evidence Dakota claims is relevant to show course of dealing and/or custom and usage;

e.  Depositions of any expert witnesses designated by Dakota Energy.

f.  Discovery about the terms of becoming and terminating membership in East River.

Id. at pp. 2-3, ¶ 5.

Around mid-July, 2021, Dakota Energy received a petition signed by ten percent of its members seeking a membership vote to end this lawsuit.  Dakota Energy suspects that East River and/or Basin assisted if not directed the petition effort.  One signor of the petition told Dakota Energy he/she was in daily communication with East River.

Dakota Energy has now served six individuals whose names appeared on that petition with subpoenas *duces tecum*.  See Docket No. 63.  Those

subpoenas request six categories of documents relating to communications between the petition signors and East River and Basin that relate to the subject matter of this lawsuit or of the lawsuit itself.  Id.

These third parties responded with a motion to quash the subpoenas, arguing that the subpoenas violate their First Amendment associational rights. They also argue that compliance with the subpoenas is unduly burdensome. Dakota Energy resists the motion.  Docket No. 63.

## DISCUSSION

## A.    The First Amendment Does Not Apply

The First Amendment, indeed the entire bill of rights, was enacted as a brake on governmental power.  The First Amendment reads "*Congress shall make no law* respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  U.S. CONST. ART. I (emphasis added).  The First Amendment was made applicable to state governments through the enactment of the Fourteenth Amendment.  New York Times Co. v. Sullivan, 376 U.S. 254, 265 (1964).

"The First Amendment constrains *governmental actors.*"  Manhattan Community Access Corp. v. Halleck, ___ U.S. ___, 139 S. Ct. 1921, 1926 (2019) (emphasis added).  Private parties may fall under the auspices of the First Amendment if it is shown that they are tantamount to a governmental actor because they are exercising a function "traditionally exclusively reserved to the

State." Id. (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974)). Neither Dakota Energy nor the third party movants explain how Dakota Energy's action in serving a subpoena on the third parties constitutes governmental action such that the third parties' First Amendment rights are implicated.

For example, in NAACP v. Alabama, 357 U.S. 449, 452-53 (1958), relied upon by third parties in support of their motion to quash, it was the attorney general of Alabama which was seeking to force the NAACP to disclose its membership information. There, clearly, the party seeking the discovery was a governmental actor within the ambit of the First Amendment. Id. See also id. at 461 (stating that First Amendment freedom of association may be abridged by *governmental action* that is unintended, but inevitably follows from the government action taken).

The case of Buckley v. Valeo, 424 U.S. 1, 2-13 (1976), involved the federal government's inquiry into and restriction of political campaign contributions, so the requirement of state action was also present in that case. In United States v. Citizens State Bank, 612 F.2d 1091, 1092-93 (8th Cir. 1980), cited by Dakota Energy, the Internal Revenue Service sought to compel via administrative summons associational information of a tax protesters' organization, so there, too, the necessary element of governmental action was present. In Edmondson v. Velvet Lifestyles, LLC, Case No. 15-24442-CIV-LENARD/Goodman, 2016 WL 7048363 at *10 (S.D. Fla. Dec. 5, 2016), cited by Dakota Energy, one of the reasons cited by the court for rejecting defendants'

purported First Amendment associational-rights-argument offered in resistance to discovery was the fact that the party seeking the discovery in that case—plaintiffs[1]—were private parties, "not police, law enforcement, or any other type of Government entity."

Because neither party has discussed the element of governmental action, the court denies the motion to quash on First Amendment grounds subject to the right of third parties to make a later demonstration of that element if they believe they can do so by filing a subsequent motion.  Without more from the parties, the court rejects the assertion of a First Amendment privilege in connection with the subpoenas served by Dakota Energy.

**B.   Whether the Subpoenas Subject Third Parties to an Undue Burden**

Third parties argue that the subpoenas seek irrelevant information and, for that reason, constitute an undue burden.  They also argue that the subpoenas amount to an abuse of process.  They do not cite any cases or legal authority for this proposition or otherwise explain the assertion.

In other discovery disputes in this case, this court has found that communications from East River and Basin with Dakota Energy's members discussing the subject matter of this lawsuit are relevant.  See Docket No. 72 at pp. 15-16.  East River, Basin, and Dakota Energy are artificial entities created by law.  They can only act and speak through their human directors, officers,

---

[1] The plaintiffs in Edmondson were professional models whose likenesses were being pirated by defendants to promote their swinger's club on websites and social media.  Edmondson, Case No. 15-24442-CIV-LENARD/Goodman, 2016 WL 7048363 at *1.

agents, and employees.  As such, a statement by an East River or Basin director/officer/employee/agent about the WPC or the litigation is potentially an admission of a party opponent pursuant to FED. R. EVID. 801(d)(2).  That is certainly discoverable.

Once the requesting party has made a threshold showing of relevance, the burden shifts to the party resisting discovery to show specific facts demonstrating that the discovery is not relevant, or how it is overly broad, burdensome, or oppressive.  Penford Corp. v. National Union Fire Ins. Co., 265 F.R.D. 430, 433 (N.D. Iowa 2009); St. Paul Reinsurance Co. v. Commercial Financial Corp., 198 F.R.D. 508, 511 (N.D. Iowa 2000).  The articulation of mere conclusory objections that something is "overly broad, burdensome, or oppressive," is insufficient to carry the resisting party's burden–that party must make a specific showing of reasons *why* the relevant discovery should not be had.  Cincinnati Ins. Co. v. Fine Home Managers, Inc., 2010 WL 2990118, *1 (E.D. Mo. 2010); Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996).

Several courts have determined that where the discovery requests are relevant, the fact that answering them will be burdensome and expensive is not in itself a reason for a court's refusing to order discovery which is otherwise appropriate.  See In re Folding Carton Antitrust Litigation, 83 F.R.D. 260, 265 (N.D. Ill. 1979) (stating that "[b]ecause the interrogatories themselves are relevant, the fact that answers to them will be burdensome and expensive 'is not in itself a reason for refusing to order discovery which is otherwise

appropriate' "); Alexander v. Parsons, 75 F.R.D. 536, 539 (W.D. Mich. 1977) (stating that "the mere fact discovery is burdensome . . . is not a sufficient objection to such discovery, providing the information sought is relevant or may lead to the discovery of admissible evidence"); and Burns, 164 F.R.D. at 593 (determining that the fact that answering interrogatories will require the objecting party to expend considerable time, effort, and expense consulting, reviewing, and analyzing huge volumes of documents and information is an insufficient basis for an objection).

Moreover, if discovery requests are relevant, the fact that they involve work, which may be time consuming, is not sufficient to render them objectionable.  See United States v. Nysco Labs., Inc., 26 F.R.D. 159, 161-62 (E.D.N.Y. 1960); and Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 245 (N.D. W. Va. 1970) (stating that "[i]nterrogatories, otherwise relevant, are not objectionable and oppressive simply on grounds [that] they may cause the answering party work, research and expense").

Here, third parties make no attempt at showing what kind of burden will be imposed on them by responding to the subpoenas.  Their assertion of burden is based solely on the idea that the information sought is not relevant. The court respectfully disagrees with that assertion.  In addition, the court notes that the discovery requested would cover, at most, a matter of a few months.  Dakota Energy is not asking for years' worth of documents as to communications between third parties and East River and Basin.  The court rejects third parties' assertion of undue burden on this record.

## CONCLUSION

Based on the foregoing law, facts and analysis, the court denies the motion to quash [Docket No. 60] filed by third parties who are recipients of Dakota Energy subpoenas *duces tecum*.  Third parties shall provide discovery responses to the subpoenas within 15 days of the date of this order unless objections to the order are lodged prior to the expiration of 14 days.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 30th day of August, 2021.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge