UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC.,<br><br>          Plaintiff/Counter-Claim Defendant,<br><br>     vs.<br><br>EAST RIVER ELECTRIC POWER COOPERATIVE, INC.,<br><br>          Defendant/Counter-Claim Plaintiff/Cross-Claim Defendant,<br><br>          and<br><br>BASIN ELECTRIC POWER COOPERATIVE,<br><br>          Intervenor-Defendant/Counter-Claim Plaintiff/Cross-Claim Plaintiff. | 4:20-CV-04192-LLP<br><br><br><br>ORDER DENYING MOTION TO COMPEL BY DAKOTA ENERGY COOPERATIVE, INC.<br><br>Docket No. 75 |

**INTRODUCTION**

This matter is pending before the court on the complaint by Dakota Energy Cooperative, Inc. (hereinafter "Dakota Energy") seeking to extricate itself from a wholesale power contract ("WPC") with East River Electric Power Cooperative, Inc. ("East River"). Docket No. 1-1 at pp. 2-12. East River removed this matter from South Dakota state court pursuant to 28 U.S.C. § 1442(a)(1), asserting that it acted under the direction of a federal officer.

Docket No. 1 at pp. 2-3.  Basin Electric Power Cooperative ("Basin") later intervened in the action.  Docket Nos. 23 & 38.  Now pending is a motion to compel discovery by Dakota Energy.  Docket No. 75.  The parties have consented to this magistrate judge resolving that motion.  Id.

## FACTS

Basin generates power and sells and transmits it to its Class A members for resale and retransmission to its Class C members.  East River is a Class A member of Basin; its membership predates 2015.  Dakota Energy is a Class C member of Basin; its membership also predates 2015.  Each Class C member of Basin enters into a long-term WPC with a Class A member.  East River in turn has a long-term, all-requirements WPC with Basin.

On August 6, 2015, East River extended its WPC with Basin to December 31, 2075, sixty (60) years into the future.  On August 6, 2015, East River also extended its WPC with Dakota Energy to December 31, 2075.

Dakota Energy alleges that East River greatly increased the electricity rates for Dakota Energy in recent years, an increase that was necessarily passed on to Dakota Energy consumers.  Dakota Energy sought to withdraw from East River, which East River declined to grant.

Dakota Energy brought suit asking, in part, for a declaration of Dakota Energy's right to withdraw from East River under East River's bylaws upon Dakota Energy's compliance with equitable terms and conditions.  East River and Basin have counterclaimed.

The district court issued a scheduling order bifurcating the discovery and motions practice in this case.  Docket No. 57.  Discovery on Phase One is to be ongoing until November 15, 2021.  Id. at p. 2, ¶ 3.  The scope of discovery for Phase One as set forth by the district judge is as follows:

a.    The negotiation, execution, and decision by Dakota to enter into the 1995 WPC, the 2006 amendment to the WPC (extending the term to 2058), and the 2015 amendment to the WPC (extending the term to 2075);

b.    Communications with Guzman Energy or any other power supplier or marketer regarding a buyout, termination, or withdrawal right;

c.    Dakota's interpretation of the WPC;

d.    Any parole or other extrinsic evidence that Dakota believes supports its interpretation of the WPC and Bylaws as to the Phase One issues, including but not limited to such evidence Dakota claims is relevant to show course of dealing and/or custom and usage;

e.    Depositions of any expert witnesses designated by Dakota Energy.

f.    Discovery about the terms of becoming and terminating membership in East River.

Id. at pp. 2-3, ¶ 5.

On July 16, 2021, Dakota Energy served East River with its first set of requests for documents.  East River provided written responses to those discovery requests on August 16, 2021, but did not simultaneously produce the documents requested by those discovery requests.  On August 19, 2021, in response to inquiry from Dakota Energy, East River informed Dakota Energy that it would produce the documents on a rolling basis beginning the week of August 26 and continuing thereafter.  East River stated it would complete its

3

document production in response to the July 16 discovery requests by September 30.

Dakota Energy asserts as of today's date (August 31, 2021), "East River has not produced a single document in response."  Docket No. 75-1 at p. 2. Dakota Energy also asserts East River has not committed to any time frame for when it will produce documents.  Docket No. 75-1 at p. 2 (stating "East River has refused to agree to produce documents by any date certain").

East River asserts on August 25, 2021, it provided Dakota Energy with its proposed search terms for Dakota to review.  Docket No. 75-2 at p. 3 n.2. East River also asserts it began production of documents to Dakota Energy last week (August 23-27).  Dakota Energy now seeks an order from the court requiring East River to complete its document production by September 13, 2021.  Docket No. 75-1 at p. 4.

East River contends it is simply not feasible to complete its document production by that date, despite the fact East River is using an e-discovery vendor and has a dedicated team of attorneys performing the review.  Docket No. 75-2 at p. 4.  The parties have submitted this issue to this magistrate judge via an expedited process and have agreed to be bound by this court's decision.

## DISCUSSION

### A.   Rule 11 Applies to These Expedited Discovery Disputes

The court notes the parties' diametrically opposed assertion of facts. Dakota Energy's counsel writes that East River has produced not a single document and that East River has refused to set a date certain by which its

4

production will be completed.  Meanwhile East River represents it began producing documents last week and committed to finish producing documents by September 30.

The court will not tolerate any shading of the facts or sharp practice from attorneys in this matter.  The parties have filed three discovery disputes in three days and the court is happy to continue to try to resolve those disputes in an expedited fashion.  But just because the process is expedited, that does not mean Federal Rule of Civil Procedure 11 does not apply.  It does.

The court expresses its intent to hold counsel to the requirements of Rule 11, namely that an attorney's signature on a pleading is that attorney's certification that the attorney has made a reasonable inquiry under the circumstances and that the facts and legal contentions asserted have evidentiary support and are warranted under the law.  See FED. R. CIV. P. 11(b)(2) & (3).

**B.    Whether September 30 is a Reasonable Time for Producing Documents**

Rule 34(b)(2)(B) requires that a party responding to a request for the production of documents must either produce the documents within the 30 days allowed for responding to the document request or specify another reasonable time for production in the response.  See FED. R. CIV. P. 34(b)(2)(B). See also Advisory commtte. Notes 2015 amendment (stating "the production must be completed either by the time for inspection specified in the request or by another reasonable time specifically identified in the response.  When it is

necessary to make the production in stages the response should specify the beginning and end dates of the production.").

Dakota Energy is correct that East River did not specify its time for producing the documents *in its response,* but that elevates form over substance.  When asked by Dakota Energy what East River's timeline was, it gave dates certain:  from August 23 to September 30.  The question is whether that is a "reasonable time" under Rule 34.  The court concludes it is reasonable.  Given the breadth of documents requested by Dakota Energy, and the number of persons who are potential custodians of documents, the court believes East River's estimate of approximately six weeks (from August 16 to September 30) is reasonable.  East River is encouraged to provide as many of these responsive documents as it possibly can prior to the scheduled September 20 depositions.  If the bulk of discovery cannot be accomplished prior to then, the parties are encouraged to work cooperatively with each other to reschedule the depositions if necessary.

## CONCLUSION

Based on the foregoing law, facts and analysis, the court denies Dakota Energy's motion to compel [Docket No. 75].

DATED this 31st day of August, 2021.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge