IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC.,<br><br>*Plaintiff/<br>Counter-Claim Defendant,*<br><br>v.<br><br>EAST RIVER ELECTRIC POWER COOPERATIVE, INC.,<br><br>*Defendant/<br>Counter-Claim Plaintiff/<br>Cross-Claim Defendant,*<br><br>and<br><br>BASIN ELECTRIC POWER COOPERATIVE,<br><br>*Intervenor-Defendant/<br>Counter-Claim Plaintiff/<br>Cross-Claim Plaintiff.* | Case 4:20-cv-04192-LLP<br><br>**DAKOTA ENERGY'S BRIEF IN SUPPORT OF ITS APPEAL FROM THE MAGISTRATE JUDGE'S RULINGS REGARDING PAROL AND EXTRINSIC EVIDENCE** |

**INTRODUCTION**

Dakota Energy submits this very limited appeal and respectfully requests that the Court set aside the portions of the Magistrate Judge's rulings limiting discovery of parol or extrinsic evidence to "evidence of statements or a course of dealing between the contractual parties themselves".[1] (ECF No. 70, at 5–6; ECF No. 72, at 5–6.[2]) The Court should set aside those rulings because its Scheduling Order expressly allows discovery of

---

[1] This appeal is brought pursuant to Federal Rule of Civil Procedure 72(a), and this brief is filed pursuant to the Court's Order of September 7, 2021. (ECF No. 81.)

[2] The Magistrate Judge also denied Dakota Energy's motion to reconsider her ruling. (ECF Nos. 78 & 79.)

"evidence Dakota Energy claims is relevant to show course of dealing *and/or custom and usage*." (ECF No. 57 ¶ 5.d.) South Dakota law is also clear that custom and usage is different than course of dealing among contracting parties and includes things like industry custom and practice.

The Magistrate Judge implicitly recognized this when she clarified her prior ruling, stating that "[t]he court's ruling is limited to Basin and East River producing those loan documents that reference member termination or withdrawal." (ECF No. 79.) By allowing discovery of East River's and Basin's loan documents that relate to member withdrawals (which obviously do not constitute party admissions or evidence of course of dealing), the Magistrate recognized the discoverability of trade custom, practice, or usage related to the topic of member terminations or withdrawals. That was the correct result under the Court's Scheduling Order and under substantive South Dakota law. To guard against a future dispute about whether industry custom and practice is or is not discoverable, Dakota Energy makes this limited appeal.

## BACKGROUND

A few weeks ago, Dakota Energy submitted discovery disputes with East River and Basin over the discoverability of their loan documents with third parties (among other issues). (ECF Nos. 69 & 71.[3]) It is Dakota Energy's position that loan documents

---

[3] As Dakota Energy explained in its discovery position statement, "one of the WPC's express purposes is to ensure the repayment of loans East River has with the Rural Utilities Service [("RUS")]." (ECF No. 71-1, at 3.) Therefore, "East River's loan covenants and agreements almost certainly contain language addressing what happens when a member withdraws and/or terminates its WPC." (*Id.*) Additionally, "Basin's loans—which it repays in part with revenue it receives from East River—are almost certainly structured to account for East River's need to satisfy its RUS loans, including, for example, what happens if East River's revenue decreases because a member withdraws or terminates its WPC." (ECF No. 69-1, at 3.)

are discoverable under ¶ 5.d of the Scheduling Order, which provides for discovery of "[a]ny parol or other extrinsic evidence . . . , including . . . evidence Dakota claims is relevant to show . . . custom and usage." (ECF No. 57.)

The Magistrate Judge ordered East River and Basin to produce their loan documents that reference member withdrawals or terminations. (ECF Nos. 70, 72 & 79.) But she disagreed with Dakota Energy over the scope of discoverable parol and extrinsic evidence generally. She found that "the district court's allowance of discovery of parol and extrinsic evidence in Phase One discovery to be an allowance of discovery about *the contractual parties' own statements and course of dealing with each other*, not with third parties who are not part of the contract." (ECF No. 70, at 7; ECF No. 72, at 7.) She also determined that under South Dakota law, "parol evidence consists in statements and a course of dealing *between the contractual parties themselves*." (ECF No. 70, at 6; ECF No. 72, at 6.)

Dakota Energy requested that the Magistrate Judge reconsider her ruling regarding the scope of discoverable parol and extrinsic evidence. (ECF. No. 78.) Dakota Energy explained that South Dakota case law, the South Dakota U.C.C., and the Restatement of Contracts all permit evidence of industry custom and usage to explain and provide context to contract terms. (*Id.* at 2–5.) It also explained that industry custom and usage, such as loan documents that contemplate member withdrawals or terminations, also bear directly on the question of whether Dakota Energy can withdraw from East River on equitable terms and conditions. (*Id.*)

The Magistrate Judge denied Dakota Energy's request for reconsideration without further discussion of that issue. (ECF. No. 79.) Dakota Energy now appeals her ruling regarding the limitations of discoverable parol and extrinsic evidence.

## LEGAL STANDARD

"The Federal Magistrates Act provides the 'clearly erroneous or contrary to law' standard of review for magistrate resolution of nondispositive matters." *SPV-LS, LLC v. Transamerica Life Ins. Co*, 2016 WL 7237337, at *3 (D.S.D. Dec. 13, 2016) (Piersol, J.) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). A ruling is "clearly erroneous" when it is "not substantially justified," i.e., when the court "is left with the definite and firm conviction that a mistake has been committed." *Gowan v. Farmers Ins. Exch.*, 2016 WL 775758, at *2 (D.S.D. Feb. 25, 2016) (Piersol, J.) (internal quotation marks omitted). "A finding is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *SPV-LS*, 2016 WL 7237337, at *3 (internal quotation marks omitted).

## ARGUMENT

The Magistrate Judge erred by ruling that discoverable parole or extrinsic evidence is limited to "**the contractual parties' own statements and course of dealing with each other**." (ECF No. 70, at 7; ECF No. 72, at 7.) First, the Magistrate Judge recognized that evidence of trade custom, practice, or usage is discoverable by allowing discovery of the loan documents between third parties and East River/Basin that reference member termination or withdrawal. (ECF No. 70, at 7; ECF No. 72, at 7; ECF No. 79.) By definition, those loan documents do not constitute "the contractual parties' own statements and course of dealing" among East River, Basin, and Dakota Energy because they involve transactions with third parties.

Dakota Energy agrees that the loan documents (which are evidence of industry custom and usage) are discoverable. But the Magistrate Judge's decision is in tension with her prior statement construing "the district court's allowance of discovery of parol

and extrinsic evidence in Phase One discovery to be an allowance of discovery about the contractual parties' own statements and course of dealing with each other, not with third parties who are not part of the contract." (ECF No. 70, at 7.) As a result, the Court should overrule that portion of the Magistrate Judge's Orders that limits Phase One discovery only to the parties' own statements and dealings.

Second, the plain language of this Court's July 16, 2021, Scheduling Order specifically allows discovery into "extrinsic evidence . . . , including . . . evidence Dakota claims is relevant to show . . . custom and usage." (ECF No. 57.) No party has asked to modify that portion of the Court's Order. Dakota Energy simply requests that it be applied as written.

Third, courts in South Dakota have recognized that the type of discovery Dakota Energy seeks regarding custom and usage is proper. Trade or industry evidence is different than course of dealing (i.e., the other category of extrinsic evidence specifically mentioned by the Scheduling Order). Specifically, South Dakota case law, the South Dakota U.C.C., and the Restatement of Contracts all permit evidence of industry custom and practice to explain and provide context to contract terms. For example:

- South Dakota courts allow evidence of custom and trade usage to interpret contract ambiguities. *LaMore Rest. Grp., LLC v. Akers*, 748 N.W.2d 756, 764-66 (S.D. 2008); *Mash v. Cutler*, 488 N.W.2d 642, 647 (S.D. 1992); *Atmosphere Hosp. Mgmt., LLC v. Shiba Invs., Inc.*, 2016 WL 379639, at *3 (D.S.D. Jan. 29, 2016).

- The South Dakota U.C.C. allows usage of trade evidence so long as it is not inconsistent with the contract language. *See* S.D.C.L. § 57A-1-303(d) (course of performance or course of dealing between the parties or *usage of trade in the vocation or trade in which they are engaged or of which they are or should be aware* is relevant in ascertaining the meaning of the parties' agreement, may give particular meaning to specific terms of the agreement, and may supplement or qualify the terms of the agreement); *see also* Comment 3 to U.C.C. Article 2, § 1-303 ("[t]he language used is to be interpreted as meaning what it may fairly be expected to mean to parties involved in the particular commercial transaction in

a given locality or in a given vocation or trade … Part of the agreement of the parties to which such rules yield is to be sought for in the usages of trade which furnish the background and give particular meaning to the language used, and are the framework of common understanding controlling any general rules of law which hold only when there is no such understanding.")

- The Restatement (Second) of Contracts allows evidence of trade usage to supplement or qualify an agreement and ***even to demonstrate the existence of an ambiguity***. *See* Restatement §§ 220 & 222 (1981 & June 2021 Update). As explained in Comment d to § 220, "[l]anguage and conduct are in general given meaning by usage rather than by the law, and ambiguity and contradiction likewise depend upon usage. *Hence usage relevant to interpretation is treated as part of the context of an agreement in determining whether there is ambiguity or contradiction as well as in resolving ambiguity or contradiction.* There is no requirement that an ambiguity be shown before usage can be shown, and no prohibition against showing that language or conduct have a different meaning in the light of usage from the meaning they might have apart from the usage."

In short, discovery in this case should extend specifically to evidence that Dakota Energy believes is relevant to Dakota Energy's position that industry custom, practice, or usage supports its interpretation of the applicable agreements. It should not, in other words, be limited to the contracting parties' own statements and course of dealing.[4]

## CONCLUSION

For the reasons explained, Dakota Energy respectfully requests that the Court (a) set aside the portions of the Magistrate Judge's rulings that purport to limit discovery of parol and extrinsic evidence in the case to the contracting parties' own statements and course of dealing, and (b) clarify that discovery of parol and extrinsic evidence specifically extends to industry or trade custom, practice, and usage.

---

[4] Even if the Court has questions about the ultimate admissibility of some of this evidence at trial, it should resolve the question in favor of discoverability for now. *Colonial Funding Network, Inc. v. Genuine Builders, Inc.*, 326 F.R.D. 206, 210 (D.S.D. 2018) ("Information within the scope of discovery need not be admissible in evidence to be discoverable.").

Dated:  September 20, 2021.

Respectfully submitted,

SCHOENBECK LAW, PC

*/s/ Lee Schoenbeck*
Lee Schoenbeck
Joseph Erickson
P.O. Box 1325
Redlin Art Center
1200 Mickelson Dr., #310
Watertown, SD 57201
Telephone:   605.886.0010
Facsimile:     605.886.0011
Email:  lee@schoenbecklaw.com
            joe@schoenbecklaw.com

and

WHEELER TRIGG O'DONNELL LLP

Peter W. Herzog III (*pro hac vice*)
Joel S. Neckers (*pro hac vice*)
Webster C. Cash, III (*pro hac vice*)
Matthew H. Jasilli (*pro hac vice*)
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:     303.244.1879
Email:  pherzog@wtotrial.com
            neckers@wtotrial.com
            cash@wtotrial.com
            jasilli@wtotrial.com

Attorneys for Plaintiff/Counter-Claim
Defendant Dakota Energy Cooperative, Inc.

7192367.1                                                7

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on September 20, 2021, I electronically filed the foregoing **DAKOTA ENERGY'S BRIEF IN SUPPORT OF ITS APPEAL FROM THE MAGISTRATE JUDGE'S RULINGS REGARDING PAROL AND EXTRINSIC EVIDENCE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

The following are those who are currently on the list to receive e-mail notices for this case.

- **Webster C. Cash, III**
  cash@wtotrial.com, geiwitz@wtotrial.com

- **J. Peter Coll , Jr**
  pcoll@orrick.com, nymao@orrick.com

- **Jonathan A. Direnfeld**
  jdirenfeld@orrick.com, nymao@orrick.com

- **Joseph B. Erickson**
  joe@schoenbecklaw.com, jerickson14417@gmail.com

- **Peter W. Herzog**
  pherzog@wtotrial.com, licausi@wtotrial.com

- **Matthew H. Jasilli**
  jasilli@wtotrial.com

- **Matthew D. LaBrie**
  mlabrie@orrick.com, nymao@orrick.com, casestream@ecf.courtdrive.com

- **Tracey K. Ledbetter**
  traceyledbetter@eversheds-sutherland.com, betzhandmaker@eversheds-sutherland.com

- **Michael L. Luce**
  mluce@lynnjackson.com, mschmitt@lynnjackson.com

- **Meredith A. Moore**
  meredithm@cutlerlawfirm.com, deanneu@cutlerlawfirm.com

- **Joel S. Neckers**
  neckers@wtotrial.com, licausi@wtotrial.com

- **James A. Orr**
  jamesorr@eversheds-sutherland.com

- **Dana Van Beek Palmer**
  dpalmer@lynnjackson.com, alangerock@lynnjackson.com

- **R. Alan Peterson**
  rpeterson@lynnjackson.com, alangerock@lynnjackson.com, akneip@lynnjackson.com

- **Lee A. Schoenbeck**
  lee@schoenbecklaw.com, joe@schoenbecklaw.com, jen@schoenbecklaw.com, karen@schoenbecklaw.com

          */s/ Lee Schoenbeck*