IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>EAST RIVER ELECTRIC POWER COOPERATIVE, INC.,<br><br>*Defendant,*<br><br>v.<br><br>BASIN ELECTRIC POWER COOPERATIVE,<br><br>*Intervenor.* | Case No. 4:20-cv-04192-LLP<br><br>**Basin Electric Power Cooperative's Opposition to Dakota Energy Cooperative, Inc.'s Appeal Regarding Parol and Extrinsic Evidence** |

Basin Electric Power Cooperative ("Basin"), by and through its undersigned counsel, respectfully submits this brief in opposition to Plaintiff Dakota Energy Cooperative, Inc.'s ("Dakota") Appeal from Magistrate Judge Duffy's Rulings Regarding Parol and Extrinsic Evidence ("Appeal"). Basin respectfully submits that this Court should affirm Magistrate Judge Duffy's rulings and dismiss Dakota's Appeal.

## INTRODUCTION

The Court issued a scheduling order in this matter bifurcating discovery (the "Rule 16 Order"), with Phase One Discovery focused on a narrowly prescribed set of topics related to Dakota's contractual right (or lack thereof) to terminate its wholesale power contract ("WPC") with East River Electric Power Cooperative Inc., ("East River") and/or withdraw from its memberships in each of the two cooperatives, East River and/or Basin. Notwithstanding the limited scope of Phase One Discovery, Dakota has taken the position that it should be entitled to

any discovery that it demands under the rubric of "parol or extrinsic evidence" and, thus, has filed a serial set of motions with Magistrate Duffy in an effort to enforce an expanded interpretation of Phase One Discovery.[1]  Magistrate Judge Duffy, however, has consistently upheld this Court's express limitation on Phase One Discovery and rejected Dakota's efforts to circumvent the terms of the Court's Rule 16 Order.  Unhappy with Judge Duffy's rulings, Dakota ignored the procedures the parties agreed to in the Rule 16 Order and filed a five-page motion with Magistrate Duffy demanding she reverse her previous orders and expand Phase One Discovery beyond the bounds set by this Court.  When Magistrate Duffy declined, Dakota filed the instant appeal in which its true goal is evident—the revision of this Court's Rule 16 Order.  Magistrate Duffy's decision is true to the Rule 16 Order, and Plaintiff's issue is not with Magistrate Duffy but with this Court.

## BACKGROUND

As set forth in the Rule 16 Order, Phase One Discovery of this action involves two issues: **(1)** is Dakota permitted under the governing terms of its long-term WPC with East River to terminate that contract before its termination date, December 31, 2075; and **(2)** under what terms is Dakota permitted to withdraw from its cooperative memberships in East River and in Basin.  *See* Compl. ¶¶ 34, 35, 43.  At the May 24, 2021, hearing, the parties set forth their respective views on the scope of discovery, and the Court directed Phase One Discovery to focus on "the issue of termination or withdrawal."  *See* Hr'g Tr. 34:19-20.  Accordingly, the parties in their subsequent Supplement Report as to Phase One Discovery limited Phase One Discovery to "issues related to Dakota Energy's right to terminate the [WPC] and/or withdraw from East River and/or Basin."  *See* ECF 50 at 4.

---

[1] In the one-week period between August 26 and September 2, the date of this appeal, Dakota filed three motions to compel discovery, a motion to reconsider and this Appeal.

The parties in that Supplemental Report listed the topics that they believed fell within the Court's defined scope. Basin and East River, in line with the Court's direction, proposed five topics of discovery for Phase One:

1. The negotiation, execution, and decision by Dakota to enter into the 1995 WPC, the 2006 amendment to the WPC (extending the term to 2058), and the 2015 amendment to the WPC (extending the term to 2075);

2. Communications with Guzman Energy or any other power supplier or marketer regarding a buyout, termination, or withdrawal right;

3. Dakota's interpretation of the WPC;

4. Any parol or other extrinsic evidence that Dakota believes supports its interpretation of the WPC and Bylaws as to the Phase One issues, including but not limited to such evidence Dakota claims is relevant to show course of dealing and/or custom and usage; and

5. Depositions of any expert witnesses designated by Dakota Energy.

*Id.* at 5-6.

Dakota, however, listed 11 topics, including:

1. All loan documents or covenants between East River and Rural Utilities Service or East River and any other entity; and

2. All loan documents or covenants between Basin and Rural Utilities Service or East River and any other entity.

*Id*. at 4-5.

In the Court's Rule 16 Order, the Court accepted all of Basin and East River's proposed topics and expressly declined to include any of Dakota's proposed topics. *See* ECF 57.

Dakota promptly ignored the Court's Rule 16 Order. Not only did Dakota specifically seek in its first discovery requests to Basin "all loan agreements or covenants between Basin[] and any

3

lenders….[,]" it also sought 23 other categories of documents including, for example, all documents produced in Basin's separate litigation with McKenzie Electric Cooperative, Inc. and all documents related to the "seven cooperative principles" (another of the topics of discovery requested by Dakota and expressly rejected by this Court). And, in its similarly sprawling Interrogatories, Dakota demanded Basin "identify any entity from which [it] has borrowed money… including the holders of any debt."

Basin objected to these discovery requests on the grounds that this Court had declared them beyond the scope of Phase One. Notwithstanding the fact that loan documents are per se beyond the scope of Phase One Discovery, Basin agreed to produce any non-privileged loan documents that are relevant and related to termination or withdrawal. Dakota refused to accept this response, invoked the discovery dispute processes established in the Rule 16 Order, and tried to convince Magistrate Judge Duffy that the topics of discovery explicitly excluded from Phase One Discovery by this Court's Rule 16 Order—*e.g*., "all loan documents"—were somehow, nevertheless, implicitly included. Magistrate Duffy did not buy Dakota's attempt to circumvent the limits of Phase One Discovery. Magistrate Duffy sustained Basin's objections and approved Basin's agreement to produce those "loan documents that are relevant and that are related to withdrawal or termination of a member." ECF 70 at 7.[2]

Upset with the ruling, Dakota filed a reconsideration motion asking Magistrate Duffy to clarify and/or reconsider her ruling as to the loan documents. Magistrate Duffy denied the motion to reconsider in fewer than 24 hours with a docket order, stating that her "ruling is limited to Basin… producing those loan documents that reference member termination or withdrawal. Loan

---

[2] Magistrate Duffy's order also resolved other discovery disputes, some in Basin's favor, some in Dakota's favor. With respect to Dakota's fifth and sixth Interrogatories, Basin was ordered to supplement its responses, which Basin did six days later on September 1, 2021.

documents which do not reference member withdrawal or termination need not be produced." *See* ECF 79. In response, Dakota filed this Appeal.

## ARGUMENT

Dakota appeals the Magistrate Judge's ruling on a discovery dispute. A discovery dispute is a "nondispositive matter" under Federal Rule of Procedure 72(a). As such, this Court may only "modify or set aside any part of [Magistrate Duffy's] order that is clearly erroneous or is contrary to law." *Id.*; *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 2016 WL 7237337, at *3 (D.S.D. Dec. 13, 2016) (Piersol, J.); *Gowan v. Farmers Ins. Exch.*, 2016 WL 775758, at *2 (D.S.D. Feb. 25, 2016) (Piersol, J.) (holding a ruling is "clearly erroneous" when this Court "is left with the definite and firm conviction that a mistake has been committed").

There can be no real dispute here that Magistrate Duffy properly decided the discovery dispute. This Court had expressly excluded from Phase One indiscriminate discovery into Basin's loan documents, and Magistrate Duffy approved the search terms crafted by Basin to identify potentially responsive ESI materials relating to evidence regarding the termination or withdrawal terms of WPCs and/or bylaws that might be found in its loan files. Magistrate Duffy recognized what Basin had done and found Basin's discovery response to be adequate as it fell within "parol or other extrinsic evidence [regarding] interpretation of the WPC and Bylaws as to the Phase One issues [*i.e.*, withdrawal and/or termination]." Accordingly, Magistrate Duffy sustained Basin's objection to Dakota's demand for indiscriminate discovery into "all [Basin's] loan agreements and covenants" and any "holders of any [Basin] debt" and approved Basin's production of such loan documents that potentially provide "parole or other extrinsic evidence" regarding "the Phase One issues": *i.e.*, withdrawal and/or termination. ECF 70.

Strikingly, Dakota is not asking the Court to order the production of additional loan documents beyond those that Basin agreed to provide and Magistrate Duffy stated should be produced, *i.e.*, "all non-privileged, relevant documents related to withdrawal or termination, regardless of whether that document is a loan document…." ECF 69-2 at 3. Indeed, Dakota does not ask this Court to order the production of additional documents or information in response to any of Dakota's discovery requests. Rather, Dakota is attempting to use Magistrate Duffy's articulation of the scope of parol and extrinsic evidence to get this Court to overturn its limitations on Phase One Discovery.

One cannot lose sight of the fact that both the Basin/East River WPC and the East River/Dakota WPC continue until 2075 and have no early termination provision. Likewise, the withdrawal provisions in Basin's and East River's bylaws are explicit and respectively state "a Member may withdraw from membership upon compliance with such equitable terms and conditions as the Board of Directors may prescribe; provided, however, that no Member shall be permitted to withdraw until it has met all its contractual obligations to the Cooperative." Basin Bylaws § 8; East River Bylaws § 5(a). Nothing about these provisions is ambiguous, and Dakota has yet to identify any word, phrase, clause, or term of these provisions that it claims is ambiguous.[3] The Court, nonetheless, has permitted discovery—within the limits of the Rule 16 Order—regarding parol or extrinsic evidence that Dakota believes supports its case. The Court,

---

[3] South Dakota law—and the very cases Dakota cites in its Appeal—are clear, that parol evidence and evidence of custom, industry, trade, or practice is inadmissible unless the relevant contract "is uncertain or ambiguous" and the parol or extrinsic evidence is necessary "to explain the instrument." *See LaMore Rest. Grp., LLC v. Akers*, 2008 S.D. 32, ¶ 30, 748 (cited by Dakota at 5) ("[B]efore extrinsic evidence can be heard the contract must be deemed uncertain or ambiguous."); *Mash v. Cutler*, 488 N.W.2d 642, 647 (S.D. 1992) (cited by Dakota at 5) ("In construing a contract where ambiguities exist, established trade customs and usages may ordinarily be considered."); *Atmosphere Hosp. Mgmt., LLC v. Shiba Invs., Inc.*, 2016 WL 379639, at *3 (D.S.D. Jan. 29, 2016) (cited by Dakota at 5) ("[T]o the extent the contracts are ambiguous, parol evidence describing how the similar terms are used in the… industry is admissible to construe the agreements.").

however, has not given Dakota carte blanche to roam through Basin's files in search of such imagined evidence.

Yet, Dakota, without identifying any ambiguity, wants full authority to seek any discovery that "it believes is relevant," regardless of the scope of Phase One Discovery. Phase One Discovery does not envision such a fishing expedition. The Court should reject Dakota's not-so-subtle request to eviscerate the limits on Phase One Discovery. To the extent any future disputes arise as to the scope of Phase One Discovery regarding parol and extrinsic evidence, the Court can address those issues in the context of the specific requests, but as to Basin's loan documents, there is no legitimate dispute under the Rule 16 Order. Dakota's Appeal is without merit, Magistrate Duffy's ruling should be affirmed and Dakota's Appeal should be dismissed.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Basin respectfully requests that the Court affirm Magistrate Judge Duffy's rulings and dismiss Dakota's appeal.

Dated October 4, 2021                     Respectfully Submitted,

*/s/ Meredith A. Moore*
Meredith A. Moore

CUTLER LAW FIRM, LLP

MEREDITH A. MOORE
140 N. Phillips Ave., 4th Floor
PO Box 1400
Sioux Falls, SD 57101-1400
T:  +1 605 335 4995
F:  +1 605 335 4961
meredithm@cutlerlawfirm.com

ORRICK, HERRINGTON & SUTCLIFFE LLP

J. PETER COLL, JR. (*pro hac vice*)
51 West 52nd Street
New York, NY 10019-6142
T: +1 212 506 5000
F: +1 212 506 5151
pcoll@orrick.com

JONATHAN A. DIRENFELD (*pro hac vice*)
1152 15th St NW
Washington, D.C. 20005-1706
T: +1 202 339 8400
F: +1 202 339 8500
jdirenfeld@orrick.com

MATTHEW D. LABRIE (*pro hac vice*)
222 Berkeley Street, Ste. 2000
Boston, MA 02116
T: +1 617 880 1800
F: +1 617 880 1801
mlabrie@orrick.com

*Counsel for Basin Electric Power Cooperative*