IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC., <br><br> *Plaintiff / Counter-Claim Defendant,* <br><br> v. <br><br> EAST RIVER ELECTRIC POWER COOPERATIVE, INC., <br><br> *Defendant / Counter-Claim Plaintiff / Cross-Claim Defendant,* <br><br> v. <br><br> BASIN ELECTRIC POWER COOPERATIVE, <br><br> *Intervenor-Defendant / Counter-Claim Plaintiff / Cross-Claim Plaintiff.* | 4:20-cv-04192-LLP <br><br><br> **EAST RIVER ELECTRIC POWER COOPERATIVE, INC.'S OPPOSITION TO DAKOTA ENERGY COOPERATIVE, INC.'S APPEAL REGARDING PAROL AND EXTRINSIC EVIDENCE** |

This "limited appeal" is a proceeding in search of a dispute. The brief filed by Plaintiff Dakota Energy Cooperative, Inc. ("Dakota") does not quarrel with any of the relief ordered by the Magistrate Judge in the two orders appealed. (Docs. 70 & 72.) Instead, Dakota asks the Court to "set aside" two sentences in the orders so as "[t]o guard against a future dispute" that may (or may not) occur. (Doc. 82 at 2.) But there is no current dispute, much less one that is ripe for consideration by the Court.

1

Dakota's brief argues that certain language in the Magistrate Judge's discussion improperly disallows discovery of industry custom or practice by limiting parol evidence to statements and dealings "between the contractual parties themselves." (Doc. 82 at 1.) But this claim is belied by Dakota's own brief, which concedes that the Magistrate Judge *did order* production of documents not "between the parties themselves" (*id*. at 2) and *did not limit* discovery to "evidence of statements or a course of dealing between the contractual parties themselves" (*id*. at 1).

As Dakota does not actually contest the scope of any of the discovery ordered by the Magistrate Judge, it appears that this appeal is instead an attempt to broaden the scope of Phase One discovery. The Court should decline to do so.

## RELEVANT BACKGROUND

Discovery in this case is being conducted in two phases. The parties currently are engaged in Phase One discovery, which is limited to "issues related to Dakota Energy's right to terminate the Dakota-East River wholesale power contract (WPC) and/or withdraw from East River and/or Basin." (Doc. 50 at 4.) To establish the scope, timing, and other procedures for Phase One discovery, the parties jointly submitted a Supplemental Report of the Parties' Planning Meeting as to Discovery Phase One, which asked the Court to rule on a number of issues on which the parties disagreed. (*Id*.)

One of the areas of disagreement submitted to the Court was the topics for Phase One discovery. East River and Basin jointly submitted five topics related to the termination or withdrawal issue, while Dakota proposed 11 specific topics, including the following:

    1.      All loan documents or covenants between East River and Rural Utilities Service or East River and any other entity;

    2.      All loan documents or covenants between Basin and Rural Utilities Service or Basin and any other entity; [and]

    10.     Industry custom and practice regarding the interpretation of wholesale power contracts similar to the contract between Dakota Energy and East River;

(*Id*. at 5.)

In ruling on the parties' competing positions, the Court adopted all of the topics proposed by East River and Basin (plus one additional topic). Among the topics proposed by East River and Basin and adopted by the Court was the narrow topic of "[a]ny parol or other extrinsic evidence that Dakota believes supports its interpretation of the WPC and Bylaws as to the Phase One issues, including but not limited to such evidence Dakota claims is relevant to show course of dealing and/or custom and usage."[1]

After the Court declined to adopt the topics proposed by Dakota, Dakota nevertheless served discovery requests seeking the precise type of loan documents described above. For example, Dakota requested that East River produce "all loan agreements or covenants between East River and any lender, including but not limited to

---

[1] Because Dakota had informed the Court that it desired to present extrinsic evidence in support of its position (Hr'g Tr. (Doc. 49) at 25, 32), East River and Basin proposed that discovery include extrinsic evidence "*that Dakota believes* supports its interpretation [of the governing documents], including … such discovery *Dakota claims is relevant* to show course of dealing and/or custom and usage." (Doc. 50 at 6 (emphasis added).) The Court included this topic in its Scheduling Order but rejected Dakota's broader proposed topic, *i.e.*, "[i]ndustry custom and practice regarding the interpretation of wholesale power contracts similar to the contract between Dakota Energy and East River." (Doc. 50 at 5; Doc. 57 at 2–3.)

the Notes, as defined in the Wholesale Power Contract ('WPC') between East River and Dakota Energy." (Doc. 72 at 4.) Dakota requested similar loan documents from Basin.

East River and Basin both objected that any such documents were outside the scope of Phase One discovery as set by this Court. Although Basin offered to produce loan documents relevant or related to termination or withdrawal, Dakota rejected this compromise. Dakota then invoked the expedited procedures set out in the Scheduling Order to bring this and other discovery disputes for resolution by the Magistrate Judge.

The Magistrate Judge granted in part and denied in part Dakota's motions in two orders, one addressing Basin (Doc. 70) and one addressing East River (Doc. 72). As relevant here, the Magistrate Judge ordered East River (and Basin) to produce "loan documents in its possession that are relevant and that are related to withdrawal or termination of a member." (Doc. 72 at 7.) Dakota then filed a motion for clarification or reconsideration on the specific issue of what loan documents must be produced. (Doc. 78.) In that motion, Dakota made clear the scope of what discovery was at issue:

> Dakota Energy understands [the orders] to mean that both Basin and East River must produce any loan documents that address, whether by covenant or otherwise, the departure of a member cooperative.… If this was the Court's intention, and we believe it was, those are the documents that Dakota Energy seeks. We are not asking either East River or Basin to produce loan documents that do not address the issue of departing members.

(*Id*. at 3–4.)

And that is precisely what was ordered. Denying reconsideration (presumably because her original rulings were clear), the Magistrate Judge stated,

4

> The court's ruling is limited to Basin and East River producing those loan documents that reference member termination or withdrawal. Loan documents which do not reference member withdrawal or termination need not be produced.

(Doc. 79.)

Both East River and Basin have produced loan documents in compliance with the Magistrate Judge's ruling. Although Dakota does not contest any aspect of this ruling, it filed this appeal in order "[t]o guard against a future dispute" regarding the scope of Phase One discovery. (Doc. 82 at 2.)

## DISCUSSION

Dakota's appeal should be denied because Dakota itself agrees with the Magistrate Judge's ruling, the loan documents that are the subject of the ruling have been produced, and there is no live dispute for the Court to decide. Dakota's request to have the Court opine on "future disputes" that may (or may not) occur is improper and subverts the procedures agreed to by the parties and the Court for expedited resolution of discovery disputes

A magistrate judge's order on a nondispositive matter such as a discovery dispute cannot be modified or set aside unless it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 2016 WL 7237337, at *3 (D.S.D. Dec. 13, 2016) (Piersol, J.). A ruling is "clearly erroneous" when the court "is left with the definite and firm conviction that a mistake has been committed." *Gowan v. Farmers Ins. Exch.*, 2016 WL 775758, at *2 (D.S.D. Feb. 25, 2016) (Piersol, J.).

Here, there is no basis to conclude that the Magistrate Judge's ruling is "clearly erroneous" or "contrary to law." Indeed, Dakota admits that there was no mistake

5

committed. East River and Basin were ordered to produce the documents that Dakota sought, and those documents have been produced. If the orders themselves left any room for doubt, that doubt was resolved with the ruling on Dakota's motion for reconsideration.

Dakota does not contest that ruling. What Dakota instead seeks is a preemptive ruling about other possible disputes that have not even happened. Dakota would have the Court speculate about what might or might not constitute evidence of "custom and usage," without any context regarding what documents or information might be at issue. If such a dispute arises, and the parties are unable to resolve it, such a dispute would be decided first by the Magistrate Judge and, if necessary, by the Court, with reference to the particular discovery sought, the topics listed Section 5 of the Scheduling Order, and applicable discovery principles.[2]

The Court should not accept Dakota's invitation to opine about discovery matters that are not currently, and may never be, before the Court. If there comes a time when the parties have an actual dispute about whether certain documents or information are proper evidence of "custom and usage"— and neither the parties nor the Magistrate Judge can resolve the dispute to all parties' satisfaction— then the Court may be called upon to decide the relevance of that discovery to the Phase One issues. Unless and until that happens, there is nothing for the Court to decide, and nothing for Dakota to appeal.

---

[2] To the extent Dakota seeks an advisory ruling on the admissibility of unidentified usage-of-trade evidence that might be tendered to the Court at some point in the future, that also is not ripe for briefing or consideration.

## CONCLUSION

For these reasons, Dakota's appeal should be denied, and the Magistrate Judge's orders should be left undisturbed.

Dated October 4, 2021.

LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

/s/ *Michael L. Luce*
Michael L. Luce
Dana Van Beek Palmer
R. Alan Peterson
110 N. Minnesota Avenue, Suite 400
Sioux Falls, SD 57104
Telephone: (605) 332-5999
E-mails: mluce@lynnjackson.com
dpalmer@lynnjackson.com
rpeterson@lynnjackson.com

and

James A. Orr (*pro hac vice*)
Tracey K. Ledbetter (pro hac vice)
Eversheds Sutherland (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
Telephone: (404) 853-8000
E-mails: jamesorr@eversheds-sutherland.com
traceyledbetter@eversheds-sutherland.com

*Attorneys for Defendant East River Electric Power Cooperative, Inc.*