IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC., <br><br> *Plaintiff/* <br> *Counter-Claim Defendant,* <br><br> v. <br><br> EAST RIVER ELECTRIC POWER COOPERATIVE, INC., <br><br> *Defendant/* <br> *Counter-Claim Plaintiff/* <br> *Cross-Claim Defendant,* <br><br> and <br><br> BASIN ELECTRIC POWER COOPERATIVE, <br><br> *Intervenor-Defendant/* <br> *Counter-Claim Plaintiff/* <br> *Cross-Claim Plaintiff.* | Case 4:20-cv-04192-LLP <br><br> **DAKOTA ENERGY'S REPLY BRIEF IN SUPPORT OF ITS APPEAL FROM THE MAGISTRATE JUDGE'S RULINGS REGARDING PAROL AND EXTRINSIC EVIDENCE** |

## INTRODUCTION

Dakota Energy respectfully requests that the Court set aside the portions of the Magistrate Judge's rulings limiting discovery of parol or extrinsic evidence to "evidence of statements or a course of dealing between the contractual parties themselves." (ECF No. 70, at 5–6; ECF No. 72, at 5–6.) The Court should reject Basin Electric's and East River's overlapping arguments for two primary reasons.

First, both East River and Basin Electric contend that the issues are not ripe for an appeal. However, resolving this appeal is essential because the Magistrate Judge's Orders govern the parties' conduct not only right now, but also going forward. Second,

Basin Electric contends that Dakota Energy seeks overbroad discovery because parol and extrinsic evidence is relevant only if Dakota Energy first establishes that its contract with East River is ambiguous. That too is wrong because the South Dakota U.C.C.—which governs the contract—does not require ambiguity as a threshold for consideration of parol and extrinsic evidence. Furthermore, the issue here is discoverability, not admissibility, and courts uniformly hold that evidence need not be admissible to be discoverable. The Court therefore should overturn the Magistrate Judge's discovery limitations.

## ARGUMENT

### I.     The Issue on Appeal Is Ripe.

East River and Basin Electric contend that the appeal is not ripe because the parties do not presently dispute specific discovery requests. Their argument is misguided, however, because the Magistrate Judge's discovery limitations apply to the parties now and going forward. Thus, the limitations have present and ongoing effects—indeed, Basin and East River have objected repeatedly during depositions based on their interpretation of Phase One discovery—on both the parties' discovery conduct and their overall litigation strategies. The Court should therefore resolve this appeal for the parties to effectively and efficiently litigate this case.

### II.    Dakota Energy Seeks Appropriate Discovery.

Basin Electric also argues that Dakota Energy cannot obtain parol and extrinsic evidence regarding the meaning of its contract with East River because Dakota Energy has not identified an ambiguity to resolve with that evidence. Basin Electric is wrong for two reasons.

First, Dakota Energy need not establish an ambiguity in the contract for the fact finder to consider parol and extrinsic regarding its meaning. As explained in Comment 1(c) to the South Dakota U.C.C. § 57A-2-202: "This section definitely rejects: … The requirement that a condition precedent to the admissibility of the type of evidence specified in paragraph (a) is an original determination by the court that the language used is ambiguous," with "paragraph (a)" referring to "course of performance, course of dealing or usage of trade (§ 57A-1-303)," S.D.C.L. § 57A-2-202.

Second, Basin Electric incorrectly suggests that discovery is limited to admissible evidence when, of course, it is not, since "'[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable.'" *Colonial Funding Network, Inc. v. Genuine Builders, Inc.*, 326 F.R.D. 206, 210 (D.S.D. 2018)(quoting Fed. R. Civ. P. 26(b)(1)). Indeed, numerous cases within the Eighth Circuit and across the country allow for discovery of parol and extrinsic evidence without a threshold determination of admissibility. *E.g.*, *Garloff v. Shaffer as Tr. of Ruth A. Draut Revocable Tr.*, 2020 WL 697889, at *6 (N.D. Iowa Feb. 11, 2020) (granting Rule 56(d) motion to extend discovery to allow for discovery of extrinsic evidence and rejecting party's argument that such discovery was futile as excluded by parol evidence rule because "it would be premature to decide whether the evidence would be excluded by the parol evidence rule at this stage"); *Passavant Mem'l Homes Inc. v. Beasley Ins. Co., Inc.*, 2018 WL 398346, at *3 (W.D. Pa. Jan. 12, 2018) ("Without the discovery of the extrinsic evidence, a party cannot assess whether the parol evidence rule will apply"); *Rembrandt Enterprises, Inc. v. Illinois Union Ins. Co.*, 2016 WL 6997108, at *2 (D. Minn. Jan. 13, 2016) ("a court need not determine that a contract is ambiguous and that extrinsic evidence will be allowed before permitting discovery of such evidence"); *Ferro v. Atl. City Showboat,*

3

*Inc.*, 2009 WL 10690439, at *2 (D.N.J. July 13, 2009) ("discovery is not limited to admissible evidence, therefore it is inappropriate to deny discovery of parol evidence simply because it may be inadmissible at trial") (citing cases); *Wheatley v. Guardian Life Ins. Co. of Am.*, 2007 WL 2893383, at *6 (D.N.J. Sept. 28, 2007) ("Plaintiffs will need this discovery to attempt to carry their burden of proving the existence of a long-continuing, uniform, and well-settled trade usage that is known to both contracting parties or referenced as such in the contractual agreement. This sort of evidence lies in the hands of Defendants, and Plaintiffs have sustained their Rule 56(f) burden as to their contract claim") (citation omitted); *Buscher v. Econ. Premier Assurance Co.*, 2005 WL 8162850, at *7 (D. Minn. Sept. 20, 2005) ("Here, plaintiffs claim the policy exclusions are ambiguous. In light of that claim, the decision of whether the policy exclusions are unambiguous is an issue to be decided on summary judgment, and plaintiffs are entitled to receive factual discovery so that they can present extrinsic evidence in the event the Court finds that the policy language is ambiguous.").

The same analysis applies with equal force here. There will likely come a time when the Court will be called on to rule on the admissibility of evidence. But that is not a determination that should (1) be made now or (2) serve as a further limitation on the discovery the Court ordered was appropriate for Phase One in this case.

## **CONCLUSION**

For the reasons explained here and in Dakota Energy's Brief in Support of its Appeal from the Magistrate Judge's Rulings Regarding Parol and Extrinsic Evidence (ECF No. 82), Dakota Energy respectfully requests that the Court (1) set aside the portions of the Magistrate Judge's rulings that purport to limit discovery of parol and extrinsic evidence in the case to the contracting parties' own statements and course of

dealing, and (2) clarify that discovery of parol and extrinsic evidence specifically extends to industry or trade custom, practice, and usage.

Dated:  October 12, 2021.          Respectfully submitted,

SCHOENBECK LAW, PC

*/s/ Lee Schoenbeck*
Lee Schoenbeck
Joseph Erickson
P.O. Box 1325
Redlin Art Center
1200 Mickelson Dr., #310
Watertown, SD 57201
Telephone:   605.886.0010
Facsimile:    605.886.0011
Email:  lee@schoenbecklaw.com
            joe@schoenbecklaw.com

and

WHEELER TRIGG O'DONNELL LLP

Peter W. Herzog III (*pro hac vice*)
Joel S. Neckers (*pro hac vice*)
Webster C. Cash, III (*pro hac vice*)
Matthew H. Jasilli (*pro hac vice*)
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:  pherzog@wtotrial.com
            neckers@wtotrial.com
            cash@wtotrial.com
            jasilli@wtotrial.com

Attorneys for Plaintiff/Counter-Claim Defendant Dakota Energy Cooperative, Inc.

## **CERTIFICATE OF SERVICE (CM/ECF)**

      I HEREBY CERTIFY that on October 12, 2021, I electronically filed the foregoing **DAKOTA ENERGY'S REPLY BRIEF IN SUPPORT OF ITS APPEAL FROM THE MAGISTRATE JUDGE'S RULINGS REGARDING PAROL AND EXTRINSIC EVIDENCE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

The following are those who are currently on the list to receive e-mail notices for this case.

- **Webster C. Cash, III**
  cash@wtotrial.com, geiwitz@wtotrial.com

- **J. Peter Coll , Jr**
  pcoll@orrick.com, nymao@orrick.com

- **Jonathan A. Direnfeld**
  jdirenfeld@orrick.com, nymao@orrick.com

- **Elyse Echtman**
  eechtman@orrick.com

- **Joseph B. Erickson**
  joe@schoenbecklaw.com, jerickson14417@gmail.com

- **Peter W. Herzog**
  pherzog@wtotrial.com, licausi@wtotrial.com

- **Matthew H. Jasilli**
  jasilli@wtotrial.com

- **Matthew D. LaBrie**
  mlabrie@orrick.com, nymao@orrick.com, casestream@ecf.courtdrive.com

- **Tracey K. Ledbetter**
  traceyledbetter@eversheds-sutherland.com, betzhandmaker@eversheds-sutherland.com

- **Michael L. Luce**
  mluce@lynnjackson.com, mschmitt@lynnjackson.com

- **Meredith A. Moore**
  meredithm@cutlerlawfirm.com, deanneu@cutlerlawfirm.com

2

- **Joel S. Neckers**
  neckers@wtotrial.com, licausi@wtotrial.com

- **James A. Orr**
  jamesorr@eversheds-sutherland.com

- **Dana Van Beek Palmer**
  dpalmer@lynnjackson.com, alangerock@lynnjackson.com

- **R. Alan Peterson**
  rpeterson@lynnjackson.com, alangerock@lynnjackson.com

- **Lee A. Schoenbeck**
  lee@schoenbecklaw.com, joe@schoenbecklaw.com, jen@schoenbecklaw.com, karen@schoenbecklaw.com

*s/ Lee Schoenbeck*

2