UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC., <br><br> Plaintiff/Counter-Claim Defendant, <br><br> vs. <br><br> EAST RIVER ELECTRIC POWER COOPERATIVE, INC., <br><br> Defendant/Counter-Claim Plaintiff/Cross-Claim Defendant, <br><br> and <br><br> BASIN ELECTRIC POWER COOPERATIVE, <br><br> Intervenor Defendant/Counter-Claim Plaintiff/Cross-Claim Plaintiff. | 4:20-CV-04192-LLP <br><br><br> ORDER DENYING IN PART AND GRANTING IN PART MOTION TO COMPEL BY EAST RIVER ELECTRIC POWER COOPERATIVE, INC. AND BASIN ELECTRIC POWER COOPERATIVE <br><br> Docket No. 95 |

**INTRODUCTION**

This matter is pending before the court on the complaint by Dakota Energy Cooperative, Inc. (hereinafter "Dakota Energy") seeking to extricate itself from a wholesale power contract ("WPC") with East River Electric Power Cooperative, Inc. ("East River"). Docket No. 1-1 at pp. 2-12. East River removed this matter from South Dakota state court pursuant to 28 U.S.C.

§ 1442(a)(1), asserting that it acted under the direction of a federal officer. Docket No. 1 at pp. 2-3. Basin Electric Power Cooperative ("Basin") later intervened in the action. Docket Nos. 23 & 38. Now pending is a motion by East River and Basin to compel discovery from Dakota Energy regarding its letter of intent ("LOI") and common interest agreement ("CIA") with Guzman Energy LLC ("Guzman") as well as discovery regarding an April 2019 presentation made by Guzman to Dakota Energy. Docket No. 95. The parties have consented to this magistrate judge resolving that motion. Id.

## FACTS AND DISCUSSION

The district court issued an order bifurcating discovery in this case. All phase one discovery concerning the interpretation of the WPC is to be concluded by November 15, 2021. Docket No. 57. The district court set forth the subjects of discovery permissible during phase one as follows:

> a. The negotiation, execution, and decision by Dakota to enter into the 1995 WPC, the 2006 amendment to the WPC (extending the term to 2058), and the 2015 amendment to the WPC (extending the term to 2075);
>
> b. Communications with Guzman Energy or any other power supplier or marketer regarding a buyout, termination, or withdrawal right;
>
> c. Dakota's interpretation of the WPC;
>
> d. Any parole or other extrinsic evidence that Dakota believes supports its interpretation of the WPC and Bylaws as to the Phase One issues, including but not limited to such evidence Dakota claims is relevant to show course of dealing and/or custom and usage *between the parties as well as between East River and others with whom East River contracted where*

2

> *withdrawal from contracts for energy provided by East River was an issue*;
>
> e. Depositions of any expert witnesses designated by Dakota Energy.
>
> f. Discovery about the terms of becoming and terminating membership in East River.

Id. at pp. 2-3, ¶ 5; Docket No. 94 at p. 2 (emphasis added) (the italicized language was added by the district court on October 19, 2021 in Docket No. 94).

**1. LOI**

Dakota Energy entered into a LOI with Guzman on December 17, 2019.[1] That agreement discusses Dakota Energy's intent to try to extricate itself from its WPC with East River and what rights Dakota Energy and Guzman will have vis-à-vis each other if Dakota Energy is successful.  The district court's order specifically allows discovery in phase one of "[c]ommunications with Guzman Energy or any other power supplier or marketer regarding a buyout, termination, or withdrawal right."  The LOI is a "communication with Guzman Energy" and discusses Dakota Energy's "buyout, termination or withdrawal right."  Thus, the LOI is squarely within the permitted discovery under the district court's order.  East River and Basin's motion to compel deposition testimony and production of documents as to the LOI is granted.

---

[1] At this court's request, Dakota Energy submitted both the LOI and the CIA to this court for *in camera* review.  The court has reviewed both documents.

3

Dakota Energy asserts the LOI is protected by the common interest privilege. The LOI is a legal document, but it does not contain legal advice or facts related to a lawyer with the expectation of receiving legal advice. Just as a contract drafted by a lawyer is nevertheless discoverable, the court finds the LOI, although drafted by lawyers, is discoverable. The court notes that Dakota Energy publicly disclosed the fact that it had entered into a LOI with Guzman on its website.[2] On its website, Dakota Energy discusses other electric cooperatives that have successfully exited their agreements; those examples used by Dakota Energy were examples Guzman gave in its April 2019 presentation, discussed in more detail below. Compare web site from footnote 2, with Docket No. 95-7 at pp. 8-10, 13-14. The court holds the LOI is not privileged.

2.    **April 2019 Guzman Presentation**

Likewise, the presentation Guzman provided to Dakota Energy in April 2019 is discoverable. It was a communication between Guzman and Dakota Energy discussing at least in part Dakota Energy's multi-front approaches to exiting from the WPC with East River. Docket No. 95-7. This, too, is squarely within the topic allowed for discovery in phase one by the district court. East River and Basin's motion to compel deposition testimony or production of documents regarding this presentation is granted.

---

[2] See https://dakotaenergy.coop/transmitting-with-turth-with-dakota-energys-chad-felderman/, last checked November 3, 2021.

Although Dakota Energy asserts common interest privilege as to the April 2019 Guzman presentation, it has not carried its burden to demonstrate the communication was made between a client and his or her lawyer or the lawyer's employee with the expectation of giving or receiving legal advice.  See SDCL § 19-13-3 (elements of privilege); FED. R. CIV. P. 26(b)(5) (burden is on party asserting privilege to establish grounds therefore).  Dakota Energy does not assert that lawyers were even present at the presentation.  Furthermore, the presentation occurred in April 2019 while the CIA was not entered into until August 27, 2019.  Thus, the CIA did not provide a basis for asserting privilege for the Guzman presentation which occurred four months *before* the parties entered into the CIA.[3]  Finally, Dakota Energy itself has disclosed much of the information from the April 2019 Guzman presentation on its website.  See web site cited in footnote 2.  Thus, if the presentation was privileged at one time, Dakota Energy has waived the priviledge.

3. **CIA**

The CIA itself, however, is not discoverable.  It discusses the division of labor and cost between Dakota Energy and Guzman as to Dakota Energy's attempts to extricate itself from its WPC with East River and provisions for

---

[3] Dakota Energy does claim that the written CIA was preceded by an oral CIA. Docket No. 95-3 at p. 2.  Notably, Dakota Energy gives no date for the creation of the oral CIA.  Id.  Given the nature of Guzman's April 2019 presentation (it was clearly "pitching" itself to Dakota Energy), it is unlikely in the extreme that the parties had already entered into an oral CIA as of the date of that presentation.  In any case, it is Dakota Energy's burden to show the privilege applies.  FED. R. CIV. P. 26(b)(5).  By not stating the date the oral CIA was first entered into, Dakota Energy has failed to carry its burden.

sharing legal information while preserving the privilege for such information. The document does not specifically discuss the "buyout, termination or withdrawal right" of Dakota Energy. Discovery of discussions between Dakota Energy and Guzman are allowed under the district court's order *only* if those discussions involve the "buyout, termination or withdrawal right" of Dakota Energy. The CIA does not contain such discussions and, thus, the court finds the CIA is not discoverable. East River and Basin's motion to compel discovery as to the CIA is denied.

## CONCLUSION

Based on the foregoing the court grants in part and denies in part the motion to compel [Docket No. 95] by East River and Basin as described in more detail above. All discovery produced by Dakota Energy pursuant to this order is deemed confidential and is to be treated as such under the protective order [Docket No. 54] entered by the district court.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED November 3, 2021.

BY THE COURT:

*(signature)*

VERONICA L. DUFFY
United States Magistrate Judge