## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA ENERGY COOPERATIVE, INC.,<br><br>*Plaintiff/*<br>*Counter-Claim Defendant,*<br><br>v.<br><br>EAST RIVER ELECTRIC POWER COOPERATIVE, INC.,<br><br>*Defendant/*<br>*Counter-Claim Plaintiff/*<br>*Cross-Claim Defendant,*<br><br>and<br><br>BASIN ELECTRIC POWER COOPERATIVE,<br><br>*Intervenor-Defendant/*<br>*Counter-Claim Plaintiff/*<br>*Cross-Claim Plaintiff.* | Case 4:20-cv-04192-LLP<br><br>**DAKOTA ENERGY'S REPLY MEMORANDUM IN SUPPORT OF PARTIAL OBJECTION TO, AND APPEAL FROM, THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PARTIALLY GRANTING DEFENDANTS' MOTION TO COMPEL IN ECF NO. 97** |

## INTRODUCTION

Basin Electric and East River ("Defendants") have taken the position repeatedly that East River's Bylaws and its wholesale power contract ("WPC") with Dakota Energy unambiguously preclude Dakota Energy from terminating the WPC before the expiration of its term in 2075. (ECF No. 105, at n.1.) They say this case "should be decided on the parties' contracts alone." (*Id.*) And they have sought to limit Dakota Energy's discovery on the grounds that extrinsic evidence cannot be used to construe an unambiguous contract. (ECF No. 85, at 6 & n.3.) Recognizing that a party cannot claim a contract is unambiguous and simultaneously submit extrinsic evidence to support its "unambiguous" interpretation, this Court limited Defendants' discovery of Dakota

Energy's communications with Guzman Energy or other power suppliers to those that concern a buyout, termination, or withdrawal *right*. (ECF No. 57, at 5.) In other words, Defendants would be allowed to discover whether Dakota Energy, Guzman, or some other power supplier ever conceded that there was no withdrawal or termination right under the Bylaws or the WPC. Defendants, however, have managed to convince the Magistrate Judge that Phase I discovery for them includes any document or communication that touches on a buyout, termination or withdrawal, whether or not it in any way addresses the existence of a *right* to buy out, terminate or withdraw. Such a ruling is inconsistent with the plain language of this Court's Scheduling Order and provides the Defendants with a far broader scope of discovery than Dakota Energy received. Surely, the Court did not intend such an inequitable result, which would serve only to allow Defendants to discover the business and litigation strategies of a competitor, not obtain evidence to support their litigation position.

Defendants' Opposition offers only conclusory assertions of Phase I relevance, and it does not demonstrate that any of the questions that Mr. Felderman was instructed not to answer is within Phase I. The Letter of Intent, which we ask to submit *in camera*, likewise is outside the scope of Phase I discovery except for a single non-substantive sentence that quotes East River's Bylaw.

The Court should reverse the Magistrate Judge's clearly erroneous Report and restore consistency and fairness to the discovery process.

**ARGUMENT**

I. **THE COURT SHOULD REVERSE THE PORTION OF THE MAGISTRATE JUDGE'S REPORT ORDERING MR. FELDERMAN TO ANSWER OBJECTED-TO DEPOSITION QUESTIONS REGARDING THE APRIL 29, 2019, GUZMAN PRESENTATION.[1]**

Dakota Energy demonstrated that none of the Felderman deposition questions are within Phase I, yet many nevertheless were answered. (ECF No. 98, at 5-7.) Defendants could have asked Mr. Felderman if there were any discussions during the Guzman presentation regarding "a buyout, termination, or withdrawal right," but did not, choosing instead to pursue questions regarding legal and business strategies outside the Phase I discovery scope. (ECF No. 57, at 2, ¶ 5 b.)

Rather than addressing the deposition questions that actually were posed to Mr. Felderman, Defendants offer a general contention that any question about the Guzman presentation is within Phase I discovery because one page of the Guzman presentation refers to milestones for withdrawal. (ECF No. 105, at 8.) None of the milestone statements, however, refers to a "right" to a "buyout, termination, or withdrawal," and therefore *none* are within Phase I. If the statements themselves are not within Phase I, they cannot support an expansion of Phase I discovery to include communications that have nothing to do with the existence or non-existence of a right to withdraw. Dakota

---

[1] Defendants' Opposition advocates a hyper-technical and incorrect position regarding the scope of Dakota Energy's objection to the Magistrate Judge's Report. (ECF No. 105, at 3.) The court reviews "those portions of the report and recommendation which are the subject of objections." *Hazelrigg v. United States*, 2015 WL 5697356, at *1 (D.S.D. Sept. 26, 2015) (citing *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990)). Dakota Energy objected to the first two portions of the Report and Recommendation granting the motion to compel. It elected not to object *only* to that portion of the Report denying the "motion to compel production of the Common Interest Agreement between Guzman and Dakota Energy." (ECF No. 98, at 1-2.)

Energy presented the Court with the questions at issue. (ECF No. 98, at 5-7.) Defendants chose not to explain how those questions sought to elicit evidence within the scope of Phase I. Having declined to offer any specific explanation, the Court should conclude Defendants have none.

Defendants likewise offer no defense of the inconsistency between the Magistrate Judge's holding that communications between Dakota Energy and Guzman about "multi-front approaches" to accomplish withdrawal are discoverable, while communications between East River and Dakota Energy members about collusive efforts to force Dakota Energy's Board to dismiss this suit are not. (*Compare* ECF No. 97, at 4-5 *with* ECF No. 89, at 12.) The two holdings cannot be reconciled. Upholding the ECF No. 97 decisions would create a conflicting standard for Phase I discovery and allow the Defendants to discover extrinsic evidence they have argued is completely irrelevant to this Court's analysis, while precluding Dakota Energy from pursuing mirror image discovery.

Finally, Dakota Energy did not contend that the common interest privilege applied to the Guzman presentation document—that document was produced and used as an exhibit at the deposition. Magistrate Judge Duffy's Report did not address a single deposition question, but even if *every question at issue* sought unprivileged information, the Magistrate Judge should have denied the motion to compel because no question is within the scope of Phase I discovery.

The Court should set aside the portions of the Magistrate Judge's Report that compels Dakota Energy and Mr. Felderman to answer additional questions regarding the April 2019 Guzman presentation.

## II. THE COURT SHOULD REVERSE THE PORTION OF THE MAGISTRATE JUDGE'S ORDER ORDERING TESTIMONY AND PRODUCTION OF THE LETTER OF INTENT.

Dakota Energy has asked the Court to review the Letter of Intent *in camera* to determine whether it is within Phase I discovery and privileged. A review will demonstrate that, with the exception of one non-substantive sentence, nothing in the Letter is within the scope of Phase I discovery. It also will reveal that the Letter contains details of Dakota Energy's legal strategy that is within the attorney-client privilege and protected by the common interest privilege.

Defendants contend that the Letter is within Phase I discovery because one non-substantive sentence, a quotation of the withdrawal language in the Bylaw contract between the parties, is formally within Phase I discovery. Dakota Energy has agreed to produce a redacted version with that one sentence, but Defendants demand the entire Letter. Such a ruling would undermine the distinctions this Court created in Phase I discovery by requiring production of non-Phase I discovery.

Defendants also seek to demonstrate the Letter is within Phase I discovery by misrepresenting the Court's standard and Dakota Energy's statements regarding that standard. Defendants contend that Dakota Energy makes a "nonsensical argument" that "communications with Guzman about 'legal and business strategy to accomplish withdrawal' are somehow distinguishable from communications about 'withdrawal,'" and therefore outside the scope of Phase I discovery (ECF No. 105, at 12 (citing ECF No. 98 at 10-11).) This was not Dakota Energy's argument, as a review of the full quotation from its opening brief demonstrates. Dakota Energy argued that "[t]he Magistrate Judge erred in assuming that the **right** to withdraw was the same as discussions about a legal and business **strategy** to accomplish withdrawal, or a subsequent business

relationship." (ECF No. 98, at 10 (bold in original).) This Court's permissible scope of discovery does not require production of all communications about withdrawal or in any way related to withdrawal; it requires production of communications with Guzman "regarding a buyout, termination, or withdrawal **right.**" (ECF No. 57, at 2, ¶ 5 b (emphasis added).) Questions regarding a potential business relationship, the formation of the relationship, the terms of that relationship, potential business strategy, potential political strategy, potential legal strategy, potential public relations strategy, or potential "multi-front approaches" to accomplish withdrawal are not within Phase I discovery because they do not address the "right" to withdraw, buy out, or terminate the WPC.[2] The language of the Court's Order rebuts Defendants' argument.

   This Court's *in camera* review will find the Letter is not within Phase I discovery. If the Letter of Intent is not within Phase I discovery, it was error to order its production. Similarly, any related documents are not within Phase I, and it was error to order their production.

   A review of the Letter also will demonstrate that it memorializes discussions of legal strategy that are privileged. This apparently is what Defendants seek, because nothing in the document sheds any light on a right to withdraw. Defendants contend that the document cannot contain independently privileged information because "Guzman is not a party to the instant action; and Dakota and Guzman have no cognizable interest in common." (ECF No. 105, at 13.) This argument ignores that the two parties executed the Letter in December 2019, several months *after* they executed

---

[2] Magistrate Judge Duffy's order to produce this Letter also is contrary to her previous order that similar information related to East River's attempt to thwart withdrawal was not discoverable. (*Compare* ECF No. 97 *with* ECF No. 89, at 12.)

the written Common Interest and Confidentiality Agreement that Magistrate Judge Duffy held was not discoverable. Defendants' argument also ignores that "[t]he common interest doctrine does not 'require that both parties to the communications at issue be co-parties in litigation.'" *Am. Mgmt. Servs., LLC v. Dep't of the Army*, 703 F.3d 724, 733 (4th Cir. 2013) (citation omitted); *accord, e.g., Johnson Elec. N. Am., Inc. v. Mabuchi N. Am. Corp.*, 1996 WL 191590, at *4 (S.D.N.Y. Apr. 19, 1996). If the Court determines that Dakota Energy's legal strategy memorialized in the Letter is privileged, disclosing it to Guzman did not waive that privilege. *See Pucket v. Hot Springs Sch. Dist. No. 23-2*, 239 F.R.D. 572, 583-54 (D.S.D. 2006).

Defendants also ask the Court to "affirm Magistrate Judge Duffy's finding that any privilege that may have attached to the LOI was waived as a result of Dakota Energy 'publicly disclos[ing] the fact that it had entered into a LOI with Guzman on its website.'" (ECF No. 105, at 14, n. 14 (quoting ECF No. 97, at 4.)) Defendants' request misrepresents the content of Magistrate Judge Duffy's Order. She did not hold that Dakota Energy waived a privilege by disclosing *the existence* of a Letter of Intent on its website. She only "note[d] that Dakota Energy publicly disclosed the fact that it had entered into a LOI with Guzman on its website." (ECF No. No. 97, at 4.) The Court cannot affirm a waiver holding that wasn't made. Further, disclosing the *existence* of the Letter of Intent cannot waive any privilege regarding its substantive *contents*, as Magistrate Judge Duffy specifically held in denying Dakota Energy's motion to compel. *See* ECF No. 89, at 11; *see also Parneros v. Barnes & Noble, Inc.,* 332 F.R.D. 482, 500 (S.D.N.Y. 2019) ("Because the July 3, 2018, press release does not disclose the substance of counsel's advice, but rather only discloses the fact of counsel's consultation, there was no waiver based on the inclusion of the statement in the press release"); *Chubb*

*Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 63 (D.D.C. 1984) ("We will deem a document 'disclosed' where defendant has learned the 'gist' of the document's contents"). Further still, if Dakota Energy waived applicable privileges by disclosing the existence of the Guzman Letter of Intent, then plainly defense counsel wrongly instructed witnesses not to answer questions about the Basin February 2019 Board Resolution, in which Basin announced that its inside and outside counsel had advised the Board that the contracts with Class A members and between Class C and Class A members "do not contain any provision permitting the Member to buy-out." *See* Exhibit A, attached.

## **CONCLUSION**

In sum and for the reasons explained, Dakota Energy respectfully asks the Court to (1) set aside the portions of the Magistrate Judge's Report (ECF No. 97, at 4-5) compelling Dakota Energy and Mr. Felderman to answer additional questions regarding the April 2019 Guzman presentation on which he was previously questioned at the deposition, and (2) set aside the portions of the Magistrate Judge's Report (*id.*, at 3-4) granting Defendants motion to compel production of the Letter of Intent, related documents, and ordering deposition testimony regarding the content of the Letter of Intent. Such discovery is outside the scope of Phase I, invades the attorney/client and common interest privileges, and is entirely irrelevant to Defendants' claim that the parties' contracts unambiguously preclude withdrawal prior to 2075.

Dated:   December 3, 2021.                  Respectfully submitted,

                                                        SCHOENBECK LAW, PC


/s/ Lee Schoenbeck
Lee Schoenbeck
Joseph Erickson
P.O. Box 1325
Redlin Art Center
1200 Mickelson Dr., #310
Watertown, SD 57201
Telephone:   605.886.0010
Facsimile:   605.886.0011
Email:  lee@schoenbecklaw.com
        joe@schoenbecklaw.com

and

WHEELER TRIGG O'DONNELL LLP

Peter W. Herzog III (*pro hac vice*)
Joel S. Neckers (*pro hac vice*)
Webster C. Cash, III (*pro hac vice*)
Matthew H. Jasilli (*pro hac vice*)
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:  pherzog@wtotrial.com
        neckers@wtotrial.com
        cash@wtotrial.com
        jasilli@wtotrial.com

Attorneys for Plaintiff/Counter-Claim Defendant Dakota Energy Cooperative, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on December 3, 2021, I electronically filed the foregoing **DAKOTA ENERGY'S REPLY MEMORANDUM IN SUPPORT OF PARTIAL OBJECTION TO, AND APPEAL FROM, THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PARTIALLY GRANTING DEFENDANTS' MOTION TO COMPEL IN ECF NO. 97** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

The following are those who are currently on the list to receive e-mail notices for this case.

- **Webster C. Cash, III**
  cash@wtotrial.com, geiwitz@wtotrial.com

- **J. Peter Coll, Jr**
  pcoll@orrick.com, nymao@orrick.com

- **Jonathan A. Direnfeld**
  jdirenfeld@orrick.com, nymao@orrick.com

- **Joseph B. Erickson**
  joe@schoenbecklaw.com, jerickson14417@gmail.com

- **Peter W. Herzog**
  pherzog@wtotrial.com, licausi@wtotrial.com

- **Matthew H. Jasilli**
  jasilli@wtotrial.com

- **Matthew D. LaBrie**
  mlabrie@orrick.com, nymao@orrick.com, casestream@ecf.courtdrive.com

- **Tracey K. Ledbetter**
  traceyledbetter@eversheds-sutherland.com, betzhandmaker@eversheds-sutherland.com

- **Michael L. Luce**
  mluce@lynnjackson.com, mschmitt@lynnjackson.com

- **Meredith A. Moore**
  meredithm@cutlerlawfirm.com, deanneu@cutlerlawfirm.com

- **Joel S. Neckers**
  neckers@wtotrial.com, licausi@wtotrial.com

- **James A. Orr**
  jamesorr@eversheds-sutherland.com

- **Dana Van Beek Palmer**
  dpalmer@lynnjackson.com, alangerock@lynnjackson.com

- **R. Alan Peterson**
  rpeterson@lynnjackson.com, alangerock@lynnjackson.com, akneip@lynnjackson.com

- **Lee A. Schoenbeck**
  lee@schoenbecklaw.com, joe@schoenbecklaw.com, jen@schoenbecklaw.com, karen@schoenbecklaw.com

                                                    /s/ Lee Schoenbeck